# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **ARRAIGNMENT AND PLEA MINUTES** |
| v. | |
| **MARCUS HUTCHINS** | CASE NUMBER **17-CR-124** |

| | |
|---|---|
| HONORABLE **WILLIAM E. DUFFIN**, presiding | Court Reporter: FTR Gold |
| Deputy Clerk: **Mary Murawski** | Hearing Began: 10:00:49 |
| Hearing Held: **August 14, 2017 at 10:00 AM** | Hearing Ended: 10:16:11 |

**Appearances:**

UNITED STATES OF AMERICA by: **Michael Chmelar**
MARCUS HUTCHINS, in person, and by: **Brian Klein and Marcia Hofmann**  ☐ CJA  ☐ FDS  ☑ RET
U.S. PROBATION OFFICE by: **Rebecca Capstick**
INTERPRETER:  ☑ None  ☐ Sworn

☑ Original Indictment  ☐ Superseding Indictment  ☐ Information  ☐ Misdemeanor  ☑ Felony

| | | | |
|---|---|---|---|
| Speedy Trial Date: | October 23, 2017 | District Judge: | J.P. Stadtmueller |
| Plea Deadline: | October 10, 2017 | Magistrate Judge: | Nancy Joseph |
| Final Pretrial Report | October 12, 2017 by 2:00 PM | Motions Due: | August 29, 2017 |
| Final Pretrial Conf.: | October 17, 2017 at 8:30 AM | Responses Due: | September 8, 2017 |
| Jury Trial Date: | October 23, 2017 at 8:30 AM | Replies Due: | September 13, 2017 |
| Trial Length Estimate: | 1 week | | |

☑ Defendant advised of rights
☐ Court orders counsel appointed
  ☐ Defendant to reimburse at $ Amount per month
☑ Defendant advised of charges, penalties, and fines
☑ Copy of indictment received by defendant
  ☐ Indictment read  ☐ defendant waives reading
☑ Not guilty plea entered by:
  ☑ defendant  ☐ the court

☑ Open file policy applies
  Discovery available: Once Protective Order is in place govt will turn over discovery.
☐ Court discussed availability for incarcerated defendants
☑ Government to disclose grand jury materials one day prior to trial
☐ Case designated complex
☐ Scheduling conference:

  before Magistrate Judge  Nancy Joseph

Maximum Penalties:  **Cts: 1-5**:  5 years   $250,000   3 years   $100;  **Ct 6:**  10 years   $250,000   3 years   $100

COURT advises deft of his right to have a consulate from the country he resides notified of the arrest and charges.

GOVT:  Spoke to counsel this morning and would like to work on an agreed protective order.  Once Protective Order entered Judge Joseph, will send out discovery.  This morning govt produced recorded audio of Mr. Hutchin's post-arrest statement to the FBI and 2 recorded calls from Mr. Hutchins.

COURT understands bond was addressed at defendant's initial appearance in Las Vegas, NV.

ATTORNEY KLEIN spoke to the government and Pretrial Services this morning and believe they came to an agreement to modify his conditions.
- Defense seeks deft to reside in the U.K. or Los Angeles ("L.A."). Attorney Klein's office is in L.A. and Attorney Hofmann's office is in San Francisco. Neither Pretrial or government object to that.
- Deft be permitted to continue his work as a cyber security researcher and expert. Neither the government nor Pretrial object to this, but for one caveat, he not be able to have access to the WannaCry SinkHole. Defense has no objection to this.
- Defense counsel is requesting to appear by phone for a status conference to discuss discovery in 45 days.
- Deft be permitted computer access, except for the one caveat. Parties are agreeable.
- Deft on GPS monitoring. After a term of compliance, would like it lifted. Defense will work with the government and Pretrial on this.

GOVT objects to deft traveling back to the U.K.
- No objection deft residing in L.A. Do not have residence to place him, so would like deft to continue on GPS monitoring. After some period of compliance, if PTS determines GPS is no longer necessary, govt would have no objection.
- Did discuss coming back before the court to seek a complex designation.
- Deft's attorneys came into the case last night, haven't received any discovery, spoke to them about materials to be produced, nature of the case. Parties will address this with Judge Joseph and Judge Stadtmueller. Govt understands parties will need to get approval from Judge Joseph to have a telephone status conference with her.
- Have no objection to deft working and having access to a computer, but no access to WannaCry Sinkhole.

DEFENSE is residing at a hotel in Milwaukee. Pretrial Services in Nevada will send his passport to Pretrial Services in Milwaukee. In order for him to travel to L.A. he needs to have a DHS officer go with him to the airport with his passport so he can board his flight. Deft will secure a residence/hotel with the approval of Pretrial Services.

