UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WISCONSIN

----------------------------------------------------------------

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) Case No. CR 17-124 |
| | ) Milwaukee, Wisconsin |
| vs. | ) |
| | ) August 14, 2017 |
| MARCUS HUTCHINS, | ) 10:00 a.m. |
| | ) |
| Defendant. | ) |

----------------------------------------------------------------

**TRANSCRIPT OF ARRAIGNMENT & PLEA HEARING**
BEFORE THE HONORABLE WILLIAM E. DUFFIN
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff
UNITED STATES OF AMERICA:          **Michael J Chmelar**
                                   United States Department of
                                   Justice (ED-WI)
                                   Office of the US Attorney
                                   517 E Wisconsin Ave - Rm 530
                                   Milwaukee, WI 53202
                                   414-297-1728
                                   Email: michael.chmelar@usdoj.gov

For the Defendant
MARCUS HUTCHINS:                   **Brian E Klein**
(Present)                          Baker Marquart LLP
                                   2029 Century Park E - Ste 1600
                                   Los Angeles, CA 90067
                                   424-652-7800
                                   Fax: 424-652-7878
                                   Email: bklein@bakermarquart.com


U.S. Official Transcriber:    JOHN T. SCHINDHELM, RMR, CRR,
Transcript Orders:            WWW.JOHNSCHINDHELM.COM

Proceedings recorded by electronic recording,
transcript produced by computer aided transcription.

1

```
APPEARANCES CONT'D:

                                    Marcia C Hofmann
                                    Zeitgeist Law PC
                                    25 Taylor St
                                    San Francisco, CA 94102
                                    415-830-6664
                                    Email: marcia@zeitgeist.law


U.S. Probation Office:              REBECCA L. CAPSTICK - 414-297-1918
```

1              TRANSCRIPT OF PROCEEDINGS

2          Transcribed From Audio Recording

3                  *    *    *

4          THE CLERK:  Judge Duffin is present for the United

5    States of America vs. Marcus Hutchins, Case No. 17-CR-124, here

6    for arraignment and plea hearing.  May I have the appearances,

7    please, first by the government?

8          MR. CHMELAR:  Good morning, Judge.  Michael Chmelar on

9    behalf of the United States.

10         THE COURT:  Good morning, Mr. Chmelar.

11         THE CLERK:  For Probation?

12         PROBATION OFFICER:  Rebecca Capstick with the United

13   States Pretrial Services.

14         THE COURT:  Good morning.

15         MR. KLEIN:  Good morning, Your Honor.  Brian Klein for

16   Mr. Hutchins.  I have not filed my notice of appearance yet, but

17   I will.

18         THE COURT:  Okay.

19         MS. HOFMANN:  Good morning, Your Honor.  Marsha

20   Hoffman here on behalf of the defendant Mr. Hutchins.  I also --

21   [Inaudible].

22         THE COURT:  All right.  Well, good morning to you all.

23         Mr. Hutchins, you're here today because the grand

24   jury, on July 11th, 2017, returned a six-count indictment

25   charging you with a violation of federal law.

1    Since this is your first appearance in this court, I'm

2  going to advise you, as I advise all defendants who appear here,

3  of certain rights that they have here in federal court.

4    First, you have the right to remain silent, which

5  means exactly what it says.  No one can force you to make a

6  statement about these charges to law enforcement authorities or

7  to anybody else.  What's important for you to understand is if

8  you waive your right to remain silent, anything you say, any

9  statement that you give can be used against you.  Do you

10  understand your right to remain silent?

11    THE DEFENDANT:  I do.

12    THE COURT:  You also have a right to be represented by

13  an attorney during all stages of these proceedings including

14  during any questioning by law enforcement authorities.  If you

15  can't afford an attorney one will be appointed to represent you.

16  Do you understand your right to an attorney?

17    THE DEFENDANT:  I do.

18    THE COURT:  And if you're not a U.S. citizen you may

19  request an attorney for the government, for a federal law

20  enforcement official to notify a consular officer from your

21  country that you've been arrested.  Okay?

22    Counsel, Mr. Klein and Ms. Hoffman, have you and

23  Mr. Hutchins received a copy of the indictment?

24    MR. KLEIN:  Yes, Your Honor, we have.

25    THE COURT:  All right.  I'm going to ask Mr. Chmelar,

4

1    the prosecutor, to just briefly review the nature of the charges

2    set forth in the indictment and the maximum penalties that you

3    face if you're found guilty of those charges.

