UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                              Case No. 17-CR-124

MARCUS HUTCHINS,

        Defendant.

**MOTION TO RECONSIDER AND AMEND CONDITIONS OF RELEASE**

The United States of America by its attorneys, Gregory J. Haanstad, United States Attorney, and Michael Chmelar and Benjamin Proctor, Assistant United States Attorneys, file this motion to reconsider the modification of defendant Marcus Hutchins's conditions of release ordered by this Court on August 24, 2017 (Document 18). The August 24, 2017 order removed the condition of home confinement and placed Mr. Hutchins on a curfew, with no limitation on his travel in the United States. As explained below, Mr. Hutchins is a foreign national with no ties to the United States and his current conditions of bond increase the likelihood of his nonappearance in this matter.

**I.    Background and Conditions of Bond**

On July 11, 2017, a federal grand jury returned a six-count indictment that charged Mr. Hutchins with one count of conspiracy to commit computer fraud and abuse, three counts of distributing and advertising an electronic communication interception device, one count of endeavoring to intercept electronic communications, and one count of attempting to access a computer without authorization.

Mr. Hutchins was arrested as he was preparing to board an out-bound flight from Las Vegas to the U.K. After his arrest on August 2, 2017, Mr. Hutchins had a removal hearing in the U.S. District Court for Nevada. The initial bond study in the U.S. District Court for Nevada recommended Mr. Hutchins be detained based on his lack of ties to the United States. (Document 7). Ultimately, Mr. Hutchins was placed on home confinement at a halfway house and required to surrender his passport, among satisfying other bond conditions. (Document 7).

As this Court knows, Mr. Hutchins is a citizen and resident of the U.K. He has no family in the United States. Mr. Hutchins does not own any property in the United States. Mr. Hutchins is employed by a business located in Los Angeles, CA, but he apparently works remotely, as he did from the U.K. prior to his arrest. It is fair to say his conditions of bond are the only things securing his presence in the U.S.

On August 14, 2017, Mr. Hutchins was arraigned and pleaded not guilty to charges in this case. At that same hearing, the conditions of Mr. Hutchins's release were discussed and modified by the Court, with the agreement of the parties. Mr. Hutchins was left under home confinement, but he was allowed access to a computer, phone, and internet. It was also ordered that Mr. Hutchins's travel was limited to the continental U.S., as opposed the Los Angeles and the Eastern District of Wisconsin.

The next day, on August 15, 2017, the U.S. Probation Office asked the government if it would object to Mr. Hutchins being placed on a curfew instead of home confinement. This despite the fact that we had just completed a review his bond conditions with the Court the day before and that fact that Mr. Hutchins was still in Milwaukee and had not yet identified a place to live in Los Angeles. In response, the government stated that it would not support such a request at that time.

On August 22, 2017, the U.S. Probation Office again asked the government to agree to have Mr. Hutchins placed on a curfew instead of home confinement. In response to our inquiry as to why the request to place Mr. Hutchins on a curfew was being made, the government was told that Mr. Hutchins is only being allowed out of his temporary residence for four hours a week, which the Pretrial Office thought was unfair. Specifically, the Pretrial Office stated, "because Mr. Hutchins is on [home] detention, works from home (when he works), has no family here, no doctors, no anything here . . . doesn't really have any other business to take care of here . . . [he is] essentially [under] home incarceration rather than home detention."

On August 24, 2017, without notice to the government, the Pretrial Office filed a petition with the Court, in which it asked the Court to eliminate the bond condition of home confinement for Mr. Hutchins and place him a curfew. The difference being that on a curfew, Mr. Hutchins would no longer need to contact the seek approval before he left his residence. Instead, on a curfew, Mr. Hutchins could leave his residence without notice or justification, so long as he returned to his residence at the designated curfew time, in this case 9:00 p.m. This Court granted that request. (Document 18).

**II.     Argument**

The conditions of release for Mr. Hutchins should not be amended because they have been successful in meeting the goals of 18 U.S.C. § 3142. According to his pre-trial service officer, Mr. Hutchins has not had "any violations and [is] in constant communication with . . . the Pretrial Office." By all accounts, the current conditions of release are working and nothing justifies altering those conditions at this time.

According to the Pretrial Office, they "[do not] think placing him on a curfew status is going to make him become more of a flight risk . . . ." Nevertheless, the current bond conditions

certainly afford him a greater opportunity to leave the country. That is an undeniable fact, because the current conditions greatly reduce the ability to identify any attempt to the leave the U.S. For example, under home confinement, if Mr. Hutchins left his residence without approval or traveled to a location that was not approved, it would be an immediate signal to Pretrial Office that there was a potential problem. Under the combined conditions of release as order on August 14 and August 24, 2017, Mr. Hutchins could leave his residence at 6:00 a.m. travel anywhere in the U.S., including to the U.S./Mexican border without raising any concerns, until 9:00 p.m. when/if he failed to return to his temporary residence.

      The Pretrial Office discounts the government's concerns about placing Mr. Hutchins on a curfew by relying on the fact that he surrendered his passport. While that may limit his ability to board a flight, people frequently cross U.S. borders without a passport.

Therefore, the United States respectfully asks this Court to reconsider its decision to place Mr. Hutchins on curfew and deny that request at this time. In the alternative, while preserving our right to appeal a decision to place Mr. Hutchins on a curfew, the times of the curfew should be reduced and the Court's order granting Mr. Hutchins the ability to travel throughout the U.S. should be revoked. Additionally, Mr. Hutchins travel should be limited to a specific geographic area, like the boundaries of the City of Los Angeles.

Dated at Milwaukee, Wisconsin this 25th day of August, 2017.

    Respectfully submitted,
    GREGORY J. HAANSTAD
    United States Attorney

By: */s/ Michael Chmelar*
    Michael Chmelar
    Assistant United States Attorney
    United States Attorney's Office
    Eastern District of Wisconsin
    517 East Wisconsin Avenue
    Milwaukee, Wisconsin 53202
    Telephone: (414) 297-1728
    Fax: (414) 297-1738