UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

UNITED STATES OF AMERICA,
    Plaintiff,

   v.             Case No. 17-CR-124

MARCUS HUTCHINS,
    Defendant.
_____

**DEFENDANT MARCUS HUTCHINS' OPPOSITION TO MOTION TO RECONSIDER AND AMEND CONDITIONS OF RELEASE**

_____

  The Court should deny the government's motion to reconsider and amend conditions of release of defendant Marcus Hutchins. Mr. Hutchins is not a flight risk. The government's motion is premised on an incomplete recitation of the facts and the government's failure to account for its own statements to the Court. The facts establish that Mr. Hutchins should be, at a minimum, placed on a curfew. Mr. Hutchins has been in full compliance with his pretrial release conditions, which the government acknowledges, and Pretrial Services is in agreement that he should be on curfew, which is part of its policy that defendants should be placed on the least restrictive conditions that will still ensure their appearance.

  18 U.S.C. § 3142 "does not seek ironclad guarantees, and the requirement that the conditions of release 'reasonably assure' a defendant's appearance cannot be read to require guarantees against flight." United States v. Chen, 820 F.Supp. 1205, 1208 (N.D.Cal.1992) (citing United States v. Portes, 786 F.2d 758, 764 n. 7 (7th Cir. 1985).

1

1. Additional Facts Relevant to the Court's Consideration

The government's recitation of the facts in its "Background and Conditions of Bond" is materially incomplete. The government fails to note the following pertinent facts that undercut its own arguments and help demonstrate Mr. Hutchins is not a flight risk:

   a. Following his arrest, Mr. Hutchins flew from Las Vegas to Milwaukee to attend his August 14, 2017 arraignment with the approval of Pretrial Services and consistent with his pretrial release conditions. He flew unaccompanied by anyone from law enforcement or Pretrial Services. Mr. Hutchins arrived in Milwaukee, established contact with the local Pretrial Service office, and attended his arraignment.

   b. At Mr. Hutchins' arraignment and plea hearing, counsel for the government asked that Mr. Hutchins continue on GPS monitoring, but noted that <u>after some period of compliance, if Pretrial Services determines GPS is no longer necessary, the government would likely support that recommendation</u>. (Transcript at 10:2-6.) Counsel for the government also stated the government was "fine" with no travel restrictions within the United States as long as Pretrial Services had Mr. Hutchins' passport and travel document. (Transcript at 13:24-25.)

   c. Following his arraignment, and with the approval of Pretrial Services and consistent with his pretrial release conditions, Mr. Hutchins flew from Milwaukee to Los Angeles. He was unaccompanied by anyone from law enforcement or Pretrial Services, and he changed planes in Minneapolis. Mr. Hutchins arrived in Los Angeles and established contact with the local Pretrial Service office

**2. Marcus Hutchins is Not a Flight Risk**

Mr. Hutchins is not a flight risk, and at a minimum, he should be placed on curfew. As it stands, while in Los Angeles, he is only permitted four hours of essential leave per week with 24-hour advance approval from Pretrial Services required. Thus, he is only permitted four hours a week to perform basic life maintenance tasks such as shop for groceries and go to the bank.

The government's motion is premised on facts known to the Court when it signed the order permitting Mr. Hutchins to be on a curfew on August 24, 2017. Namely, that Mr. Hutchins is a citizen of the United Kingdom with no ties to the United States. (<u>See</u> Mot. at 2.) That will

2

never change.  But Mr. Hutchins' ongoing full compliance with his pretrial release conditions shows that those conditions should be loosened.

The government's position is undercut by its own statements at Mr. Hutchins' arraignment on August 14.  At the arraignment, counsel for the government indicated that the government would likely support the discontinuance of GPS monitoring after a period of compliance if Pretrial Services recommended it.  (Transcript at 10:2-6.)  If the government is willing to support GPS monitoring being removed if Pretrial Services deems it appropriate (a much more significant loosening of conditions), it is inexplicable that the government now opposes a simple curfew that Pretrial Services is recommending.  This is particularly true because Mr. Hutchins will still be on GPS monitoring, and his has demonstrated compliance with his existing pretrial release conditions in significant ways (*e.g.*, flying unaccompanied throughout the United States).

Importantly, while the government's motion expresses concern that Mr. Hutchins might have a greater opportunity to leave the country if he is placed on curfew, the government does not even mention the fact that Mr. Hutchins' movements are currently monitored via GPS. "Courts have recognized that electronic monitoring is an effective means of deterring flight." <u>United States v. Chavez-Rivas</u>, 536 F. Supp.2d 962, 969 (E.D. Wis. 2008), citing <u>United States v. O'Brien</u>, 895 F.2d 810, 815-16 (1st Cir.1990).  GPS monitoring will still be in place when Mr. Hutchins is on curfew.  Furthermore, Mr. Hutchins does not have his passport.  Pretrial Services holds it.  Any ability that Mr. Hutchins could have to flee the country is severely curtailed by these two existing conditions.

The government also argues that the current conditions are "successful," so there is no need to modify them.  (<u>See</u> Mot. at 3.)  This argument should be rejected.  The government is

essentially saying that because Mr. Hutchins has been compliant, nothing should change. Such a rigid and unforgiving rule would mean a compliant defendant should never has his or her conditions loosened, and is also unjust and inconsistent with the tenets of pretrial release. As the Court is aware, pretrial release conditions are often modified and loosened after a period of compliance.

The government further claims that Mr. Hutchins' "conditions of bond are the only things securing his presence in the U.S." (See Mot. at 2.) Not true. The government overlooks the important fact that Mr. Hutchins has pleaded not guilty and intends to defend himself vigorously against the charges. Mr. Hutchins is a 23-year-old man who is already a worldwide hero as a result of his vital role in stopping the WannaCry ransomware. He has an incredibly bright future in front of him, and he does not intend to throw everything away by fleeing.

If the Court is going to place geographic restrictions on Mr. Hutchins while he is on curfew, he should be restricted to the jurisdiction of the United States District Court for the Central District of California (which does not border Mexico). He should not be restricted to the City of Los Angeles (which has jagged boundary lines that even native Angelenos often do not know). For the Court's convenience, a map of the City of Los Angeles and the jurisdiction of the United States District Court for the Central District of California are attached as Exhibit A.

As for the government's proposal to limit the times of curfew, the defense understands that 6 a.m. to 9 p.m. are the standard times. There is no reason to deviate in this instance.

Nor is there any cause to revoke Mr. Hutchins' ability to travel throughout the United States, as the government suggests in its motion (which is inconsistent with what it stated at the arraignment). During his curfew times, Mr. Hutchins could travel throughout the jurisdiction of the Central District of California, which is why that area is proposed. But he could not, for

4

example, board a bus to New York City at 6 a.m. and get back in time to meet his curfew. Mr. Hutchins would be agreeable to a restriction that he cannot go any airports in the jurisdiction of the Central District of California without prior approval from Pretrial Services.

***

For all the above reasons, the Court should deny the government's motion to reconsider and amend conditions of release of defendant Marcus Hutchins.

Dated: August 25, 2017 /s/ Brian E. Klein
_____
BRIAN E. KLEIN
Baker Marquart LLP

/s/ Marcia Hofmann
_____
MARCIA HOFMANN
Zeitgeist Law

*Attorneys for Marcus Hutchins*