UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

   v.                             Case No. 17-CR-124

MARCUS HUTCHINS,

          Defendant.

## ORDER

Marcus Hutchins appeared in this court on August 14, 2017, for an arraignment and plea. At that time he was ordered released on home detention. (ECF No. 8.) A person who is subject to home detention is ordinarily allowed to leave his home for work, but because Hutchins works from home, he has been confined to his home since his release except for "essential leave," which is limited to four hours per week.

Due to his compliance with the conditions of release, on August 24, 2017, the court approved the petition of United States Pretrial Services to reduce the supervision of Hutchins to curfew. (ECF No. 18.) The government sought to stay this change in supervision. (ECF No. 19.) The court granted that request but ordered the government to submit a motion to amend the conditions of his release no later than 11:00 AM on

August 25, 2017. (ECF No. 20.) The government has now done so. (ECF No. 21.) Hutchins has responded. (ECF No. 22.)

The government argues that Hutchins, a British citizen with no family ties to the United States who was arrested while in the United States for a conference, is a flight risk. It argues that reducing his supervision to curfew increases the risk of flight. The government contends, "The conditions of release for Mr. Hutchins should not be amended because they have been successful in meeting the goals of 18 U.S.C. § 3142." (ECF No. 21 at 3.)

In making that argument, the government overlooks what those goals are. Except when charged with certain especially serious offenses (and Hutchins is not charged with such an offense), the expectation is that a defendant will be released on his own recognizance or on an unsecured property bond pending trial. 18 U.S.C. § 3142(b). Only if the court finds that such generally unrestricted release "will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community" may the court impose additional conditions. 18 U.S.C. § 3142(c)(1). And then the court may only impose "the *least restrictive* further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community …." 18 U.S.C. § 3142(c)(1)(B) (emphasis added).

The government also overlooks certain significant facts relevant to Hutchins's release. First, he was released on a $30,000 cash bond. Should he flee, that bond would be forfeited. Second, he has been wholly compliant with the conditions of his release, one of which was that he surrender his passport. Following his arrest in Las Vegas he flew from Las Vegas to Milwaukee (unaccompanied by law enforcement or a representative from pretrial services), where he spent the weekend without the supervision of law enforcement or pretrial services. He subsequently appeared in court here as required. He then flew to Los Angeles (apparently changing planes in Minneapolis), again unaccompanied by law enforcement or anyone from pretrial services. Upon his arrival in Los Angeles, he reported to pretrial services as required. Since then, he has been compliant with the conditions of his release. Finally, Hutchins is on GPS monitoring. Should he attempt to leave the country (which would be a challenge, but obviously not impossible, without a passport), his movements will be monitored. Pretrial Services is able to track his location at any time and would be immediately notified if Hutchins attempted to remove his GPS monitor.

Finally, what happened here was discussed at Hutchins' arraignment. Not only did the government say it was fine with no travel restrictions within the continental United States as long as Hutchins' passport and travel document were surrendered, it also agreed that, if pretrial services determined that GPS monitoring was no longer necessary, the government would likely support a recommendation that such a

condition be removed. A defendant's compliance with conditions of release while on electronic monitoring routinely leads to a reduction in the defendant's level of supervision. Such a practice ensures that the court is complying with Bail Reform Act's mandate that it impose the least restrictive conditions necessary. Thus, despite the government's insinuation that it was somehow improper that pretrial services acted "without notice to the government" (ECF No. 21 at 3), it was entirely routine.

The court acknowledges that there is a possibility that Hutchins might flee. But that is a risk inherent in every case where a defendant is released pending trial. The Bail Reform Act does not impose an obligation upon courts to craft conditions of release with an aim toward guaranteeing that a defendant will appear. *See United States v. Portes*, 786 F.2d 758, 764 n.7 (7th Cir. 1985) ("The conditions need not guarantee appearance but they must reasonably assure appearance."); *United States v. Orta*, 760 F.2d 887, 889 (8th Cir. 1985) (en banc) ("[T]he district court erred in interpreting the 'reasonably assure' standard set forth in the statute as a requirement that release conditions 'guarantee' community safety and the defendant's appearance. Such an interpretation contradicts both the framework and the intent of the pretrial release and detention provision of the 1984 Act."). Rather, the court may impose only the least restrictive conditions necessary to *reasonably* assure a defendant's appearance.

The court finds that, given the facts of this case, as discussed at the hearing on August 14, 2017 (ECF Nos. 8, 16) and in the bond study (ECF No. 7), as well as

4

Hutchins's conduct while on release and the recommendation of pretrial services, a reduction to curfew status is wholly appropriate. And, frankly, if Hutchins continues to comply with the conditions of his release, he can expect that the court will further expand the amount of time he may be outside his residence. By the same token, if he fails to comply with his conditions, he should expect that the court will decrease his freedom.

**IT IS THEREFORE ORDERED** that the government's motion to modify Hutchins's conditions of release (ECF No. 21) is **denied**. The court's previously imposed stay is vacated. Hutchins is permitted to be out of his residence between the hours of 6:00 AM and 9:00 PM, subject to the other conditions previously imposed by the court.

Dated at Milwaukee, Wisconsin this 25th day of August, 2017.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge