UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes and Order

| | |
|---|---|
| DATE: | August 30, 2017 |
| JUDGE: | Pamela Pepper for Joseph P. Stadtmueller |
| CASE NO: | 2017-cr-124 |
| CASE NAME: | United States of America v. Marcus Hutchins |
| NATURE OF HEARING: | 1. Motion to stay |
| | 2. Motion to revoke bond conditions |
| APPEARANCES: | Michael Chmelar – Attorney for the government |
| | Marcia Hofmann – Attorney for the defendant |
| | Brian Klein – Attorney for the defendant |
| | Marcus Hutchins – Defendant |
| | Rebecca Capstick – US Probation |
| | Jennifer Morgan – US Probation |
| COURTROOM DEPUTY: | Kristine Wrobel |
| TIME: | 10:18 a.m. – 11:01 a.m. |

The court explained to the parties that it was hearing these motions because Judge Stadtmueller was involved in a trial. The court explained that it had reviewed the file and the orders Magistrate Judge Duffin had issued. The court recounted that in the current motions, the government was asking the district court to stay Judge Duffin's August 25th order modifying the conditions of the defendant's bond to allow the defendant to be on curfew status rather than on home confinement. The government also asked the district court to reverse Judge Duffin's decision granting curfew status. In the alternative, the government that if this court chose not to continue the defendant on home confinement, it restrict the defendant's travel to the boundaries of Los Angeles, California, and order the defendant to be restricted to his residence from 6 p.m. to 6 a.m.

Counsel for the government acknowledged that the defendant had been compliant with the home detention condition, but noted that he'd been subject to that condition for only one week. He argued that by seeking to replace home confinement with curfew, the pretrial services department was rewarding the defendant for being compliant for a total of only a week. Counsel argued that before Judge Duffin had agreed to the curfew status, the defense should have been required to provide proof that the defendant was not a flight risk and that he was not a danger to the community. He argued that the defendant was not a United States citizen, that he had no family in the US or ties here, and that he was accused of committing cybercrimes, which posed serious risks to the community. Counsel reiterated the request that the court reverse Judge Duffin's order placing the defendant on curfew status, or if it was not inclined to reverse the order, restrict the defendant's travel to the Los Angeles area and require him to be on location monitoring, with a restriction to his residence from 6:00 p.m. to 6:00 a.m.

1

Counsel for the defendant explained that, in the time since the defendant had been placed on home confinement, he had secured an apartment with a six-month lease. He had surrendered his passport. Counsel argued that everyone wanted the defendant to appear for court hearings—including the defendant, who planned to vigorously contest the charges—and asserted that the defendant was the one who stood to lose everything if he did not appear. Counsel explained that, because the defendant worked from his home, placing him on home confinement was the equivalent of detaining him twenty-four hours a day. Counsel asked the court to allow Judge Duffin's order placing the defendant on curfew status to stand.

The court agreed that the defendant was different from other defendants placed on home confinement, because he worked from home. This meant that he was imprisoned in his home for all but a few hours of each week. The court pointed out that the defendant did not have a car, that he had turned over his passport, that he was a young man with little need to see a doctor regularly, and that he did not have known drug or alcohol addictions which would require him to attend treatment session. The result, for this particular defendant, was that home detention became punitive, rather than a condition which might prevent him from fleeing or protect the community. The court also found that the crime with which the defendant had been charged was one that he could commit anywhere—including from his own home. Requiring him to spend all of his time in his home would not guarantee that he would not commit cybercrimes. For these reasons, the court found that Judge Duffin's August 25, 2017 order reducing the defendant's supervised release conditions from home confinement to curfew was reasonable. The court denied the government's motion to stay, and declined its request that it reverse Judge Duffin's decision.

The court modified the defendant's bond to include the condition that he observe a curfew status; in this case, he had to be in his residence from 9 p.m. to 6 a.m. If there are occasions on which the defendant needs to meet with his defense counsel, and the travel time would make it impossible for him to be home by 9:00 p.m., he may ask his probation officer for permission to return home after curfew. All other conditions of bond remain in effect.

The court **GRANTS** the government's motion to stay pending review of the government's motion to revoke under 18 U.S.C. §3145. Dkt. No. 24.

The court **DENIES** the government's motion to revoke the order amending conditions of release under 18 U.S.C. §3145. Dkt. No. 25.

Dated in Milwaukee, Wisconsin this 30th day of August, 2017.

        **BY THE COURT:**

        **HON. PAMELA PEPPER**
        **United States District Judge**