# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

       Plaintiff,

                                Case No. 17-CR-124

    v.

MARCUS HUTCHINS,

       Defendant.

---

## DEFENDANT MARCUS HUTCHINS' MOTION TO
## MODIFY CONDITIONS OF RELEASE PURSUANT TO 18 U.S.C. § 3145

---

Defendant Marcus Hutchins moves to modify his conditions of release pursuant to 18 U.S.C. § 3145. Specifically, he asks that this Court no longer require him to be subject to (1) a curfew and (2) GPS monitoring. Mr. Hutchins has been in full compliance with his conditions of release, and Pretrial Services, which will continue to hold his passport, supports these modifications (although the government does not).

Pursuant to the Bail Reform Act, Mr. Hutchins should be subject to the least restrictive conditions that will ensure his appearance. His conditions have already been loosened multiple times and he remains in good standing. Mr. Hutchins has proved he is not a flight risk and deserves more freedom while awaiting trial. The requested modifications are consistent with this Court's finding that if Mr. Hutchins abides by his conditions of release, the Court may "further expand the amount of time he may be outside his residence." (ECF No. 23 at 5.)

***

The defense does not request a hearing on this motion. Should this Court decide to hold one, the defense requests that it be permitted to participate by telephone, as defense counsel and Mr. Hutchins are in California.

## I.     BACKGROUND AND CONDITIONS OF RELEASE

Mr. Hutchins is a 23-year-old citizen of the United Kingdom and a worldwide hero due to his assistance stopping the WannaCry ransomware attack in May 2017. He was arrested in Las Vegas on August 2, 2017 on the pending indictment. He was released on a $30,000 cash bond, put on home detention at a halfway house, required to surrender his passport, and placed on GPS monitoring. (ECF No. 7.) He then flew from Las Vegas to Milwaukee unaccompanied by law enforcement or a representative of Pretrial Services. He appeared in this Court for arraignment on August 14, 2017, at which he pleaded not guilty to the charges. (ECF No. 8.)

On August 14, this Court modified Mr. Hutchins' release conditions with the support of Pretrial Services and the government, the latter of which has characterized the case against him as "historical." (Aug. 14 Tr. 11:4) (attached as Exhibit A). Mr. Hutchins was left on home detention and GPS monitoring but permitted to access the internet. This Court also permitted him to establish a residence in Los Angeles and travel within the United States, although Pretrial Services would continue to hold his passport. (Aug. 14 Tr. 12:3-14:3.) The government stated during the hearing that if Pretrial Services determined that GPS monitoring was no longer necessary, it would likely support a recommendation that the condition be removed. (Aug. 14 Tr. 10:2-6.) The government later reversed its position. (ECF No. 25 at 6.)

After his arraignment, Mr. Hutchins flew from Milwaukee to Los Angeles, changing planes in Detroit—again unaccompanied by law enforcement or a representative of Pretrial

Services. He reported to the local pretrial office upon arrival in Los Angeles. He has since established a residence with a six-month lease as he awaits trial.

Due to Mr. Hutchins' ongoing compliance with his release conditions, Pretrial Services filed a petition on August 24, 2017, asking this Court to place Mr. Hutchins on curfew rather than continue home detention—the terms of which permitted him to leave his home for only four hours a week. This Court granted the petition. (ECF No. 18.) In response, the government filed a motion to revoke and amend the Court's order, arguing that Mr. Hutchins is a flight risk and his release conditions "should not be amended because they have been successful in meeting the goals of 18 U.S.C. § 3142." (ECF No. 21 at 3.)

This Court denied the motion, finding that the government's argument "overlooks . . . the goals" of the Bail Reform Act. (ECF No. 23.) Emphasizing that a defendant should be subject to the least restrictive conditions necessary to reasonably assure his appearance, this Court found that a curfew was "wholly appropriate." (ECF No. 23 at 5.) This Court also said that if Mr. Hutchins continued to comply with the conditions of his release, it was likely to "further expand the amount of time he may be outside his residence." (ECF No. 23 at 5.)

The government then filed a motion to stay the order (ECF No. 23) and asked the District Court to revoke Mr. Hutchins' curfew. (ECF No. 24). At an August 30, 2017 hearing, the Honorable Pamela Pepper upheld this Court's order, finding that home detention would be "punitive" in Mr. Hutchins' circumstances. (Aug. 30 Tr. 25:18) (attached as Exhibit B).

Since then, Mr. Hutchins has continued to comply with his conditions of release, and he traveled to a major city on the East Coast for a few days in September. So that he could catch his early-morning flights, Pretrial Services and the government agreed, with this Court's approval, that his curfew could be suspended for the duration of his travel. During that trip—through no

fault of his own—Mr. Hutchins' GPS unit refused to take a battery charge and as a result became non-functional. Pretrial Services was alerted to this issue. Mr. Hutchins, of course, did not attempt to flee the country when the GPS unit failed. He simply abided by the rest of his release conditions while on the trip and returned home to Los Angeles as scheduled, where he was fitted with a working GPS unit.

