# EXHIBIT A

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WISCONSIN

----------------------------------------------------------------

UNITED STATES OF AMERICA,                )
                                         )
                          Plaintiff,     )    Case No. CR 17-124
                                         )    Milwaukee, Wisconsin
        vs.                              )
                                         )    August 14, 2017
MARCUS HUTCHINS,                         )    10:00 a.m.
                                         )
                          Defendant.     )

----------------------------------------------------------------

**TRANSCRIPT OF ARRAIGNMENT & PLEA HEARING**
BEFORE THE HONORABLE WILLIAM E. DUFFIN
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff
UNITED STATES OF AMERICA:        **Michael J Chmelar**
                                 United States Department of
                                 Justice (ED-WI)
                                 Office of the US Attorney
                                 517 E Wisconsin Ave - Rm 530
                                 Milwaukee, WI 53202
                                 414-297-1728
                                 Email: michael.chmelar@usdoj.gov

For the Defendant
MARCUS HUTCHINS:                 **Brian E Klein**
(Present)                        Baker Marquart LLP
                                 2029 Century Park E - Ste 1600
                                 Los Angeles, CA 90067
                                 424-652-7800
                                 Fax: 424-652-7878
                                 Email: bklein@bakermarquart.com

U.S. Official Transcriber:       JOHN T. SCHINDHELM, RMR, CRR,
Transcript Orders:               WWW.JOHNSCHINDHELM.COM

Proceedings recorded by electronic recording,
transcript produced by computer aided transcription.



1

```
APPEARANCES CONT'D:

                                    **Marcia C Hofmann**
                                    Zeitgeist Law PC
                                    25 Taylor St
                                    San Francisco, CA 94102
                                    415-830-6664
                                    Email: marcia@zeitgeist.law


U.S. Probation Office:              REBECCA L. CAPSTICK - 414-297-1918
```

1   that's determined we'd ask that he continue to be on GPS

2   monitoring.  After some period of compliance if Pretrial

3   Services determines that GPS monitoring is no longer necessary

4   then we can come back before the court.  And if that is their

5   opinion based on a longer term of compliance, we would likely

6   support that recommendation.

7           We did discuss coming back before the court, which

8   is -- I know you gave us a list of dates from Judge Stadtmueller

9   based on the speedy trial date that this case should be moved

10  forward for trial.  His attorneys came into the case I think

11  yesterday, late last night.  They haven't received any discovery

12  yesterday.  I spoke to them about the materials to be produced

13  and the nature of the case.

14          I did not designate this case complex upon indictment,

15  but I think we would seek that designation.  I'm not sure,

16  Your Honor, if we would seek that from you or we would arrange

17  something with Magistrate Judge Joseph to have that designation

18  put in place and to exclude time under that theory.

19          THE COURT:  That's an issue you should bring up with

20  Judge Joseph and probably also with Judge Stadtmueller.

21          MR. CHMELAR:  Very well.  I can arrange with counsel a

22  conference call with Judge Joseph's chambers to work on that.

23          THE COURT:  And also, she's who you should request the

24  right to appear by telephone.

25          MR. CHMELAR:  Right.

10

1    THE COURT:  That's something you'll have to bring up
2    with her.  Anything else, Mr. Chmelar?
3            MR. CHMELAR:  No.  Just on the comments about his
4    employment, his access to computers.  Our case is a historical
5    case.  He has been working, based on my knowledge, for a network
6    security company.  We don't oppose his ability to work so that
7    requires him to have access to a computer and to the Internet.
8    And I think all the parties are in agreement that he -- that
9    condition be allowed if he does not have access to the Sinkhole
10   or the database that we were discussing earlier, the Wanna --
11   associated with the WannaCry ransomware.
12           THE COURT:  Okay.  So tell me, where is -- until he's
13   got a place to actually land in LA, where is he going to be?
14           MR. KLEIN:  Your Honor, we discussed this this morning
15   also.  Right now he's residing at a hotel here in town.  His
16   passport is being mailed to pretrial and for him to travel he
17   needs to have a DHS official go with him to the airport with his
18   passport so he can board a flight.  So when pretrial gets his
19   passport, we talked to the government and pretrial about this,
20   he will then make arrangements to fly to Los Angeles.  In Los
21   Angeles he will secure a residence or a hotel approved by
22   pretrial and look for a more permanent place, again, approved by
23   pretrial.
24           THE COURT:  Okay.
25           MR. KLEIN:  We talked about this this morning.

