UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

   v.                                 Case No. 17-CR-124

MARCUS HUTCHINS,

        Defendant.

## RESPONSE TO DEFENANT'S MOTION TO MODIFY BOND CONDITIONS

The United States of America by its attorneys, Gregory J. Haanstad, United States Attorney, and Michael Chmelar and Benjamin Proctor, Assistant United States Attorneys, file this response to defendant's motion to modify his conditions of bond. As explained below, Mr. Hutchins's motion should be denied because his current conditions are the least restrictive conditions that reasonably assure his appearance in this matter. Moreover, the Court should deny his motion because Mr. Hutchins presents no new information to the Court in support of reexamining his bond conditions. *See* 18 U.S.C. §§ 3142(c)(3) and (f).

### I.    Background and Conditions of Bond

On July 11, 2017, a federal grand jury returned a six-count indictment that charged Mr. Hutchins with one count of conspiracy to commit computer fraud and abuse, three counts of distributing and advertising an electronic communication interception device, one count of endeavoring to intercept electronic communications, and one count of attempting to access a computer without authorization. (Document 6).

Mr. Hutchins was arrested as he was preparing to board an out-bound flight from Las Vegas to the U.K. After his arrest on August 2, 2017, Mr. Hutchins had a removal hearing in the U.S.

District Court for Nevada.  The initial bond study in the U.S. District Court for Nevada recommended Mr. Hutchins be detained based on his lack of ties to the United States.  (Document 7).  Ultimately, Mr. Hutchins was placed on home confinement at a halfway house and required to surrender his passport, among satisfying other bond conditions.  (Document 7).

On August 14, 2017, Mr. Hutchins was arraigned and pleaded not guilty to the charges in this case.  (Document 8).  At that same hearing, the conditions of Mr. Hutchins's release were discussed and modified by the Court, with the agreement of the parties.  *Id.*  Mr. Hutchins was ordered to remain under home confinement, but he was allowed access to computers, phones, and the internet. *Id.* It was also ordered that Mr. Hutchins's travel be limited to the continental U.S., as opposed the City of Los Angeles and the Eastern District of Wisconsin. *Id.*

On August 24, 2017, the Pretrial Office filed a petition with the Court, in which it asked the Court to eliminate the bond condition of home confinement for Mr. Hutchins and place him a curfew.  (Document 18).  The basis of that request was "because Mr. Hutchins is on [home] detention, works from home (when he works), has no family here, no doctors, no anything here . . . doesn't really have any other business to take care of here . . . [he is] essentially [under] home incarceration rather than home detention."

On August 24, 2017, the Court granted the request to place Mr. Hutchins on curfew.  (Document 18).   The government filed a motion to stay that the Court's order so the totality of defendant's bond conditions could be reviewed.  (Document 19).  The Court granted the government's motion to stay, but denied its motion for a bond hearing.  (Document 20).  Instead, the Court allowed the government to file a written motion to return Mr. Hutchins to home confinement or otherwise amend his conditions of release.  (Document 20).

The government filed its motion to revoke and amend the Court's order on August 25, 2017. (Document 21). Mr. Hutchins filed a response to the government's motion that same day. (Document 22).[1] In a written order, this Court denied the government's motion to return defendant to home detention and in the alternative, amend his conditions of bond. (Document 23).

The government filed a motion to stay and revoke the Court's bond pursuant to 18 U.S.C. § 3145. (Document 25). The government's appeal was assigned to U.S. District Judge Pamela Pepper. Judge Pepper denied the government's motion to return defendant to home confinement. (Document 28). In denying the government's appeal, the district court found that in the defendant's case, home detention was punitive. Specifically, the court's order stated,

> The court agreed that the defendant was different from other defendants placed on home confinement, because he worked from home. This meant that he was imprisoned in his home for all but a few hours of each week. The court pointed out that the defendant did not have a car, that he had turned over his passport, that he was a young man with little need to see a doctor regularly, and that he did not have known drug or alcohol addictions which would require him to attend treatment session. The result, for this particular defendant, was that home detention became punitive, rather than a condition which might prevent him from fleeing or protect the community.

(Document 28).

---

[1] In his response to the government's motion to return Mr. Hutchins to home confinement (Document 22), Mr. Hutchins noted that the government stated it was "fine" with no travel restrictions within the U.S. as long as Pretrial Services had Mr. Hutchins's passport. Mr. Hutchins also noted that the government asked that Mr. Hutchins continue on "GPS" monitoring but that after some period of compliance, if Pretrial Services determined GPS monitoring was no longer necessary, the government would likely support that recommendation.
    First, as to the travel restriction, the government agreed to allow Mr. Hutchins to travel within the U.S. on the condition the pretrial office held his passport because Mr. Hutchins was under the condition of home confinement. Mr. Hutchins could not leave his temporary residence in Los Angeles without approval much less travel cross-country. The government agreed to travel in the U.S. believing any such travel would have to be approved by the Pretrial Office.
    Second, the government's reference to "GPS" was a poorly chosen substitute for home detention. The government was willing to consider a request to remove Mr. Hutchins from home confinement, which it did. The government would and will not agree to remove Mr. Hutchins from GPS monitoring as it is the only way, short of detention, to verify his location in the U.S.

