UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                    Plaintiff,

          v.                                        Case No. 17-CR-124

MARCUS HUTCHINS,

                    Defendant.

---

**MOTION TO REVOKE THE ORDER AMENDING CONDITIONS OF RELEASE,
PURSUANT TO 18 U.S.C. § 3145**

---

The United States of America by its attorneys, Gregory J. Haanstad, United States Attorney, and Michael Chmelar and Benjamin Proctor, Assistant United States Attorneys, file this motion to reconsider the modification of defendant Marcus Hutchins's conditions of release ordered by U.S. Magistrate Judge William E. Duffin on October 19, 2017 (Document 18). The October 19, 2017 order removed GPS monitoring and curfew as conditions of the defendant's release. Judge As explained below, Mr. Hutchins is a foreign national with no ties to the United States and his current conditions of bond increase the likelihood of his nonappearance in this matter.

**I.        Background and Conditions of Bond**

On July 11, 2017, a federal grand jury returned a six-count indictment that charged Mr. Hutchins with one count of conspiracy to commit computer fraud and abuse, three counts of distributing and advertising an electronic communication interception device, one count of endeavoring to intercept electronic communications, and one count of attempting to access a computer without authorization. (Document 6).

Case 2:17-cr-00124-JPS-NJ   Filed 10/19/17   Page 1 of 7   Document 36

Mr. Hutchins was arrested as he was preparing to board an out-bound flight from Las Vegas to the U.K. After his arrest on August 2, 2017, Mr. Hutchins had a removal hearing in the U.S. District Court for Nevada. The initial bond study in the U.S. District Court for Nevada recommended Mr. Hutchins be detained based on his lack of ties to the United States. (Document 7). Ultimately, Mr. Hutchins was placed on home confinement at a halfway house and required to surrender his passport, among satisfying other bond conditions. (Document 7).

On August 14, 2017, Mr. Hutchins was arraigned and pleaded not guilty to the charges in this case. (Document 8). At that same hearing, the conditions of Mr. Hutchins's release were discussed and modified by U.S. Magistrate Judge Duffin, with the agreement of the parties. *Id.* Mr. Hutchins was ordered to remain under home confinement, but he was allowed access to computers, phones, and the internet. *Id.* It was also ordered that Mr. Hutchins's travel be limited to the continental U.S., as opposed the City of Los Angeles and the Eastern District of Wisconsin. *Id.*

On August 24, 2017, the Pretrial Office filed a petition with the court, in which it asked the court to eliminate the bond condition of home confinement for Mr. Hutchins and place him a curfew. (Document 18). The basis of that request was "because Mr. Hutchins is on [home] detention, works from home (when he works), has no family here, no doctors, no anything here . . . doesn't really have any other business to take care of here . . . [he is] essentially [under] home incarceration rather than home detention."

On August 24, 2017, Magistrate Judge Duffin granted the request to place Mr. Hutchins on curfew while keeping in place the requirement of GPS monitoring. (Document 18). The government filed a motion to stay that the court's order so the totality of defendant's bond conditions could be reviewed. (Document 19). The court granted the government's motion to

stay, but denied its motion for a bond hearing. (Document 20). Instead, the court allowed the government to file a written motion to return Mr. Hutchins to home confinement or otherwise amend his conditions of release. (Document 20).

The government filed its motion to revoke and amend the court's order on August 25, 2017. (Document 21). Mr. Hutchins filed a response to the government's motion that same day. (Document 22). In a written order, this Magistrate Judge Duffin denied the government's motion to return defendant to home detention and in the alternative, amend his conditions of bond. (Document 23).

The government filed a motion to stay and revoke the court's bond decision pursuant to 18 U.S.C. § 3145. (Document 25). The government's appeal was assigned to U.S. District Judge Pamela Pepper. Judge Pepper denied the government's motion to return defendant to home confinement. (Document 28). In denying the government's appeal, the district court found that in the defendant's case, home detention was punitive. Specifically, the court's order stated,

> The court agreed that the defendant was different from other defendants placed on home confinement, because he worked from home. This meant that he was imprisoned in his home for all but a few hours of each week. The court pointed out that the defendant did not have a car, that he had turned over his passport, that he was a young man with little need to see a doctor regularly, and that he did not have known drug or alcohol addictions which would require him to attend treatment session. The result, for this particular defendant, was that home detention became punitive, rather than a condition which might prevent him from fleeing or protect the community.

(Document 28).

On October 13, 2017, defendant filed a motion to further modify his bond conditions. (Document 32). In the most recent motion, defendant asked the court to terminate the bond conditions of curfew and GPS monitoring. *Id.* Defendant primarily relied on his compliance with his conditions of release to justify the sought after modifications. *Id.*

On October 16, 2017, the government filed a response to defendant's motion. In the response, the government argued, among other things, that compliance with bond conditions alone did not authorize the court to modify defendant's conditions of release. (Document 33). *See United States v. LaFrance*, 2016 U.S. Dist. LEXIS 90969, *4-5 (D. Mass. July 13, 2016), *United States v. Phua*, 2015 U.S. Dist. LEXIS 4688, *3-4 (D. Nev. January 8, 2015) (stating a magistrate judge has the authority to modify pretrial release conditions, but § 3124(f) "requires a defendant to establish that new information exists that was not known to him or her at the time of the initial detention hearing, and that this new information is material to his or her release conditions regarding flight or dangerousness.") *United States v. Smith*, 2012 U.S. Dist. LEXIS 124187, *6-11 (D. Ariz. August 31, 2012) (holding the party seeking to modify the conditions of bond must establish: "1) that information now exists that was not known to the movant at the time of the initial detention hearing, and 2) the new information is material to release conditions regarding flight and dangerousness.")

