UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

MARCUS HUTCHINS,

        Defendant.

Case No. 17-CR-124

_____

**DEFENDANT'S MOTION FOR A BILL OF PARTICULARS
WITH RESPECT TO COUNTS ONE AND SIX**
_____

Defendant Marcus Hutchins asks this Court to order the government to furnish a bill of particulars with respect to Counts One and Six of the indictment. Specifically, Mr. Hutchins asks that the government be required to particularize the "damage" it intends to offer into evidence at trial in connection with the alleged violations of the Computer Fraud and Abuse Act by the two defendants. Mr. Hutchins also asks that the government be required to particularize the "10 or more protected computers" to which it contends the defendants conspired and attempted to cause "damage."

Knowing what damage the defendants purportedly intended to cause and to which computers is necessary for Mr. Hutchins' ability to prepare for trial, to

minimize surprise at trial, and to avoid double jeopardy issues. As such, the Court should grant this motion.

## BACKGROUND

Counts One and Six allege that Mr. Hutchins and his co-defendant conspired and attempted to violate 18 U.S.C. § 1030(a)(5)(A). This statute prohibits:

> knowingly caus[ing] the transmission of a program, information, code, or command, and as a result of such conduct, intentionally caus[ing] *damage* without authorization, to a *protected computer*[.]

(Emphasis added.) Largely consistent with § 1030(e)(2)(B), the indictment defines a "protected computer" as "a computer in or affecting interstate or foreign commerce or communications, including a computer located outside of the United States that is used in a manner that affects interstate or foreign commerce or communications of the United States." (Indictment ¶ 1(c).) The term "damage" is defined as "any impairment to the availability or integrity of data, a program, a system, or information." 18 U.S.C. § 1030(e)(8). The indictment alleges that the defendants conspired and attempted to "cause damage without authorization, to 10 or more protected computers." But it does *not* specifically allege what "damage" the defendants intended to cause, nor to which "protected computers."

2

## LEGAL STANDARD

Although an indictment need not provide all the details regarding the way the offense may be proven, *United States v. Richardson*, 130 F.3d 765, 776 (7th Cir. 1997), a defendant is entitled to obtain "the factual proof supporting the charges, if vital to his defense, by a motion for a bill of particulars." *United States v. Mosley*, 786 F.2d 1330, 1335 (7th Cir. 1986); *see also* Fed. R. Crim. P. 7(f).

The purpose of a bill of particulars is to (1) minimize surprise, (2) enable a defendant to obtain facts needed to prepare a defense, and (3) permit a claim of double jeopardy should a subsequent prosecution be premised upon the same offense conduct. *Wong Tai v. United States*, 273 U.S. 77, 80-82 (1927). A court has broad discretion to order one. In considering whether to do so, the question is whether the indictment, as pleaded, "sufficiently apprises [a] defendant of the charges to enable him to prepare for trial." *United States v. Camino*, 949 F.2d 928, 949 (7th Cir. 1991).

## DISCUSSION

The indictment does not properly apprise Mr. Hutchins of what alleged damage he and his co-defendant purportedly conspired and attempted to cause to 10 or more protected computers. The way Counts One and Six are charged implicates each of the three concerns noted by the Supreme Court in *Wong Tai* that should addressed by a bill of particulars.

3

First, no damage is specifically alleged in the indictment. It alleges only that the defendants collectively created, advertised, and sold the Kronos software, which is described as "a particular type of malware that recorded and exfiltrated user credentials and personal identifying information from protected computers." (Indictment ¶ 1(e).) In Mr. Hutchins' Motion to Dismiss the Indictment (Failure to State Offenses), filed concurrently with this motion, the defense argues that recording and exfiltrating information is not damage as defined in 18 U.S.C. § 1030(e)(8). If the claims in Counts One and Six have some other basis, it is of the utmost importance for the defense to know what it is.

Second, the indictment does not identify the 10 or more protected computers to which the defendants are accused of conspiring and attempting to cause damage. The government should be required to identify these computers.

Minimizing surprise is the first of the purposes served by a bill of particulars as discussed in *Wong Tai*. The government should be required to identify the damage the defendants purportedly sought to cause, as well as the 10 or more computers that were the target of that alleged damage, so that the Mr. Hutchins can fully understand the basis of the charged legal violations. To learn the basic premise underlying these counts for the first time at trial will be a substantial unfair surprise.

4

Mr. Hutchins also needs this particularization so he can prepare for trial—the second of the *Wong Tai* concerns. The indictment's absolute lack of specificity as to what damage the defendants allegedly intended to cause to particular computers leaves Mr. Hutchins incapable of knowing in advance of trial what case the government intends to present. Among other things, these omissions make it unnecessarily and inappropriately difficult to prepare for cross-examinations. The indictment's vagueness also compromises Mr. Hutchins' ability to gather and present specific evidence in his defense, should he choose to do so.

Finally, the lack of specificity in Counts One and Six is particularly problematic with respect to the double jeopardy concerns noted in *Wong Tai*. If Counts One and Six specified the damage the defendants allegedly intended to cause to particular computers, the conviction or acquittal of Mr. Hutchins would speak for itself in terms of the government's ability to later prosecute that same conduct against him. *See* U.S. CONST. amend. V; *see also McCloud v. Deppisch,* 409 F.3d 869, 873 (7th Cir. 2005) (double jeopardy protects against multiple prosecutions for the same offense). Since Counts One and Six shed no light on the damage the defendants allegedly intended to cause, nor the computers the defendants allegedly intended to damage, these counts cannot stand as a bar to subsequent prosecutions that should actually be barred by the Fifth Amendment.

5

For all the reasons above, the Court should grant the requested bill of particulars.

DATED: March 30, 2018

Respectfully submitted,

 */s/ Brian E. Klein*
BRIAN E. KLEIN
Baker Marquart LLP
2029 Century Park E – Suite 1600
Los Angeles, CA  90067
Email: bklein@bakermarquart.com
Telephone: (424) 652-7800

 */s/ Daniel W. Stiller*
DANIEL W. STILLER
DStillerLLC
Box 511130
Milwaukee, WI 53203
Email: dan@dstillerllc.com
Telephone: (414) 207-3190

 */s/ Marcia Hofmann*
MARCIA HOFMANN
Zeitgeist Law PC
25 Taylor Street
San Francisco, CA 94102
Email: marcia@zeitgeist.law
Telephone: (415) 830-6664

*Attorneys for Marcus Hutchins*

6

Case 2:17-cr-00124-JPS-NJ   Filed 03/30/18   Page 6 of 6   Document 54