UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

UNITED STATES OF AMERICA,

        Plaintiff,

                                  Case No. 17-CR-124

        v.

MARCUS HUTCHINS,

        Defendant.

_____

## DEFENDANT'S MOTION TO DISMISS COUNTS TWO AND SIX
## (GRAND JURY DEFECTS)

_____

Counts Two and Six of defendant Marcus Hutchins' indictment fall short of what is required under Federal Rule of Criminal Procedure 7(c), as well as the Fifth and Sixth Amendments, because each mis-describes the mental state required by the statutes at issue.

***

The defense has concurrently filed two other separate motions to dismiss. The first seeks dismissal of all counts of the indictment under Federal Rule of Criminal Procedure 12(b)(3)(B)(v) for their failure to state offenses. The second seeks dismissal of the indictment on extraterritoriality and venue grounds. This motion focuses on defects particular to Counts Two and Six.

## DISCUSSION

### 1. The Grand Jury and the Right of Presentment

Grand jury proceedings are the regular subject of legal jokes. "[A] grand jury would indict a ham sandwich if asked to do so by the prosecutor," is the common one. *See United States v. Laurent*, 861 F. Supp. 2d 71, 89 (E.D.N.Y. 2011). "[R]ubber stamp for the prosecutor" comes to mind. *Id.* at 90; *see also* Marvin E. Frankel and Gary Naftalis, *The Grand Jury: An Institution on Trial* 22 (2d ed. 1977) ("Day in and day out, the grand jury affirms what the prosecutor calls upon it to affirm—investigating as it is led, ignoring what it is never advised to notice, failing to indict or indicting as the prosecutor 'submits' that it should.").

But such humor makes it easy to overlook that grand jury presentment is a fundamental constitutional protection afforded to persons suspected of criminal activity. U.S. CONST. amend. V. No person may be held "to answer for a capital or [felony offense], unless on a presentment or indictment of a grand jury." *Id.; see also United States v. Bukowski*, 435 F.2d 1094, 1099 (7th Cir. 1970).

The right of presentment is meaningful, since the grand jury is the constitutional protection "against unfounded criminal prosecutions." *Branzburg v. Hayes*, 408 U.S. 665, 686-87 (1972). And this is important: an indictment represents more than a grand jury's finding of a person's general wrongdoing. It is a finding that "there is probable cause to believe that the defendant is guilty of the *charged crime*." *Laurent*, 861 F. Supp. 2d at 88 (emphasis added). And a *crime*,

2

of course, is comprised of its particular elements. *See Alleyne v. United States*, 570 U.S. 99, 109 (2013) (a "crime" is defined as consisting of every legally essential fact). And so a grand jury's return of a proper indictment represents its finding with regard to each of the charged offense's elements. *United States v. Kingrea*, 573 F.3d 186, 193 (4th Cir. 2009).

For this reason, an indictment charging a crime must include "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). At a minimum, that means that an indictment must set forth all the elements necessary to constitute the charged offense. *United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000).

This requirement is usually described as grounded in the Sixth Amendment—a defendant needs proper notice of the charged offense in order to prepare a defense. *See* U.S. CONST. amend. VI (establishing the accused's "right to be informed of the nature and cause of the accusation"); *see also United States v. White*, 610 F.3d 956, 958 (7th Cir. 2010). But the constitutional problems attaching to a missing element are broader than just that. The Fifth Amendment's presentment cause is also in play.

"[T]he requirement that all elements of the offense be present in the indictment derives from the Fifth Amendment, which requires that the grand jury have considered and found all elements to be present." *Kingrea*, 573 F.3d at 193 (4th Cir. 2009) (internal quotation omitted). When an indictment lacks an

element of the charged offense, the grand jury foreperson's signature on the document fails to establish the grand jury's consideration of all the crime's elements, as the Fifth Amendment requires. *United States v. Camp*, 541 F.2d 737, 740-41 (8th Cir. 1976).

