UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

    v.     Case No. 17-CR-124

MARCUS HUTCHINS,

    Defendant.

**UNITED STATES' RESPONSE TO DEFENDANT'S REQUEST FOR EVIDENTIARY HEARING UNDER CRIMINAL LOCAL RULE 12(c)**

The United States of America, by its attorneys, Matthew D. Krueger, United States Attorney for the Eastern District of Wisconsin, and Assistant U.S. Attorneys Michael Chmelar and Benjamin Proctor, files this "short, plain statement" under Criminal Local Rule 12(c) in response to defendant Marcus Hutchins's request for an evidentiary hearing. Doc. #55. Because Hutchins fails to make the prima facia showing required for an evidentiary hearing his request should be denied.

It is well established that "defendants are not entitled to evidentiary hearings as a matter of course." *United States v. Deneve*, No. 08-CR-142, 2008 U.S. Dist. LEXIS 117583 (E.D. Wis. Aug. 19, 2008) (citing *United States v. Coleman*, 149 F.3d 674, 677 (7th Cir. 1998)). Instead, as the movant, Hutchins bears the burden of establishing that an evidentiary hearing is necessary. *See United States v. Rodriguez*, 69 F.3d 136, 141 (7th Cir. 1995) (citing *United States v. Woods*, 995 F.2d 713 (7th Cir. 1993)); *see also* Criminal L.R. 12(c) ("If a motion seeks an evidentiary

hearing, the movant must . . . provide a description of the material disputed facts that the movant claims require an evidentiary hearing."). The defendant's burden in seeking an evidentiary hearing may be met "*only* upon the presentation of 'definite, specific, detailed, and nonconjectural' facts." *Rodriguez*, 69 F.3d at 141 (citing *United States v Randle*, 966 F.2d 1209, 1212 (7th Cir. 1992) (emphasis added)). In other words, "the defendant's submission must demonstrate that there is a disputed material issue of fact." *Id.* (citing *Woods*, 995 F.2d at 715-16). In this case, Hutchins has failed to make the prima facia showing of illegality required to entitle him to a hearing on his motion to suppress so his request should be denied. *Rodriguez*, 69 F.3d at 138-142.

In his motion, Hutchins states that he was arrested by agents in the Las Vegas airport on August 2, 2017. Hutchins acknowledges that a FBI report produced in discovery states that after his arrest but prior to being interviewed by the FBI, he was advised of the identity of the interviewing FBI agents, the nature of the investigation, and his rights under *Miranda*. Hutchins further concedes that he signed an "Advice of Rights" form that expressly stated, in English, his rights under *Miranda*, and contained the statement "I have read this statement of my rights and understand what my rights are. At this time, I am willing to answer questions without a lawyer present." Hutchins signed the "Advice of Rights" form in the presence of both agents and both agents signed the same form as witnesses to the waiver.

Against the weight of this evidence, Hutchins makes the conclusory allegation that his waiver of rights and statement to agents were involuntary. Hutchins therefore requests an evidentiary hearing "to explore what did and did not happen before" Hutchins was read his rights, signed a written waiver of those rights, and made an incriminating statement to law enforcement. Doc. #55 at 9-10.

But "exploration" of events is not a valid basis for an evidentiary hearing. Indeed, an evidentiary is appropriate only when the movant identifies specific, material, disputed facts. Here, Hutchins does not identify any material, disputed facts requiring an evidentiary hearing. Instead, it appears he believes a hearing is appropriate whenever the voluntariness of a post-arrest statement is questioned. This is simply wrong. *See, e.g.,* Criminal L.R. 12(c).

The closest Hutchins comes to identifying a potentially disputed fact is his assertion that "he was exhausted from partying all week and staying up the night before until the wee hours [and] [h]e also used drugs." Doc. #55 at 4. He also asserts that while he agreed that he was "in a good mind to speak to the FBI," "Hutchins did not understand it to be an inquiry as to whether he had used drugs or was exhausted." Doc. #55 at 4. But based on his filing, it appears that Hutchins does not intend to produce any evidence to support these assertions—as no witness testimony, affidavits, or supporting materials are included with his motion. And the Seventh Circuit has been clear that such conclusory statements do not justify an evidentiary hearing. For instance, in *United States v. Toro*, the court upheld the

Page **3** of **6**

Case 2:17-cr-00124-JPS-NJ    Filed 04/03/18    Page 3 of 6    Document 59

district court's order declining to hold an evidentiary hearing, finding the defendant failed to put forth a prima facia showing of involuntariness:

> Prior to his trial, Toro filed a motion to suppress his post-arrest confession. This motion was supported by Toro's affidavit, which listed three reasons why his confession was involuntary: (1) "at the time of my arrest, I was not fully aware or conscious of the events surrounding the arrest"; (2) "after my arrest, because of my condition (intoxication), I was unable to understand the Miranda warnings given to me"; (3) "I was tricked and confused into giving the written statement that I gave upon my arrest and the statement was not voluntary." Clearly, Toro's third allegation is too conclusory to make a prima facie showing that his confession was involuntary. Toro provided no details about how he was tricked and confused, who may have tricked and confused him, or why this trickery and confusion rises to the level of coercion. Toro's first two allegations are also insufficient. Although Toro claimed that his intoxication caused him to be unaware of the events surrounding his arrest and to not understand his Miranda rights, Toro provided no details about how he was intoxicated, what substance he was intoxicated with, or the level of intoxication he suffered.

359 F.3d 879, 885 (7th Cir. 2004).

Moreover, Hutchins fails to even allege agents coerced him to waive his rights under *Miranda* or give a statement much less suggest he will present any evidence that agents coerced him. This is important, "because coercive police activity is a necessary predicate to a finding of involuntariness, [and], a defendant's personal characteristics alone are insufficient to render a confession involuntary." *United States v. Thompson*, No. 16-CR-132, 2017 U.S. Dist. LEXIS 32185, *4 (E.D. Wis. March 7, 2017) (citing *Watson v. Detella*, 122 F.3d 450, 453 (7th Cir. 1997) and *Colorado v. Connelly*, 479 U.S. 157, 167 (1986)); s*ee also, United States v. Chrismon*, 965 F.2d 1465, 1469 (7th Cir. 1992) (stating that a defendant's claim of

intoxication—without some showing of coercion by the government—will not negate voluntariness).

Hutchins also asserts that the fact he is a British citizen may have led to confusion regarding his rights. But there is no question that Hutchins, a self-proclaimed computer expert, fully understands English. As noted, he was read his *Miranda* warnings *and* he signed a form expressly listing his rights *and* he still agreed to speak with agents. Therefore, his unsupported, conclusory statements that his nationality might have generated confusion regarding his rights is insufficient to justify a hearing.

In the end, Hutchins is simply seeking to cross-examine agents in an attempt to generate support for his motion to suppress. That approach is inconsistent with law and the local rules, and it is tantamount to taking a civil deposition. For the reasons set forth above, this Court should deny Hutchins' request for an evidentiary hearing.

Dated at Milwaukee, Wisconsin, this 3rd day of April, 2018.

        Respectfully submitted,

        MATTHEW D. KRUEGER
        United States Attorney

By: s/ Benjamin W. Proctor

        BENJAMIN W. PROCTOR
        MICHAEL J. CHMELAR
        Assistant United States Attorneys
        Benjamin Proctor Bar No.: 1051904
        Office of the United States Attorney
        Eastern District of Wisconsin
        517 E. Wisconsin Ave. Suite 530

Milwaukee, Wisconsin 53202
Tel: (414) 297-1700
Email: michael.chmelar@usdoj.gov
Email: benjamin.proctor@usdoj.gov