# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                              Case No. 17-CR-124

MARCUS HUTCHINS,

    Defendant.

## ORDER ON MOTION TO COMPEL PRODUCTION OF MUTUAL LEGAL ASSISTANCE TREATY REQUEST

Before me is Marcus Hutchins' motion for an order compelling the government to disclose a Mutual Legal Assistance Treaty (MLAT) request between the United States and Lithuania.

By way of background, an MLAT is an agreement by which the United States and one or more other countries agree to assist each other in obtaining the testimony of witnesses and/or the production of evidence for use in bringing and prosecuting criminal charges. Susan W. Brenner, Lori E. Shaw, Federal Grand Jury: A Guide To Law And Practice § 14:4 (2d ed. 2017). MLAT requests are sent by governments through established central authorities. In the case of the United States, requests are transmitted through the United States Department of Justice's Office of International Affairs. *Id*. Because MLATs are agreements between two sovereigns, they do not confer any private right upon third parties to enforce their terms. *United States v. $734,578.82 In U.S. Currency*, 286 F. 3d 641, 659 (3rd Cir. 2002). The admissibility of evidence collected through a MLAT request is based on

U.S. law, not the laws of the foreign sovereign. *United States v. Rommy*, 506 F.3d 108, 129 (2d 2007).

In this case, the government has disclosed to Hutchins the records it obtained through the MLAT but has not turned over the MLAT request itself. Hutchins moves to compel the disclosure of the MLAT request. (Mot. to Compel at 17, Docket # 44.) Hutchins argues that he is seeking the MLAT requests "to help understand the government's theory of the case. . . ." (*Id*.) Hutchins also asserts that he needs the MLAT requests because the affidavit is "bare bones" and merely "recites code provisions." (*Id*.) The government argues that because MLATs are not signed or attested to by law enforcement, they are not subject to disclosure under Rule 16. (Gov't Resp. at 15-16, Docket # 45.) The government asserts that while it has turned over the materials it received in response to the MLAT requests, Hutchins has no legal support for the argument that the MLAT request itself is subject to disclosure. (*Id*. at 16.)

At a February 22, 2018 hearing on Hutchins' motion to compel, I invited the parties to submit additional authority for their respective positions. The government submitted that there are no bright line rules concerning the production of an MLAT request. (Docket # 51.) The government submitted that generally such requests are analyzed under the traditional paradigm used to assess the discoverability of all materials collected during an investigation. *Id*. Additionally, the government submitted for consideration a district court decision, *United States v. Saltsman*, No. 07-CR-0641, (E.D.N.Y. Mar. 22, 2011). (Docket # 170, available at http://www.pacer.gov.). The court in *Saltsman* denied a defense motion for an order compelling the government to disclose MLAT related materials. *Id*

Hutchins submitted that although he found three district court cases that touch upon the issue to some extent, he did not find any cases addressing squarely his position that MLATs are subject to discovery under Fed. R. Crim. P. 16 and are not internal government documents under subsection (a)(2). (Docket # 52.) Hutchins argues that given the absence of pertinent case law, disclosure of the MLAT request is consistent with the open file policy defined by Criminal Local Rule 16(a)2). *Id*. Hutchins argues that the MLAT is not referenced amongst the materials excluded from the open file policy. (*Id*.)

Although the parties' positions differ on the disclosure of MLAT requests, the parties do not appear to dispute that in the absence of a bright line rule or case law squarely on point, the analysis here is governed by well-established legal principles. First, the government has an obligation under the Due Process Clause to provide the defendant, upon request, all evidence in its possession that is favorable to the accused and material to guilt or punishment. *Brady v. Maryland*, 373 U.S. 83 (1963). Additionally, the government also has an obligation to produce impeachment material. *Giglio v. United States*, 405 U.S. 150 (1972). Further, Fed. R. Crim. P. 16 further governs discovery in criminal cases. Rule 16(a)(1) specifically sets forth information which the government must disclose "upon a defendant's request." For example, Rule 16(a)(1)(E) provides:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E).

3

None of these well-established legal rules compel the disclosure of the MLAT request. Hutchins has not shown that the request is material to his defense or that failure to disclose it will prejudice his defense. Recall the government has produced the information received from the MLAT request. The open file policy, defined in Criminal Local Rule 16(a)(2), also does not compel the disclosure of MLAT requests. The open file policy as defined under the Local Rules mirrors the government's obligation under Fed. R. Crim. P. 16 and nothing there compels disclosure of the MLAT. Further, the MLAT request itself or violation of the treaty cannot be grounds for suppression. *See Saltsman*, No. 07-CR-0641 at 24. As stated above, the MLAT does not confer any private right upon a third party to enforce its terms. Finally, a need "to understand the government's theory of the case" cannot be basis to compel disclosure of the request as a defendant's constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved *United States v. Kendall*, 665 F.2d 126, 135 (7th Cir. 1981).

## ORDER

**IT IS THEREFORE ORDERED** that Hutchins' motion to compel the government's MLAT request (Docket 44) is **DENIED**.

Dated at Milwaukee, Wisconsin this 6th day of April, 2018.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge