UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                         Case No. 17-CR-124

MARCUS HUTCHINS,

    Defendant.

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION
FOR A BILL OF PARTICULARS (DOC # 54)**

The United States of America, by its attorneys, Matthew D. Krueger, United States Attorney for the Eastern District of Wisconsin, and Assistant U.S. Attorneys Michael Chmelar and Benjamin Proctor, files this response to defendant Marcus Hutchins's motion for a bill of particulars. Doc. #54. In his motion, Hutchins asks the Court to order the government to furnish a bill of particulars with respect to Counts One and Six. Doc. #54. More specifically, Hutchins asks the Court to order the government "to particularize the 10 or more computers to which it contends the defendants conspired and attempted to damage." Doc. #54 at 1.

To a certain extent, the information Hutchins is asking the government to provide, an explanation of how Kronos damages computers, is covered by Federal Rule of Criminal Procedure 16(a)(1)(G). Under the local rules, the parties are required to make expert disclosure no later than 15 days before the commencement of trial. The government intends to comply with the local rules. Also, since Hutchins

developed Kronos, and the government has provide the defense with multiple copies of the malware, Hutchins is in a position to know how Kronos damages a computer.

Hutchins's demand that the government "particularize the 10 or more computers to which it contends the defendants conspired and attempted to damage" is related to an argument in Hutchins's motion to dismiss (Doc. # 57). Hutchins misunderstands the nature of the charges in Count One and Counts Six, and the government's burden at trial. Count One alleges a conspiracy in violation of 18 U.S.C. § 371. Doc. # 1. Conspiracy punishes an illegal agreement. *United States v. Read*, 658 F.2d 1225, 1240 (7th Cir. 1981) (describing liability for a conspiracy and mail fraud). And it is well established that under conspiracy law, the object of the conspiracy does not need to be achieved for liability to attach. *United States v. Donner*, 497 F.2d 184, 190 (7th Cir. 1974). Count One does not require proof of a completed crime, and therefore does not require us to "particularize the 10 or more protected computers defendants conspired and attempted to cause damage." The government only needs to prove Hutchins conspired to damage 10 or more computers, not the 10 specific computer he intended to damage.

The same is true for Count Six. Count Six charges an attempt and aiding and abetting an attempt to violate § 1030. Doc. # 1. An attempt is a substantial step towards completing the crime. *United States v. Sanchez*, 615 F.3d 836, 843-44 (7th Cir. 2010). As with Count One, the government does not have a burden to identify 10 specific computers that were damaged by Hutchins or his coconspirators when they sold and distributed Kronos malware.

For the reasons stated above, the Court should deny Hutchins motion to the extent his is asking the Court to order expert disclosures be made contrary to the schedule described in the local rules.

        Respectfully submitted,

        MATTHEW D. KRUEGER
        United States Attorney

By:   *s/Michael J. Chmelar*
        MICHAEL J. CHMELAR
        BENJAMIN W. PROCTOR
        Assistant United States Attorneys
        Michael Chmelar Bar No.: 6277248
        Office of the United States Attorney
        Eastern District of Wisconsin
        517 E. Wisconsin Ave. Suite 530
        Milwaukee, Wisconsin 53202
        Tel: (414) 297-1700
        Email: michael.chmelar@usdoj.gov
        Email: benjamin.proctor@usdoj.gov