UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                              Case No. 17-CR-124

MARCUS HUTCHINS,

    Defendant.

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO DISMISS THE INDICTMENT BASED ON AN IMPROPER EXTRATERRITORIAL APPLICATION OF THE LAW AND VENUE (DOC. # 57)**

The United States of America, by its attorneys, Matthew D. Krueger, United States Attorney for the Eastern District of Wisconsin, and Assistant U.S. Attorneys Michael Chmelar and Benjamin Proctor, files this response to defendant Marcus Hutchins's motion to dismiss the indictment. Doc. #57. In his motion to dismiss, Hutchins argues that (1) Counts Two through Five should be dismissed because they are in improper extraterritorial application of 18 U.S.C. §§ 2511 and 2512; (2) the entire indictment should be dismissed because it "violates [Hutchins's] constitutional right to Due Process;" and (3) the indictment should be dismissed because venue in the Eastern District of Wisconsin is "improper." Doc. #57 at 1-2. As discussed below, each of the defendant's arguments are meritless and his motion should be denied.

A. Counts Two through Five do not constitute an extraterritorial application of the Wiretap Act

Hutchins argues that Counts Two through Five are an improper extraterritorial application of the Wiretap Act. He argues that those counts should be dismissed because they are merely an "attempt to apply [U.S.] law to foreign conduct." Doc. # 57 at 4-8. Hutchins is wrong. Hutchins and his co-conspirator directed their conduct at the United States, and his case presents a domestic application of §§ 2511 and 2512. Therefore, Hutchins's extraterritorial argument must fail.

First, before addressing the merits of Hutchins argument, in the Seventh Circuit, under *United States v. Leija-Sanchez*, 602 F.3d 797 (7th Cir. 2010), criminal and civil laws differ with respect to extraterritorial analysis. *United States v. Leija-Sanchez*, 820 F.3d 899, 900-01 (7th Cir. 2016) (relying on *United States v. Bowman*, 260 U.S. 94 (1922). As stated by the court in *Leija-Sanchez,* the Supreme Court has not overrule *Bowman.* Under *Bowman*, criminal statutes apply, even when one or more elements of the charged offense occurred abroad. *Leija-Sanchez*, 602 F.3d at 798-802. Moreover, under *Ford v. United States*, 273 U.S. 593, 622-24 (1927), if a crime is carried out in part in the United States, all the participants, including foreign nationals whose activities were entirely outside the United States may be prosecuted in the United States. *Id.* Under *Bowman and Leija-Sanchez*, Hutchins's motion to dismiss the Counts Two through Five should be denied because (as described in detail below) even if some of the acts occurred abroad (developing the malware), some of the other acts occurred in the United States. As

shown below, the result is the same even under the Hutchins's preferred method of analyzing extraterritoriality of a statute.

In *Kiobel v. Royal Dutch Petroleum Co.*, 569 U.S. 108 (2013), *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010), and *RJR Nabisco, Inc. v. European Cmty.*, 136 S. Ct. 2090 (2016), the Supreme Court described a framework for determining whether a statute applied extraterritorially. The framework is premised on the presumption against extraterritoriality. *Morrison*, 561 U.S. at 255. In other words, "absent a clear expressed congressional intent to the contrary, federal laws will be construed to have only domestic application." *Id.*

The framework described a two-step process to be employed by the court when making such a determination:

> At the first step, we ask whether the presumption against extraterritoriality has been rebutted—that is, whether the statute gives a clear, affirmative indication that it applies extraterritorially. We must ask this question regardless of whether the statute in question regulates conduct, affords relief, or merely confers jurisdiction. If the statute is not extraterritorial, then at the second step we determine whether the case involves a domestic application of the statute, and we do this by looking to the statute's "focus." If the conduct relevant to the statute's focus occurred in the United States, then the case involves a permissible domestic application even if other conduct occurred abroad; but if the conduct relevant to the focus occurred in a foreign country, then the case involves an impermissible extraterritorial application regardless of any other conduct that occurred in U.S. territory.

*RJR Nabisco,* 136 S. Ct. at 2101.

A court ascertains the focus of a particular statutory provision by identifying the acts that the provision "seeks to 'regulate'" and the parties or interests that it "seeks to 'protec[t].'" *Morrison*, 561 U.S. at 267 (quoting *Superintendent of Ins. of N.Y.*

v. Bankers Life & Cas. Co., 404 U.S. 6, 10, 12 (1971)); see RJR Nabisco, 136 S. Ct. at 2100-01. Because a different section (or even a different subsection) of the same enactment may have a different focus, the analysis must proceed on a provision-by-provision basis.

The government will assume for the purpose of this response that §§ 2511(1)(a) and 2512(1)(a),(b), (c) "manifest[ ] no unmistakable congressional intent to apply extraterritorially."[1] Id. at 2102. The second part of the analysis under the two-step process is to identify the "focus" of congressional concern. Morrison, 561 U.S. at 267.

