UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                                    Case No. 17-CR-124

MARCUS HUTCHINS,

        Defendant.

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO DISMISS COUNTS TWO AND SIX FOR GRAND JURY DEFECTS (DOC. # 58)**

The United States of America, by its attorneys, Matthew D. Krueger, United States Attorney for the Eastern District of Wisconsin, and Assistant U.S. Attorneys Michael Chmelar and Benjamin Proctor, files this response to defendant Marcus Hutchins's motion to dismiss Counts Two and Six of the indictment. Doc. #58. In his motion to dismiss, Hutchins argues that both Counts Two and Six should be dismissed because they misstate the *mens rea* for each alleged offense. Doc. #58.

"A valid indictment must (i) state each element of the alleged offense, (ii) provide the defendant with information adequate for the preparation of his defense, and (iii) provide sufficient basis for a judgment that would bar any subsequent prosecution for the same offense." *United States v. Hausmann*, 345 F.3d 952, 955 (7th Cir. 2003) (citing Fed. R. Crim. P. 7(c)). "'The test for validity is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." *Id.* (quoting *United States v. Allender*, 62 F.3d 909, 914 (7th Cir. 1995)). When

1

determining the sufficiency of an indictment, courts "look at the contents of the subject indictment 'on a practical basis and in its entirety, rather than in a hypertechnical manner.'" *United States v. McLeczynsky*, 296 F.3d 634, 636 (7th Cir. 2002) (quoting *United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000)).

"'In determining whether an essential element of the crime has been omitted from the charge, courts will not insist that any particular word or phrase be used. The element may be alleged in any form which substantially states it.'" *United States v. Franklin*, 547 F.3d 726, 730-31 (7th Cir. 2008) (quoting *United States v. Weatherspoon*, 581 F.2d 595, 600 (7th Cir. 1978). "It is not necessary to spell out each element, but each element must be present in context." *United States v. Smith*, 223 F.3d 554, 571 (7th Cir. 2000) (citing *United States v. Olson*, 846 F.2d 1103, 1115–16 (7th Cir. 1988)).

With regard to Count Two, Hutchins asserts that because the indictment includes the word "knowingly disseminated" rather than "intentionally disseminated," the count must be dismissed. He is correct that the statute, 18 U.S.C. § 2512(1)(c), uses the word "intentionally," but he does not engage in any analysis of whether the difference, in context, renders the indictment invalid. In any event, as the government indicated at hearing on February 22, 2018, the omission of the word "intentionally" was a drafting error. The count should include the word "intentionally" instead of "knowingly." The government plans to seek a superseding indictment in this case, and in doing so will correct this drafting error and moot Hutchins's argument.

With regard to Count Six, Hutchins' position is wrong. Count Six is charged as an attempt to violate § 1030(a)(5)(A). Doc. # 1. According to Seventh Circuit jury instructions, an attempt means to take a substantial step towards committing the offense, with the

2

"intent to commit the offense." Because Count Six is charged as an attempt to violate § 1030, including the word "intentionally" before "attempted" would be unnecessary and redundant. *See United States v. Rutherford*, 54 F.3d 370, 373 (7th Cir. 1995) (stating attempts are intentional acts; and under common law, "an attempt includes the specific intent to commit an unlawful act"). Therefore, Hutchins's motion to dismiss Count Six should be denied.

Of note, Hutchins' assertions amount to allegation of a defect in the indictment under Rule 12(b)(3)(B)(v), and not an allegation of "error in the grand jury proceedings" under Rule 12(b)(3)(A)(v). This Court gave the Hutchins an opportunity to further develop his argument in support of obtaining grand jury documents, but Hutchins has failed to do so. Doc. # 58. Instead, Hutchins states that if this motion is granted, he will "renew [his] motion to compel the production of grand jury instructions." However, his request for grand jury materials becomes moot once this motion is resolved. Moreover, Hutchins has still not come close to establishing a "'compelling necessity' or 'a particularized need'" for grand jury transcripts, and he provides no authority indicating otherwise.

    Respectfully submitted,

    MATTHEW D. KRUEGER
    United States Attorney

By: *s/Michael J. Chmelar*
    MICHAEL J. CHMELAR
    BENJAMIN W. PROCTOR
    Assistant United States Attorneys
    Michael Chmelar Bar No.: 6277248
    Office of the United States Attorney
    Eastern District of Wisconsin
    517 E. Wisconsin Ave. Suite 530
    Milwaukee, Wisconsin 53202
    Tel: (414) 297-1700

Email: michael.chmelar@usdoj.gov
Email: benjamin.proctor@usdoj.gov