UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

MARCUS HUTCHINS,

        Defendant.

Case No. 17-CR-124

_____

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR A BILL OF PARTICULARS WITH RESPECT TO COUNTS ONE AND SIX (DOC. NO. 54)**
_____

The government's arguments against having to furnish a bill of particulars to Marcus Hutchins with respect to Counts One and Six miss the point and are meritless. The Court should order the government to particularize: (1) the purported "damage" it intends to offer into evidence at trial in connection with the alleged violations of the CFAA by the two defendants; and (2) the "10 or more protected computers" to which it contends the defendants conspired and attempted to cause "damage."

Opposing particularization of the alleged "damage," the government offers two arguments. It first contends that having to furnish such particulars would be, "[t]o a certain extent," premature expert disclosure. (Gov't Response at 1-2 (Doc. No. 64).) Not so. Asking what alleged "damage" was caused seeks

only basic factual evidence, not expert evidence. The government's contention is therefore not a valid reason to deny this request for particularity.

The government then states that Mr. Hutchins "know[s] how Kronos damages a computer," a claim that misses the point of particularization. The defense is not seeking to learn *how* Kronos might allegedly harm a computer. Rather, it wants to learn *what* was allegedly the "damage," actual or intended, as it exists as an element of the offenses charged in Counts One and Six.

Turning to the "10 or more protected computers," that is also an element of the relevant offenses. Here, the government argues that because Count One is a conspiracy charge the government does not need to prove Mr. Hutchins conspired to damage any specific computers. If the government does not intend the offer any such evidence (*i.e.,* which protected computers the supposed conspirators intended to damage) at trial, the Court should hold the government to that position and order that the government is not permitted to try to offer such evidence at trial unless it offers the particulars now.

If, however, the government does intend to attempt to introduce such evidence at trial (as would seem to be the case), the Court should order the government to particularize those details now, as well as produce any related discovery. The government will likely try to offer such evidence at trial because, to engage in a conspiracy to violate a particular statute, a conspirator "must

2

intend to further an endeavor which, if completed, would satisfy all of the elements of a substantive criminal offense[.]" *Salinas v. United States*, 522 U.S. 52, 65 (1997).

Turning to Count Six, the government again falls back on the inchoate nature of the charged offense, arguing that because this is an attempt charge, the government does not have the burden of proving 10 or more specific computers. As with Count One, the government does not deny that it may offer such evidence. The Court should hold it to that position and order that the government is not permitted to try to present such evidence at trial unless it particularizes now.

And if the government does intend to particularize at trial the computers Mr. Hutchins and his co-defendant allegedly attempted to damage for purposes of Count Six, this Court should order the government to particularize those details now and produce any related discovery materials. The government will probably want to introduce such evidence because attempts require an intent to carry out acts that satisfy each element of the relevant crime. *United States v. Morris*, 827 F.3d 696, 699 (7th Cir. 2016) (Hamilton, J., concurring).

Overall, knowing what damage the two defendants purportedly intended to cause and to which alleged computers is necessary for Mr. Hutchins' ability to prepare for trial, to minimize surprise at trial, and to avoid double jeopardy

issues.  *See Wong Tai v. United States*, 273 U.S. 77, 80-92 (1927).  At present, Mr. Hutchins is missing this critical information.  As such, the Court should grant the motion for a bill of particulars with respect to Counts One and Six.

DATED:  April 30, 2018　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　 */s/ Brian E. Klein*
　　　　　　　　　　　　　　　　　　　BRIAN E. KLEIN
　　　　　　　　　　　　　　　　　　　Baker Marquart LLP
　　　　　　　　　　　　　　　　　　　2029 Century Park E – Suite 1600
　　　　　　　　　　　　　　　　　　　Los Angeles, CA  90067
　　　　　　　　　　　　　　　　　　　Email: bklein@bakermarquart.com
　　　　　　　　　　　　　　　　　　　Telephone: (424) 652-7800

　　　　　　　　　　　　　　　　　　　 */s/ Daniel W. Stiller*
　　　　　　　　　　　　　　　　　　　DANIEL W. STILLER
　　　　　　　　　　　　　　　　　　　DStillerLLC
　　　　　　　　　　　　　　　　　　　Box 511130
　　　　　　　　　　　　　　　　　　　Milwaukee, WI 53203
　　　　　　　　　　　　　　　　　　　Email: dan@dstillerllc.com
　　　　　　　　　　　　　　　　　　　Telephone: (414) 207-3190

　　　　　　　　　　　　　　　　　　　 */s/ Marcia Hofmann*
　　　　　　　　　　　　　　　　　　　MARCIA HOFMANN
　　　　　　　　　　　　　　　　　　　Zeitgeist Law PC
　　　　　　　　　　　　　　　　　　　25 Taylor Street
　　　　　　　　　　　　　　　　　　　San Francisco, CA 94102
　　　　　　　　　　　　　　　　　　　Email: marcia@zeitgeist.law
　　　　　　　　　　　　　　　　　　　Telephone: (415) 830-6664

　　　　　　　　　　　　　　　　　　　*Attorneys for Marcus Hutchins*