COURT will go along with the joint recommendation. Court will impose the same conditions previously imposed by the Magistrate Judge in Nevada. Court will add the follow modifications: Deft be allowed to reside in L.A.; allowed to continue his work. Deft can have access to a computer for work and personal use, with the one caveat he is not to have access to WannaCry Sinkhole. Continue on GPS monitoring. It will be up to PTS in LA to determine if GPS can be removed. No travel restrictions, other than deft shall not travel outside the U.S. Deft to reside at a half-way house is also removed. Report to PTS in L.A.

All future bond issues should be addressed to this court.

**Marcus Hutchins** 17-CR-124

**Bond Status:**
- ☐ Defendant is ordered detained pending trial. *See* Order of Detention Pending Trial
- ☐ Court orders federal detainer
- ☐ Defendant is ordered temporarily detained for a maximum of: ☐ 3 days ☐ 5 days ☐ 10 days
  Detention Hearing set for: _____
- ☑ Bond continued with modifications by Judge Duffin.
- ☐ Detention continued as previously set
- ☐ Defendant is released on: ☐ O/R bond ☐ Unsecured bond in the amount of: Amount
  ☐ Bond secured by: ☐ Cash ☐ Property ☐ Cash/Property
  ☐ *See* Conditions of Release, below ☐ *See* Order Setting Conditions of Release

**Conditions of Release:**
- ☐ Report to Pretrial Services as directed in CA
- ☐ Execute appearance bond:
  - ☐ Cash only Amount
  - ☐ Property only: Value Amount  Location: Location of Property
  - ☐ Post property/cash with court    ☐ Approval of AUSA required prior to posting
- ☐ Maintain/seek employment
- ☐ Surrender passport to: Passport to be held by
- ☐ Obtain no passport
- ☐ Travel restricted to: ☐ EDWI ☐ Other
- ☐ No direct or indirect contact with Description:
- ☐ Undergo medical/psychiatric treatment: Description
- ☐ No firearms/weapons
- ☐ Alcohol: ☐ No excessive use ☐ No alcohol
- ☐ No use or illegal possession of narcotic drugs/controlled substances, unless prescribed by a physician or other licensed medical practitioner
- ☐ Testing for drugs/alcohol    ☐ Pay cost as directed by Pretrial Services
- ☐ Inpatient/outpatient drug treatment program    ☐ Pay cost as directed by Pretrial Services
- ☐ Location Restriction:
  - ☐ Curfew: ☐ as directed by USPO; or ☐ from: Curfew begin and end times
  - ☐ Home detention with restriction to residence at all times except for employment; education; religious services; medical, substance abuse or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by USPO
  - ☐ Home incarceration with 24-hour-a-day lockdown at residence except for medical necessities and court appearances or other activities specifically approved by the court
- ☐ Submit to location monitoring as directed    ☐ Pay cost as directed by Pretrial Services

- ☐
- ☐
- ☐

**MARCUS HUTCHINS**  **17-CR-124**  *USA v. HUTCHINS*
**Benjamin Proctor, AUSA**  **August 14, 2017 at 10:00 AM**
**Adrian Lobo, Defense Counsel**
**Rule 5 Hearing in Nevada - Released on $30,000 Bond**

ARRAIGNMENT AND PLEA — FELONY

1. Did the defendant receive a copy of the **6 COUNT** indictment returned by the grand jury on **July 11, 2017?**

2. Advise the defendant of rights. If the defendant appears without counsel, consider the appointment of counsel (obtain financial information).

3. The AUSA should read indictment or inform defendant of substance of charge(s), unless waived, and should state the maximum possible penalty to which the defendant is exposed.

4. If two or more defendants are represented by same attorney, discuss the right to separate representation pursuant to rule 44 (c).

5. In accordance with the Speedy Trial Act, the defendant's trial is to commence no later than: **October 23, 2017**
   ☒ original indictment;  ☐ superseding indictment
   Computed from date of  ☒ first appearance  ☐ indictment (§ 3161(c)(1) or (d)(1))

6. Have defendant enter a plea. If defendant appears without counsel, enter a not guilty plea on defendant's behalf.

7. Assigned Judge: **J.P. Stadtmueller**; Assigned Magistrate Judge: **Nancy Joseph**

8. Plea Deadline: **October 10, 2017**; Final Pretrial Report due: **October 12, 2017 by 2:00 PM**

9. Pretrial Conference: **October 17, 2017 at 8:30 AM**; Trial Date: **October 23, 2017 at 8:30 AM**.
   Gov't estimate of length: _____ . *Defendant to be present at both Pretrial Conference and Trial*.

   a. Ask AUSA if open file policy applies. Advise that under Criminal L.R. 12.1(a)(3), open file discovery materials are to be made available within 5 days of arraignment. The time for filing motions and briefs is as follows: Motions due **August 29, 2017**; Responses due **September 8, 2017**; Replies due **September 13, 2017**.

   b. **Remind counsel that motions pertaining to bail must be addressed through the magistrate judge in this district who set bail or issued the order of detention**.

   c. If case is designated "Complex" under Criminal L.R. 12.1(a)(1), a scheduling conference to discuss pretrial processing will be conducted before **Magistrate Judge Nancy Joseph** on .