4            MR. CHMELAR:  Your Honor, as you mentioned,

5    Mr. Hutchins is charged in a six-count indictment.

6            Count 1 alleges conspiracy in violation of Title 18

7    U.S.C. 371, conspiring to violate the Section 1030 of Chapter

8    18 -- or Title 18.

9            He's also charged in Counts 2, 3, 4 and 5 with

10   violations of the Wiretap Act, and Count 6 with an attempt to

11   violate Section 1030 of Title 18.

12           Counts 1-5 carry a maximum term of imprisonment of

13   5 years, $250,000 fine and 3 years of supervised release.  Each

14   count of conviction also requires a special assessment of $100

15   be paid.

16           Count 6 carries a maximum term of imprisonment of

17   10 years, a $250,000 fine, 3 years of supervised release, and a

18   hundred-dollar special assessment to be paid upon conviction.

19           THE COURT:  Okay.  Those are the nature of the charges

20   and the potential penalties that you face if you're found guilty

21   of those charges.

22           The Speedy Trial Act provides that any trial in this

23   matter shall commence no later than October 23rd, 2017, subject

24   to excludable time.

25           Mr. Klein or Ms. Hoffman, would one of you enter a

1    plea on behalf of Mr. Hutchins?

2              MR. KLEIN:  Not guilty, Your Honor.

3              THE COURT:  Okay.  This matter has been assigned to

4    District Judge J.P. Stadtmueller for purposes of trial, who has

5    set the following schedule:

6              Plea deadline of October 10th, 2017.

7              Final pretrial report is due by October 12th, 2017, by

8    2 p.m.

9              Pretrial conference on October 17th, 2017, at 8:30

10   a.m., with a trial scheduled to begin on October 23rd, 2017, at

11   8:30 a.m.

12             What's the government's estimate for the length of any

13   trial?

14             MR. CHMELAR:  One week.

15             THE COURT:  This matter has been assigned to

16   Magistrate Judge Nancy Joseph to assist in the pretrial

17   processing of this case.

18             Any pretrial motions that are going to be filed must

19   be filed by August 29th, 2017.

20             Any responses to any pretrial motions that are filed

21   must be filed by September 8th, 2017.

22             And any replies in support of any pretrial motions

23   that are filed must be filed by September 13th, 2017.

24             Will the government be following its open file policy?

25             MR. CHMELAR:  We will.

6

1        THE COURT:  And when does the government expect to

2    provide the defendant with discovery?

3        MR. CHMELAR:  I spoke with counsel prior to court

4    today, Judge, we were going to work on an agreed protective

5    order to govern discovery in the case.  Once that's -- and I

6    don't think there'd be any objection from the defense about

7    that.  They just need to see a copy of that and we'll file it

8    with Judge Joseph.  Once that takes place we're prepared to

9    produce discovery.

10        This morning I produced recorded audio of

11    Mr. Hutchins' post-arrest statement to the FBI and two

12    additional recorded calls from Mr. Hutchins.  And then we'll be

13    rolling out discovery shortly after the protective order is

14    entered.

15        THE COURT:  Okay.  Now, I know Mr. Hutchins appeared

16    in court in Nevada and bond was addressed at that time.  Is

17    there anything else that the government wants to raise or the

18    defense wants to raise at this point related to bond or

19    detention matters?

20        MR. KLEIN:  Yes, Your Honor.  We'd like to address

21    some issues there.  We've talked to both the government and

22    pretrial this morning about conditions and I think we've reached

23    agreement on some new conditions, some modifications we'd like

24    to present to Your Honor.

25        THE COURT:  Okay.  Let me just one -- before you do,

1    one more thing.

2         Appropriate grand jury materials are to be disclosed

3    not later than one business day before the commencement of

4    trial.

5         So go ahead, Mr. Klein.

6         MR. KLEIN:  Yes, Your Honor.  We would seek

7    Mr. Hutchins' release to the UK.  Short of that, Mr. Hutchins

8    would like to reside in Los Angeles pending his trial.  Both the

9    government and pretrial don't object.  That's where my offices

10   are so he would be close to his attorney.  Ms. Hoffman is in

11   San Francisco, she would be able to get to LA very easily, of

12   course, from there.  Neither pretrial or the government object

13   to that.

14        We'd also ask that Mr. Hutchins be able to be

15   permitted to continue his work which before he was a

16   cybersecurity researcher and expert.  Neither pretrial or the

17   government object to that with one caveat: that he not be

18   permitted access to the WannaCry SinkHole.  We are agreeable to

19   that.