## II.    LEGAL STANDARD

Under the Bail Reform Act, unless a defendant is charged with particular serious offenses—none of which are charged here—he will generally be released on his own recognizance or on an unsecured property bond pending trial. 18 U.S.C. § 3142(b). A court may impose additional conditions on release only if necessary to "reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community[.]" 18 U.S.C. § 3142(c)(1).

If a court finds that additional release conditions are necessary, it should impose "the *least restrictive* further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(c)(1)(B) (emphasis added).

## III.    ARGUMENT

Consistent with the Bail Reform Act, this Court should modify Mr. Hutchins' conditions of release so that he is no longer subject to a curfew or GPS monitoring. He is not a flight risk, and modifying his conditions is utterly appropriate under the circumstances.

### A.  Mr. Hutchins Should No Longer Be on Curfew.

Mr. Hutchins should no longer be required to stay in his residence between the hours of 9:00 p.m. and 6:00 a.m. This restriction is neither necessary nor appropriate. Mr. Hutchins is

trying to build a life in Los Angeles, and being restricted to his home during certain hours—particularly during the evening—makes it harder for him to establish ties to the community. This condition also interferes with his ability to travel within the United States, which this Court has explicitly permitted him to do. Indeed, when he flew to a major East Coast city last month, the Court approved the suspension of his curfew because he needed to leave his home and hotel before 6 a.m. to board each of his flights to the opposite coast. Mr. Hutchins complied with his other terms of release during that trip and he did not flee, obviously, when he was not on curfew (and his GPS unit was not working). These are strong indications that lifting his curfew will not have any negative consequences.

Provided that Mr. Hutchins continues to comply with the conditions of his release, this Court has already said that it would likely be appropriate to "further expand the amount of time he may be outside his residence." (ECF No. 23 at 5.) Mr. Hutchins has done just what this Court has asked, and more freedom would be appropriate under the circumstances. This Court should modify the conditions of release so that Mr. Hutchins is no longer on a curfew.

### B. Mr. Hutchins Should No Longer Be Subject to GPS Monitoring.

GPS monitoring is not necessary to secure Mr. Hutchins' appearance. He has shown through a strong record of compliance, among other things, that he is not a flight risk. Notably, he has taken numerous flights within the United States—including one with a connection in Detroit, right on the Canadian border—and has not attempted to flee. Even when his GPS unit failed during his trip last month, he met his other conditions and, upon his return to Los Angeles, was fitted with a GPS unit that properly functioned. Mr. Hutchins' remaining conditions of release should be sufficient to address any lingering concerns about flight risk: Pretrial Services

continues to hold his passport, and his presence in the United States is also secured by a $30,000 cash bond.

In light of Mr. Hutchins' record of compliance with his conditions of release, GPS monitoring is an unduly burdensome restriction. The unit requires up to two hours of charging every day. During this time, Mr. Hutchins' movement is completely restricted: he is essentially glued to a wall in his apartment next to the charger. Keeping the GPS unit in working order affects Mr. Hutchins' ability to go about his life on a day-to-day basis.

GPS monitoring also creates unnecessary complications when Mr. Hutchins travels. Pretrial Services has informed the defense that the GPS units used in the Central District of California are equipped to connect to a cellular network, and that functionality cannot be switched off. As a result, those GPS units cannot operate on planes without violating FAA regulations. When Mr. Hutchins flies on a plane, he must travel with a GPS unit provided by Pretrial Services in Milwaukee, which functions in a different way and can operate during a flight. Making this change not only inconveniences Mr. Hutchins, but also Pretrial Services, which has to trade out the units and switch monitoring from California to Milwaukee when Mr. Hutchins travels.[1]

The record shows that GPS monitoring is unnecessary to reasonably assure Mr. Hutchins' appearance and is an overly burdensome restriction. This condition should be removed.

---

[1] The GPS unit also cannot be submerged in water. This is relevant because Mr. Hutchins is an avid swimmer and surfer. Engaging in these activities would help him maintain a healthy lifestyle and manage the tremendous stress of his difficult situation.

**CONCLUSION**

For the forgoing reasons, Mr. Hutchins' motion to modify his pretrial release conditions should be granted. This Court should order that he is no longer subject to a curfew or GPS monitoring.

DATED: October 13, 2017                Respectfully submitted,

                                        */s/ Marcia Hofmann*
MARCIA HOFMANN
Zeitgeist Law PC
25 Taylor Street
San Francisco, CA 94102
Email: marcia@zeitgeist.law
Telephone: (415) 830-6664

                                        */s/ Brian E. Klein*
BRIAN E. KLEIN
Baker Marquart LLP
2029 Century Park E – Suite 1600
Los Angeles, CA 90067
Email: bklein@bakermarquart.com
Telephone: (424) 652-7800

*Attorneys for Marcus Hutchins*