11

1    THE COURT:  Anything further from pretrial?

2    PROBATION OFFICER:  No, Your Honor.

3    THE COURT:  All right.  Well, I will go along with the

4    joint recommendation of the parties and impose the same

5    conditions that were previously imposed by the magistrate judge

6    in Nevada, Magistrate Judge Koppe or Koppe with the following

7    modifications:

8    Mr. Hutchins will be allowed to reside in Los Angeles.

9    He'll be allowed to continue his work which will

10   require computer access.  And that will be acceptable with the

11   caveat that he'll have no access to this ransomware WannaCry

12   SinkHole.

13   The GPS monitoring.  I'm assuming that once he's

14   living in Los Angeles he'll be monitored by the Pretrial

15   Services --

16   PROBATION OFFICER:  Yes, Your Honor.

17   THE COURT:  -- unit out in LA.

18   PROBATION OFFICER:  Yes.

19   THE COURT:  And it will be up to them to decide if --

20   the time at which he's been sufficiently compliant that they

21   can -- they feel comfortable lifting the GPS monitoring, but

22   that will be up to them.

23   MR. KLEIN:  I think just to be clarified --

24   THE COURT:  Okay.

25   MR. KLEIN:  -- the computer access would be for his

1    work, but also just in general he would have computer access; he

2    just couldn't access the WannaCry SinkHole.

3         THE COURT:  Okay.  And that's acceptable to

4    Mr. Chmelar?

5         MR. CHMELAR:  It's acceptable to the government.

6         THE COURT:  All right.  Then that will be -- computer

7    access will not be limited to work as long as we have the same

8    caveat for work and non-work purposes.

9         PROBATION OFFICER:  Your Honor --

10        THE COURT:  Anything else from the government?

11        MR. CHMELAR:  One other thing I did think of.  He was

12   limited to traveling to the Eastern District of Wisconsin and

13   whatever district Las Vegas -- District of Nevada, I'm not sure

14   if they have it separated -- but if he's going to be traveling

15   to LA we might want to expand his ability to travel there and

16   then once -- again, once he settles there we'd probably seek a

17   travel restriction through Judge Joseph based on wherever he

18   settles.

19        THE COURT:  Let me ask, do you need a travel

20   restriction as long as he stays in the United States?

21        MR. KLEIN:  Your Honor, we don't think we do and we'd

22   ask just no travel restriction.  It would be easier for

23   everybody, as long as he stays in the U.S.

24        MR. CHMELAR:  That's fine.  He's not -- we have his

25   passport and his travel document.  If that's not surrender -- if

1   it's not coming back to him then we have no objection to that.

2           THE COURT:  I'll just say he shall not travel outside

3   the United States.

4           MR. CHMELAR:  Fine.  Thank you, Judge.

5           PROBATION OFFICER:  Your Honor --

6           THE COURT:  Yes.

7           PROBATION OFFICER:  -- the District of Nevada had

8   ordered the halfway house placement also.  Can you --

9           THE COURT:  Remove that?

10          PROBATION OFFICER:  -- remove that condition?

11          THE COURT:  Yes.  That condition doesn't make sense

12  anymore at this point.

13          PROBATION OFFICER:  Correct.

14          THE COURT:  See if there's any other -- well,

15  obviously the report to U.S. Pretrial Services office in Nevada

16  doesn't apply anymore.  So he'll report to the Pretrial Service

17  office in Los Angeles?

18          PROBATION OFFICER:  Correct, once he's approved.

19          THE COURT:  Okay.  I guess those are the only other --

20  those are the only conditions that need to be changed.

21          Anything else from the defense?

22          MR. KLEIN:  No, Your Honor.

23          THE COURT:  And if there are any future bond issues

24  those come to me rather than Judge Joseph.

25          MR. CHMELAR:  Okay.