## II. Standard of Review

Defendant filed the instant motion pursuant to 18 U.S.C. § 3145, which allows for an appeal of a magistrate judge's order setting conditions of bond. Matters filed under § 3145 are heard by the court having original jurisdiction over the matter; and bond determinations are reviewed *de novo* under 18 U.S.C. § 3145. However, under 18 U.S.C. § 3142(c)(3), "the judicial officer may at any time amend the order to impose additional or different conditions of release." The purposes of this response, the government assumes the citation to § 3145 was an error.

Conditions of bond are properly modified if a substantial change in the circumstances as they existed at the time bail was fixed is clearly shown. *See United States v. LaFrance*, 2016 U.S. Dist. LEXIS 90969, *4-5 (D. Mass. July 13, 2016), *United States v. Phua*, 2015 U.S. Dist. LEXIS 4688, *3-4 (D. Nev. January 8, 2015) (stating a magistrate judge has the authority to modify pretrial release conditions, but § 3124(f) "requires a defendant to establish that new information exists that was not known to him or her at the time of the initial detention hearing, and that this new information is material to his or her release conditions regarding flight or dangerousness.") *United States v. Smith*, 2012 U.S. Dist. LEXIS 124187, *6-11 (D. Ariz. August 31, 2012) (holding the party seeking to modify the conditions of bond must establish: "1) that information now exists that was not known to the movant at the time of the initial detention hearing, and 2) the new information is material to release conditions regarding flight and dangerousness.")

## III. Argument

Defendant's motion should be denied because he fails to present any new information material to release conditions regarding flight or dangerousness. *See* 18 U.S.C. § 3142(f); *LaFrance*, 2016 U.S. Dist. LEXIS 90969, *4-5, *Phua*, 2015 U.S. Dist. LEXIS 4688, *3-4, *Smith*, 2012 U.S. Dist. LEXIS 124187, *6-11. Instead, defendant states he (a) has been compliant with

his conditions of bond, (b) GPS monitoring inconveniences the defendant and pre-trial services, (c) the equipment interferes with his ability to swim and surf, and (d) his ability to develop ties to the community has been negatively impacted.

Conditions of release should not be modified simply because a defendant has complied with bond conditions. *LaFrance*, 2016 U.S. Dist. LEXIS 90969 at *8. As expressed by the court in *LaFrance*, the fact that defendant complied with conditions of release is not a "change in circumstance, . . . it is merely doing what Defendant himself agreed to do and what the law requires he does . . . [because] defendant would face revocation [under § 3148] if he failed to comply with conditions of release." *Id.* Likewise, defendant's desire to swim, surf, and develop community relationships would fail to meet the threshold requirement of § 3142(f).

Defendant's current motion to modify bond conditions describes adverse results that are significantly different from those that led to the termination of the condition of home confinement. The district court found that the condition of home confinement, as applied to defendant's unique situation, was punitive. (Document 28). In his current motion, the defendant asserts only inconveniences as a result of the conditions of release.

There are other conditions securing the defendant's presence in the U.S., but they are not all as compelling as they once appeared to be. In the Court's order denying the government's motion to return defendant to home confinement, the Court stated the "government also overlooked certain significant facts relevant to Hutchins's release. First, he was released on a $30,000 cash bond. Should he flee, that bond would be forfeited." During the hearing before Judge Pepper, the government learned that the $30,000 is not defendant's money. Therefore, the incentive to stay to avoid forfeiture of his bond might not be as compelling since defendant would not actually be forfeiting his own money.

Moreover, when the Court ended the condition of home confinement, the Court appeared to rely heavily on the fact that defendant was subject to GPS monitoring. (Document 23, p. 3). Specifically, the Court stated, "[s]hould he attempt to leave the country . . . his movements will be monitored . . . [and] Pretrial Services is able to track his location at any time and would be immediately notified if Hutchins attempted to remove his GPS monitor."

The modifications to the conditions of bond sought by defendant in his current motion are contrary to the purpose of the Bail Reform Act. The current conditions of bond are the least restrictive conditions that will reasonably assure defendant's appearance in this matter. As the Court knows, Mr. Hutchins is a citizen and resident of the U.K. He has no family in the United States. Mr. Hutchins does not own any property in the United States. Mr. Hutchins is employed by a business located in Los Angeles, CA, but he apparently works remotely, as he did from the U.K. prior to his arrest. It is fair to say his conditions of bond are the only things securing his presence in the U.S. Therefore, terminating either condition would adversely affect the ability of pretrial service to locate the defendant and greatly reduce the assurance of the defendant's appearance in this matter.

Therefore, for the reasons stated above, the United States respectfully asks this Court to deny defendant's motion to modify his conditions of release.

    Respectfully submitted,
    GREGORY J. HAANSTAD
    United States Attorney

By:    */s/ Michael Chmelar*
    Michael Chmelar
    Assistant United States Attorney
    United States Attorney's Office
    Eastern District of Wisconsin
    517 East Wisconsin Avenue
    Milwaukee, Wisconsin 53202
    Telephone: (414) 297-1728