On October 19, 2017, in a written order, Magistrate Judge Duffin granted defendant's motion to modify his conditions of bond. (Document 35). Despite the court acknowledging that "Hutchins does not really offer any specific reason why he needs or wants to be outside his home after 9 PM aside from an amorphous assertion that the curfew 'makes it harder for him to establish ties to the community'" the court terminated the condition of curfew. *Id.* As to GPS monitoring, the court stated that "[i]n light of Hutchins's compliance with the conditions of his release and the absence of any hint that he will not appear in court . . . the least restrictive conditions [under Bail Reform Act] . . . no longer include[s] GPS monitoring." *Id.*

Case 2:17-cr-00124-JPS-NJ   Filed 10/19/17   Page 4 of 7   Document 36

## II. Standard of Review

Because the court's order modifying bond was a decision under the Bail Reform Act (18 U.S.C. § 1341 *et seq.*), specifically 18 U.S.C. § 3142 (release pending trial), the United States believes the court's decision is reviewed *de novo* under 18 U.S.C. § 3145.

According to Title 18, United States Code, Section 3145,

> (a) If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court—
>
> (1) the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release . . . .

Under 18 U.S.C. § 3145, a district court reviews a magistrate judge's bail decision *de novo*. *United States v. Portes*, 786 F.2d 758, 761 (7th Cir. 1985); *United States v. Jones*, 804 F. Supp. 1081, 1086 (S.D. Ind. 1992). The district judge may "start from scratch" and hold a new hearing or review the proceedings before the magistrate judge. *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991).

## III. Argument

Conditions of release should not be modified simply because a defendant has complied with bond conditions. See *LaFrance*, 2016 U.S. Dist. LEXIS 90969 at *8, *Phua*, 2015 U.S. Dist. LEXIS 4688 at *3-4, and *Smith*, 2012 U.S. Dist. LEXIS 124187 at *6-11. As expressed by the court in *LaFrance*, the fact that defendant complied with conditions of release is not a "change in circumstance, . . . it is merely doing what Defendant himself agreed to do and what the law requires he does . . . [because] defendant would face revocation [under § 3148] if he failed to comply with conditions of release." *Id.*

Putting that argument to the side, the factors under 18 U.S.C. 3142(g) support defendant's release only under the conditions of GPS monitoring and a curfew. The modifications to bond

ordered by Judge Duffin are contrary to the purpose of the Bail Reform Act, in that they no longer reasonably assure defendant's appearance in this matter.

Mr. Hutchins is a citizen and resident of the U.K. He has no family in the United States. Mr. Hutchins does not own any property[1] in the United States or in the United Kingdom. Mr. Hutchins is employed by a business located in Los Angeles, CA, but he apparently works remotely, as he did from the U.K. prior to his arrest. It is fair to say his conditions of bond were the only things securing his presence in the U.S. Therefore, terminating either condition (GPS monitoring and curfew) adversely affects the ability to monitor and locate the defendant and greatly reduces the assurance of the defendant's appearance in this matter.

The conditions of release that remain after Magistrate Judge Duffin's October 19, 2017 order are insufficient to reasonably assure defendant's continued appearance in this matter. While it is true pre-trial services possesses defendant's passport, it is unrealistic to think that the defendant could not leave the U.S. without travel documents. Additionally, defendant could obtain a new passport, which is what other foreign nationals charged with crimes have done in the past in order to flee the U.S. While the U.S. and U.K. have an extradition treaty, it would be extremely time consuming and difficult to secure defendant's return from the U.K. Moreover, defendant could relocate to a country that has no extradition treaty with the U.S.

Further, defendant was required to post a $30,000 cash bond to secure his release following his arrest in Nevada. But that money was posted by a third party, so any incentive to stay to avoid

---

[1]     Judge Duffin noted that Mr. Hutchins does have a furnished apartment in Los Angeles that he is renting that contains personal property, like a computer. Judge Duffin also stated that the fact that Mr. Hutchins does not own real estate does not distinguish him from "many if not most criminal defendants." The government has no idea if "many if not most criminal defendants" own real estate. Assuming that to be true, the government fails to see how that is relevant to accessing defendant's risk of flight in this matter.
    In this case, it *is* a fact that defendant does not own real estate in the U.S. Instead of viewing that fact in isolation, the government submits it should be viewed in conjunction with other proffered facts that show defendant has no reason to stay in the U.S. other than the conditions of bond set in this criminal case.

forfeiture of the money might not be compelling since defendant would not actually be forfeiting his own money.

Other § 3142(g) factors, like the weight of the evidence, support the government's request to reinstate the conditions of GPS monitoring and a curfew as well. Defendant made a post-arrest statement in which he admitted his role in the charged offense. The government also possesses instant messaging chats in which Mr. Hutchins identifies his role in the charged conspiracy.

Therefore, for the reasons stated above, the government respectfully requests this Court revoke Magistrate Judge Duffin's order from October 19, 2017 removing the bond conditions of GPS monitoring and curfew. The government requests the Court issue order that defendant remain on a curfew and subject to GPS monitoring. Finally, the government requests the other conditions of release remain unchanged.

Dated at Milwaukee, Wisconsin this 19th day of October, 2017.

Respectfully submitted,
GREGORY J. HAANSTAD
United States Attorney

By:    */s/ Michael Chmelar*
Michael Chmelar
Assistant United States Attorney
United States Attorney's Office
Eastern District of Wisconsin
517 East Wisconsin Avenue
Milwaukee, Wisconsin 53202
Telephone: (414) 297-1728