### 2.  The Failures of Counts Two and Six of the Indictment

Count Two of Mr. Hutchins' indictment charges a violation of 18 U.S.C. § 2512(1)(c)(i) alleging that he and his co-defendant:

> *[K]nowingly* disseminated by electronic means an advertisement of any electronic, mechanical, or other device, knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of electronic communications, knowing the of the advertisement and having reason to know that such advertisement will be transported in interstate and foreign commerce.

(Indictment at 4 (emphasis added).)

But "knowingly" is not the correct *mens rea*.  Section 2512(1)(c)(i) makes it illegal to "intentionally" advertise an interception device, "knowing or having reason to know" that it may be used for the purpose of surreptitious interception. The indictment therefore misstates an essential element of the offense and, in the process, omits the necessary mental state.  That defect necessitates Count Two's dismissal. *See United States v. Wabaunsee*, 528 F.2d 1, 4 (7th Cir. 1975) (dismissing count charging interstate transportation of stolen property in violation of 18 U.S.C. § 2314 for its failure to allege defendant's necessary knowledge that the transported goods were stolen; no showing of prejudice is required).

4

Count Six of the indictment suffers from a comparable defect. It charges

that the defendants:

> [K]nowingly caused the transmission of a program, information and command and as a result of such conduct, attempted to cause damage without authorization, to 10 or more protected computers during a 1-year period.

> In violation of Title 18, United States Code, Sections 1030(a)(5)(A), (c)(4)(B)(i) and (ii), (c)(4)A(i)(VI), 1030(b), and 2.

 (Indictment at 8.) But the statute makes it a crime to:

> [K]nowingly cause[] the transmission of a program, information and command, and as a result of such conduct, *intentionally* cause[] damage without authorization, to a protected computer[.]

18 U.S.C. § 1030(a)(5)(A) (emphasis added).[1] Likewise, the Seventh Circuit's

Pattern Jury Instructions state the elements of the offense as:

> 1.     The defendant knowingly caused the transmission of a [program; information; code; command]; and

> 2.     By doing so, the defendant intentionally caused damage to a protected computer without authorization.

*7th Cir. Criminal Pattern Instructions* at 367 (2012 ed.). The plain text of §

1030(a)(5)(A) and this Circuit's pattern instructions demonstrate that Count Six,

as it is pleaded without reference to the *intentional* causing of damage, fails to

---

[1] The attempt language found within Count Six of the indictment does not appear within the text of § 1030(a)(5)(A). It finds its way into § 1030(a)(5)(A) by way of § 1030(b), referenced within Count Six, which makes it a crime to attempt any violation of § 1030(a). *See* 18 U.S.C. § 1030(b).

Case 2:17-cr-00124-JPS-NJ   Filed 03/30/18   Page 5 of 7   Document 58

allege an essential element of the offense.  Again, that is a fatal defect.

*Wabaunsee,* 528 F.2d at 1.

## CONCLUSION

Counts Two and Six of the indictment each mis-describe the mental state required by the statutes at issue.  That free-standing problem necessitates dismissal of those counts since they fail to satisfy Rule 7(c).  Moreover, they violate Mr. Hutchins' rights under the Fifth and Sixth Amendments.

Assuming this motion is granted, the defense will renew its motion to compel the production of the grand jury's legal instructions.

6

DATED:  March 30, 2018           Respectfully submitted,


   */s/ Daniel W. Stiller*
DANIEL W. STILLER
DStillerLLC
Box 511130
Milwaukee, WI 53203
Email: dan@dstillerllc.com
Telephone: (414) 207-3190


   */s/ Brian E. Klein*
BRIAN E. KLEIN
Baker Marquart LLP
2029 Century Park E – Suite 1600
Los Angeles, CA  90067
Email: bklein@bakermarquart.com
Telephone: (424) 652-7800



   */s/ Marcia Hofmann*
MARCIA HOFMANN
Zeitgeist Law PC
25 Taylor Street
San Francisco, CA 94102
Email: marcia@zeitgeist.law
Telephone: (415) 830-6664

*Attorneys for Marcus Hutchins*