Hutchins argues the focus of §§ 2512(1)(a),(b) and (c) is "advertising, sending, and selling" any device or apparatus that can be used to intercept wire, oral, and electronic communications. Doc. 57 at 7. Hutchins argues that the focus of § 2511(1)(a) is "endeavoring and procuring" another person to intercept communications. Doc. # 57 at 8. Hutchins omits the last part of § 2511(1)(a), which states "procures any other person to intercept or endeavor to intercept."

Even if the Court adopted Hutchins's determination of the focus of each applicable section, Hutchins's extraterritorial argument fails because the indictment, as drafted, does not contemplate an application of U.S. law to wholly

---

[1] The government assumes this position only for the purposes of this response in this matter. The government notes that there are a number of cases that mostly involve challenges to the admissibility of communications intercepted by foreign law enforcement on the basis that foreign law enforcement officers failed to comply with 18 U.S.C. § 2510 et seq. when intercepting the communications. Courts considering those challenges have held that 18 U.S.C. § 2510 et seq has no extraterritorial application. Cf. United States v. Cortoni, 527 F.2d 708 (2d Cir. 1975). However, since the extraterritorial analysis is made on a section-by-section and subsection-by-subsection basis, the government is not willing to assume all sections and subsections of the Wiretap Act are not extraterritorial.

foreign conduct. Rather, as alleged in the indictment, this is a "domestic application" of 18 U.S.C. §§ 2511(a)(1)(a) and 2512 because the conduct alleged in Counts Two through Five that is "relevant to the statute's focus" occurred in the United States.

The conduct at issue under § 2511(1)(a) (Count Five)—"endeavoring and procuring" another person to intercept communications—relates to the sale and transmission of malware to an individual located in the Eastern District of Wisconsin. Not to mention Hutchins personally delivered the same to an individual in the State of California. The sale and transmission of the malware constitutes the conduct "relevant to the statute's focus," because it was an act of "endeavoring to intercept and procuring another to intercept or endeavor to intercept" communications. And because that recipient of the malware was in the Eastern District of Wisconsin, it is a domestic application of the statute, it is not an impermissible extraterritorial application of § 2511. Finally, once the Court determines that the conduct relevant to the statute's focus occurred in the United States, then it is a permissible domestic application of the statute, and the extraterritorial analysis ends. *RJR Nabisco*, 136 S. Ct. at 2101. This is true even if other conduct occurred abroad. *Id.*

Counts Three and Four are based on the same conduct at issue in Count Five. For the reasons described above, the conduct relevant to the focus of §§ 2512(1)(a) and (b) are domestic applications of those subsections of § 2512.

The analysis is even clearer with respect to Count Two because Hutchins and his co-conspirator used YouTube (a U.S.-based platform) to advertise and promote Kronos, as well as other internet-based forums. Those advertisements and promotions were viewed in the Easter District of Wisconsin, and in the case of the YouTube video, an individual in the Eastern District of Wisconsin was specifically directed to it. Those acts were domestic not foreign.

For the reasons stated above, Hutchins' extraterritorial argument fails. Because the indictment alleges a domestic application of §§ 2512 and 2511, Hutchins's motion to dismiss should be denied.

Finally, it appears that Hutchins wants to extend the extraterritorial analysis to his personal liability under each count. Doc. # 57 at 8. As a result, Hutchins is asking the Court give a pre-trial ruling on his liability as an aider and abettor (18 U.S.C. § 2) and under *Pinkerton v. United States*, 328 U.S. 640 (1946). Such a finding is beyond the scope of Rule 12 because it would require a trial on the merits. *See* Fed. R. Crim. P. 12(b)(1) and (3).

## B. The indictment does not violate Hutchins's constitutional right to Due Process

Hutchins next argues that his "prosecution in the United States is arbitrary and fundamentally unfair." Doc. # 57 at 9. Hutchins argues that "the indictment does not articulate a clear nexus between Mr. Hutchins and the United States," and therefore, the indictment as to Hutchins should be dismissed. *Id.* Hutchins's argument is meritless.

When considering a motion to dismiss, a court must view all allegations in an indictment as true and in the light most favorable to the government. *See United States v. Yashar*, 166 F.3d 873, 880 (7th Cir. 1999); *United States v. Moore*, 563 F.3d 583, 586 (7th Cir. 2009). A court must also review indictments "on a practical basis and in their entirety, rather than in a hypertechnical manner." *United States v. Cox*, 536 F.3d 723, 726 (7th Cir. 2008).

The allegations in the indictment present a sufficient nexus between Hutchins and the United States. Doc. # 1. As described in the indictment and discussed above in Section (A), Hutchins and his codefendant posted a promotional video for Kronos on YouTube, and they sold and transmitted Kronos to an individual in located in the Eastern District of Wisconsin. Additionally, as mentioned above, Hutchins compiled Kronos binaries and delivered them to an individual he knew was located in the United States. Additionally, as described below in Section (C), Hutchins is charged with a § 371 conspiracy in which overact in furtherance of the conspiracy were committed in the United States and therefore his prosecution in the United States is not "arbitrary" and "unfair."