10. Order that the government disclose to the defense appropriate grand jury materials no later than one (1) business day before the commencement of the trial.

11. Conditions of Release (or continue release or detention order previously set). If defendant has not been interviewed by pretrial services, direct that interview be conducted after hearing. If initial appearance and AUSA requests detention, set hearing for _____ .

12. Send defendant to Marshal's Office (Room 038) for processing if this is defendant's first appearance.

# UNITED STATES DISTRICT COURT
for the

Eastern District of Wisconsin

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. 17-CR-124 |
| | ) | |
| MARCUS HUTCHINS | ) | |
| *Defendant* | ) | |

## ORDER OF TEMPORARY DETENTION AND
## ORDER SCHEDULING A DETENTION HEARING

A detention hearing in this case is scheduled as follows:

| | |
|---|---|
| PLACE:<br>U.S. District Court<br>517 E. Wisconsin Ave.<br>Milwaukee, Wisconsin<br><br>BEFORE:<br>Magistrate Judge William E. Duffin | Courtroom No.: 242 |
| | Date and Time: |

**IT IS ORDERED:** Pending the hearing, the defendant is to be detained in the custody of the United States Marshal or any other authorized officer. The custodian must bring the defendant to the hearing at the date, time, and place set forth above.

Date: August 14, 2017

*Judge's signature*

William E. Duffin, U.S. Magistrate Judge
*Printed name and title*

# UNITED STATES DISTRICT COURT
for the

Eastern District of Wisconsin

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No. 17-CR-124 |
| ) | |
| MARCUS HUTCHINS ) | |
| *Defendant* ) | |

**ORDER TO DETAIN A DEFENDANT TEMPORARILY UNDER 18 U.S.C. § 3142(d)**

At the time of the alleged offense, the defendant was not a United States citizen or a person lawfully admitted for permanent residence, or, alternatively, the defendant was on release pending trial for a state or federal felony; on release after conviction for any type of offense, state or federal; or on probation or parole. This Court finds that the defendant, if released, may flee or pose a danger to another person or the community.

**IT IS ORDERED:** The defendant must be detained temporarily under 18 U.S.C. § 3142(d) until _____

The attorney for the government is directed to notify the appropriate court, probation or parole officer, state or local law enforcement officer, or the United States Citizenship and Immigration Services so that a detainer may be placed on the defendant or custody may be transferred. If no action is taken by the above date, the defendant must be brought before this Court on that date for further proceedings.

Date: August 14, 2017

*Judge's signature*

William E. Duffin, U.S. Magistrate Judge

*Printed name and title*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                         Plaintiff,

v.

MARCUS HUTCHINS,

                         Defendant.

**PRETRIAL ORDER**

Case No. 17-CR-124

In accordance with the Federal Rules of Criminal Procedure and the Criminal Local Rules for the United States District Court for the Eastern District of Wisconsin, IT IS ORDERED that as part of the pretrial proceedings in this case the parties shall comply with the following motion practice:

1. All motions, together with supporting documents, shall be filed by: **August 29, 2017;**
   Opposing memorandum shall be filed by: **September 8, 2017;**
   Any reply shall be filed by: **September 13, 2017.**

   a. Each motion shall be filed separately, although the moving party may file one memorandum in support of multiple motions.
   b. The length of any legal memorandum shall be in accordance with Civil L.R. 7(f).
   c. Any discovery motion under Fed. R. Crim. P. 16(a) or 16(b) must be accompanied by the statement required by Criminal L.R. 16(b).
   d. No motions to adopt or join in a motion of a co-defendant will be permitted without prior approval of the court for good cause shown.