20        And so the other conditions we discussed modifying

21   this morning were us being permitted to appear by phone.  We

22   discussed having a status conference with the assigned

23   magistrate judge in 45 days and that we be permitted to appear

24   by phone for that from Los Angeles.

25        And then the other condition: that he be permitted

8

1    computer access.  His job involved computer access.  Both

2    pretrial and the government are agreeable to permitting him to

3    have computer access and lifting the prior conditions with the

4    caveat I mentioned before, Your Honor.

5            THE COURT:  So that caveat was no access to what was

6    it you said?

7            MR. KLEIN:  The WannaCry SinkHole.  Two words you

8    probably never heard in this courtroom before, Your Honor.

9            THE COURT:  All right.  Is there anything else?

10           MR. KLEIN:  The other thing was we discussed -- right

11   now he's on GPS monitoring.  We discussed that after a term of

12   compliance that GPS monitoring would be lifted.  We will work

13   with pretrial and the government on when that would be and we

14   will report back to the assigned magistrate judge.

15           THE COURT:  Okay.  Mr. Chmelar, anything you want to

16   add?

17           MR. CHMELAR:  Right.  I spoke -- as counsel mentioned,

18   we spoke before court about it.  So the government objects to

19   the defendant being allowed to travel back to the United

20   Kingdom.  We don't have any objection to Mr. Hutchins residing

21   in Los Angeles.  As his counsel mentioned, his office is there.

22   I think it would be best for both of them to be able to work

23   together on the case.  So it makes sense from the government's

24   perspective that he be located there.

25           They don't have a location yet set for that.  So until

1  that's determined we'd ask that he continue to be on GPS

2  monitoring.  After some period of compliance if Pretrial

3  Services determines that GPS monitoring is no longer necessary

4  then we can come back before the court.  And if that is their

5  opinion based on a longer term of compliance, we would likely

6  support that recommendation.

7  We did discuss coming back before the court, which

8  is -- I know you gave us a list of dates from Judge Stadtmueller

9  based on the speedy trial date that this case should be moved

10  forward for trial.  His attorneys came into the case I think

11  yesterday, late last night.  They haven't received any discovery

12  yesterday.  I spoke to them about the materials to be produced

13  and the nature of the case.

14  I did not designate this case complex upon indictment,

15  but I think we would seek that designation.  I'm not sure,

16  Your Honor, if we would seek that from you or we would arrange

17  something with Magistrate Judge Joseph to have that designation

18  put in place and to exclude time under that theory.

19  THE COURT:  That's an issue you should bring up with

20  Judge Joseph and probably also with Judge Stadtmueller.

21  MR. CHMELAR:  Very well.  I can arrange with counsel a

22  conference call with Judge Joseph's chambers to work on that.

23  THE COURT:  And also, she's who you should request the

24  right to appear by telephone.

25  MR. CHMELAR:  Right.

10

1    THE COURT:  That's something you'll have to bring up

2  with her.  Anything else, Mr. Chmelar?

3    MR. CHMELAR:  No.  Just on the comments about his

4  employment, his access to computers.  Our case is a historical

5  case.  He has been working, based on my knowledge, for a network

6  security company.  We don't oppose his ability to work so that

7  requires him to have access to a computer and to the Internet.

8  And I think all the parties are in agreement that he -- that

9  condition be allowed if he does not have access to the Sinkhole

10  or the database that we were discussing earlier, the Wanna --

11  associated with the WannaCry ransomware.

12    THE COURT:  Okay.  So tell me, where is -- until he's

13  got a place to actually land in LA, where is he going to be?

14    MR. KLEIN:  Your Honor, we discussed this this morning

15  also.  Right now he's residing at a hotel here in town.  His

16  passport is being mailed to pretrial and for him to travel he

17  needs to have a DHS official go with him to the airport with his

18  passport so he can board a flight.  So when pretrial gets his

19  passport, we talked to the government and pretrial about this,

20  he will then make arrangements to fly to Los Angeles.  In Los

21  Angeles he will secure a residence or a hotel approved by

22  pretrial and look for a more permanent place, again, approved by

23  pretrial.