Despite these facts, Hutchins would have the court believe the alleged conduct has nothing to do with the United States. Instead, Hutchins argues that his conduct was directed to the "world at large" and therefore the sale of Kronos in the United States was not foreseeable to him. Doc. # 57 at 10. Not only is that argument inconsistent with the allegations contained in the indictment, which must be accepted as true, *Yashar*, 166 F.3d at 880, Hutchins's theory of jurisdiction and

venue would make him immune from prosecution *everywhere*. Such a result would be absurd. Finally, Hutchins's arguments relating to "foreseeability" appear to be beyond the scope of Rule 12 as it is an argument that goes to the merits of the case. *See* Fed. R. Crim. P. 12(b)(1) and (3).

For the reasons stated above, Hutchins motion to dismiss the indictment based on violations of due process should be denied.

### C. Venue in the Eastern District of Wisconsin is proper.

Finally, Hutchins argues the indictment should be dismissed because there is no venue in the Eastern District of Wisconsin. Doc. # 57, p. 12-14. As discussed below, Hutchins misstates the standard for finding venue in this district. Because there is venue for each count of the indictment in the Eastern District of Wisconsin, Hutchins's motion to dismiss should be denied.

Hutchins cites *United States v. Muhammad*, 502 F.3d 646, 655 (7th Cir. 2007) for the proposition that venue "is only proper if a defendant was physically present in the district when they committed the unlawful acts, or in a district where the acts were intended to have an effect." Doc. # 57 at 12. Hutchins misstates the venue holding in *Muhammad*.

The court in *Muhammad* stated that courts apply a "substantial contacts" approach to determine whether a particular jurisdiction can serve as the venue for a federal criminal trial in a manner consistent with the guarantees of the constitutional venue provisions. *Muhammad*, 502 F.3d at 655. Under that approach, according to *Muhammad*, a court considers "the site of the defendant's acts, the

elements and the nature of the crime, the locus and effect of the criminal conduct, and the suitability of each district for accurate fact-finding." *Id.* The court in *Muhammad* goes on to cite *United States v. Fredrick*, 835 F.2d 1211, 1215 (7th Cir. 1987), for the proposition that "in the context of a conspiracy count, [ ] proper venue *is not* limited to districts where the defendants were physically present when they committed the unlawful acts. So long as an overt act in furtherance of the conspiracy is intended to have an effect in the district where the case is finally brought, venue is proper." (emphasis added).

Hutchins also misstates or misunderstands the crimes charged in Counts One and Six. Doc. # 57 at 12-13. Hutchins asserts that both counts require a completed act, i.e. damage to a protected computer. Hutchins is mistaken. The government is not obligated to show "damages" occurred in this district for venue to be proper here.

Count One alleges a conspiracy in violation of 18 U.S.C. § 371. Doc. # 1. Conspiracy punishes an illegal agreement. *United States v. Read*, 658 F.2d 1225, 1240 (7th Cir. 1981) (describing liability for a conspiracy and mail fraud). And it is well established that under conspiracy law, the object of the conspiracy does not need to be achieved for liability to attach. *United States v. Donner*, 497 F.2d 184, 190 (7th Cir. 1974). Because Count One does not require proof of a completed crime, but rather an unlawful agreement and an overt act in this district in furtherance of that agreement venue as to Count One is proper.

The same is true for Count Six. Count Six charges attempt and aiding and abetting an attempt. Doc. # 1. An attempt is a substantial step towards completing the crime. *United States v. Sanchez*, 615 F.3d 836, 843-44 (7th Cir. 2010). The indictment alleges as substantial step was committed in this district when the Kronos malware was sold and delivered to an individual in this district. Doc. # 1. Likewise, for the reasons stated above in Sections (A) and (B) above, Hutchins's venue argument as to Counts Two through Five also fails.

Therefore, for the reasons stated above, Hutchins's motion to dismiss the indictment for improper venue should be denied.

Respectfully submitted,

MATTHEW D. KRUEGER
United States Attorney

By:  *s/Michael J. Chmelar*
MICHAEL J. CHMELAR
BENJAMIN W. PROCTOR
Assistant United States Attorneys
Michael Chmelar Bar No.: 6277248
Office of the United States Attorney
Eastern District of Wisconsin
517 E. Wisconsin Ave. Suite 530
Milwaukee, Wisconsin 53202
Tel: (414) 297-1700
Email: michael.chmelar@usdoj.gov
Email: benjamin.proctor@usdoj.gov

Page **10** of **10**

Case 2:17-cr-00124-JPS-NJ   Filed 04/18/18   Page 10 of 10   Document 66