2. a. If either party files a motion seeking an evidentiary hearing, Criminal L.R. 12(c) applies and the movant is not required to file a supporting memorandum of law with the motion. (*See* Criminal L.R. 12(b)(5)).
   b. If a motion seeks an evidentiary hearing, the movant shall provide in the motion:
      (1) a short, plain statement of the principal legal issue or issues at stake and specific grounds for relief in the motion;
      (2) after a conference with the non-moving party, a description of the material disputed facts that the movant claims require an evidentiary hearing; and
      (3) an estimate of the in-court time necessary for the hearing.
   c. The non-moving party may file a response opposing an evidentiary hearing within 3 days after filing of a movant's motion seeking an evidentiary hearing. The non-movant's response shall include a short, plain statement of why that party believes that an evidentiary hearing is unnecessary. (*See* Criminal L.R. 12(c)).

3. All motions pertaining to bail (e.g. motions for reduction of bail, modifications of conditions of release, and reconsideration of detention orders) shall be addressed to the magistrate judge in this district who set bail or issued the order of detention. A copy of the motion shall either be delivered directly or faxed to that magistrate judge's chambers.

4. In all cases, counsel are to provide paper copies of all motions and supporting documentation directly to the magistrate judge's chambers. Such copies are to be clearly marked "COPY" on the first page of each document submitted.

Dated: August 14, 2017, at Milwaukee, Wisconsin.

                                                                       s/ *Nancy Joseph*
                                                                     UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
for the

Eastern District of Wisconsin

| United States of America | ) | |
| --- | --- | --- |
| v. | ) | Case No. 17-CR-124 |
| | ) | |
| MARCUS HUTCHINS | ) | |
| | ) | |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate federal, state, or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

(3) The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number

(4) The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at: _____
*(Place)*

on _____
*(Date and Time)*

If blank, defendant will be notified of next appearance.

(5) The defendant must sign an Appearance Bond, if ordered.

# ADDITIONAL CONDITIONS OF RELEASE

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

☐ (6) The defendant is placed in the custody of:
Person or organization _____
Address *(only if above is an organization)* _____
City and State _____ Tel. No. _____

who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: _____     _____
*Custodian*                                      *Date*

☐ (7) The defendant must:
  ☐ (a) submit to supervision by and report for supervision to the _____
       telephone number _____ , no later than _____
  ☐ (b) continue or actively seek employment
  ☐ (c) continue or start an education program
  ☐ (d) surrender any passport to: _____
  ☐ (e) not obtain a passport or other international travel document
  ☐ (f) abide by the following restrictions on personal association, residence, or travel: _____
  ☐ (g) avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including: _____
  ☐ (h) get medical or psychiatric treatment: _____
  ☐ (i) return to custody each _____ at _____ o'clock after being released at _____ o'clock for employment, schooling, or the following purposes: _____
  ☐ (j) maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary
  ☐ (k) not possess a firearm, destructive device, or other weapon
  ☐ (l) not use alcohol  ☐ at all  ☐ excessively
  ☐ (m) not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner
  ☐ (n) submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.
  ☐ (o) participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer
  ☐ (p) participate in one of the following location restriction programs and comply with its requirements as directed
    ☐ (i) **Curfew**: You are restricted to your residence every day ☐ from _____ to _____ , or ☐ as directed by the pretrial services office or supervising officer; or
    ☐ (ii) **Home Detention**: You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer; or
    ☐ (iii) **Home Incarceration**: You are restricted to 24-hour-a-day lockdown at your residence except for medical necessities and court appearances or other activities specifically approved by the court
  ☐ (q) submit to location monitoring as directed by the pretrial services office or supervising officer and comply with all of the program requirements and instructions provided
    ☐ You must pay all or part of the cost of the program based on your ability to pay as determined by the pretrial services office or supervising officer
  ☐ (r) Report, as soon as possible, to the pretrial services office or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops
  ☐ (s) _____

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more—you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years—you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony—you will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor—you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgement of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
*Defendant's Signature*

_____
*City and State*

### Directions to the United States Marshal

☐ The defendant is ORDERED released after processing.
☐ The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: August 14, 2017

_____
*Judicial Officer's Signature*

William E. Duffin, U.S. Magistrate Judge
*Printed Name and Title*

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL SERVICE   U.S. ATTORNEY   U.S. MARSHAL



**EASTERN DISTRICT OF WISCONSIN**

Counties: (1) Florence, (2) Forest, (3) Marinette, (4) Langlade, (5) Menominee, (6) Oconto, (7) Shawano, (8) Door, (9) Waupaca, (10) Outagamie, (11) Brown, (12) Kewaunee, (13) Waushara, (14) Winnebago, (15) Calumet, (16) Manitowoc, (17) Marquette, (18) Green Lake, (19) Fond du Lac, (20) Sheboygan, (21) Dodge, (22) Washington, (23) Ozaukee, (24) Waukesha, (25) Milwaukee, (26) Walworth, (27) Racine, (28) Kenosha