24    THE COURT:  Okay.

25    MR. KLEIN:  We talked about this this morning.

11

1          THE COURT:  Anything further from pretrial?

2          PROBATION OFFICER:  No, Your Honor.

3          THE COURT:  All right.  Well, I will go along with the

4    joint recommendation of the parties and impose the same

5    conditions that were previously imposed by the magistrate judge

6    in Nevada, Magistrate Judge Koppe or Koppe with the following

7    modifications:

8          Mr. Hutchins will be allowed to reside in Los Angeles.

9          He'll be allowed to continue his work which will

10   require computer access.  And that will be acceptable with the

11   caveat that he'll have no access to this ransomware WannaCry

12   SinkHole.

13         The GPS monitoring.  I'm assuming that once he's

14   living in Los Angeles he'll be monitored by the Pretrial

15   Services --

16         PROBATION OFFICER:  Yes, Your Honor.

17         THE COURT:  -- unit out in LA.

18         PROBATION OFFICER:  Yes.

19         THE COURT:  And it will be up to them to decide if --

20   the time at which he's been sufficiently compliant that they

21   can -- they feel comfortable lifting the GPS monitoring, but

22   that will be up to them.

23         MR. KLEIN:  I think just to be clarified --

24         THE COURT:  Okay.

25         MR. KLEIN:  -- the computer access would be for his

12

1  work, but also just in general he would have computer access; he

2  just couldn't access the WannaCry SinkHole.

3         THE COURT:  Okay.  And that's acceptable to

4  Mr. Chmelar?

5         MR. CHMELAR:  It's acceptable to the government.

6         THE COURT:  All right.  Then that will be -- computer

7  access will not be limited to work as long as we have the same

8  caveat for work and non-work purposes.

9         PROBATION OFFICER:  Your Honor --

10        THE COURT:  Anything else from the government?

11        MR. CHMELAR:  One other thing I did think of.  He was

12 limited to traveling to the Eastern District of Wisconsin and

13 whatever district Las Vegas -- District of Nevada, I'm not sure

14 if they have it separated -- but if he's going to be traveling

15 to LA we might want to expand his ability to travel there and

16 then once -- again, once he settles there we'd probably seek a

17 travel restriction through Judge Joseph based on wherever he

18 settles.

19        THE COURT:  Let me ask, do you need a travel

20 restriction as long as he stays in the United States?

21        MR. KLEIN:  Your Honor, we don't think we do and we'd

22 ask just no travel restriction.  It would be easier for

23 everybody, as long as he stays in the U.S.

24        MR. CHMELAR:  That's fine.  He's not -- we have his

25 passport and his travel document.  If that's not surrender -- if

13

1    it's not coming back to him then we have no objection to that.

2            THE COURT:  I'll just say he shall not travel outside

3    the United States.

4            MR. CHMELAR:  Fine.  Thank you, Judge.

5            PROBATION OFFICER:  Your Honor --

6            THE COURT:  Yes.

7            PROBATION OFFICER:  -- the District of Nevada had

8    ordered the halfway house placement also.  Can you --

9            THE COURT:  Remove that?

10           PROBATION OFFICER:  -- remove that condition?

11           THE COURT:  Yes.  That condition doesn't make sense

12   anymore at this point.

13           PROBATION OFFICER:  Correct.

14           THE COURT:  See if there's any other -- well,

15   obviously the report to U.S. Pretrial Services office in Nevada

16   doesn't apply anymore.  So he'll report to the Pretrial Service

17   office in Los Angeles?

18           PROBATION OFFICER:  Correct, once he's approved.

19           THE COURT:  Okay.  I guess those are the only other --

20   those are the only conditions that need to be changed.

21           Anything else from the defense?

22           MR. KLEIN:  No, Your Honor.

23           THE COURT:  And if there are any future bond issues

24   those come to me rather than Judge Joseph.

25           MR. CHMELAR:  Okay.

14

1       MR. KLEIN:  Thank you, Your Honor.

2       THE COURT:  Anything else from pretrial?

3       PROBATION OFFICER:  No, Your Honor.

4       THE COURT:  All right, then we have concluded.

5  Thanks, everybody.

6       MR. CHMELAR:  Thank you, Judge.

7       THE CLERK:  All rise.

8       (Hearing concluded at 10:16 a.m.)

9                      *     *     *

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

C E R T I F I C A T E

        I, JOHN T. SCHINDHELM, RMR, CRR, Official Court Reporter and Transcriptionist for the United States District Court for the Eastern District of Wisconsin, do hereby certify that the foregoing pages are a true and accurate transcription of the audio file provided in the aforementioned matter to the best of my skill and ability.

Signed and Certified August 17, 2017.

/s/John T. Schindhelm

John T. Schindhelm

John T. Schindhelm, RPR, RMR, CRR
United States Official Reporter
517 E Wisconsin Ave., Rm 236,
Milwaukee, WI 53202
Website: WWW.JOHNSCHINDHELM.COM

