UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                                  Case No. 17-CR-124

MARCUS HUTCHINS,

        Defendant.
_____

**DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO DISMISS COUNTS TWO AND SIX
(GRAND JURY DEFECTS) (DOC. NO. 58)**
_____

Regarding Marcus Hutchins' claim that Count Two must be dismissed for its mis-description of the mental state necessary to establish a violation of 18 U.S.C. § 2512(1)(c)(i), the government concedes Mr. Hutchins' premise. "The count should include the word 'intentionally' instead of 'knowingly,'" the government acknowledges. (Gov't Response at 2 (Doc. No. 67).) The government assures the Court that it intends to seek a superseding indictment, one that fixes the error and "moot[s] Hutchins's argument." Regardless Count Two must be dismissed. *See United States v. Wabaunsee*, 528 F.2d 1, 4 (7th Cir. 1975).

Turning to the portion of Mr. Hutchins' motion seeking the dismissal of Count Six, the government misunderstands Mr. Hutchins' argument. Mr.

Hutchins is not, as the government contends, complaining that Count Six fails to state that he *intentionally* attempted a violation of § 1030(a)(5). (Gov't Response at 2.)

Instead, the Count Six error Mr. Hutchins asserts targets the manner in which the indictment alleges the substantive crime—the violation of § 1030(a)(5)(A)—he supposedly attempted. To attempt a crime, a person must intend that crime's occurrence and take a substantial step towards its commission. *United States v. Barnes*, 230 F.3d 311, 314 (7th Cir. 2000). A crime, of course, is defined by its statutory elements, and so an attempt to commit a crime necessarily requires an intent to carry out acts that satisfy each element of the relevant crime. *United States v. Morris*, 827 F.3d 696, 699 (7th Cir. 2016) (Hamilton, J., concurring). If a substantive crime has *x, y*, and *z* as its elements, then an attempt to commit that crime "*necessarily* includes an attempt" to complete elements *x, y,* and *z*. *Id.* (emphasis in original).

With these principles in mind, Count Six of Mr. Hutchins' indictment omits the mental state accompanying an element of the offense he allegedly attempted. To violate § 1030(a)(5)(A), one must *intentionally* cause damage to a protected computer. By extension, attempting a violation of that statute requires the intent to intentionally cause damage. *See Morris* at 699 (Hamilton, J., concurring). But that is not what Count Six accuses Mr. Hutchins of doing. Instead, Count Six describes the offense Mr. Hutchins attempted as "caus[ing]

2

damage to . . . protected computers . . . ." What is missing is the mental state attached by statute to the causing of damage: *intentionally*. That omission—the failure to allege the mental state accompanying the crime Mr. Hutchins allegedly attempted—is a fatal defect, just like the one the government concedes in relation to Count Two (where the problem is a mis-description, rather than the outright omission, of the substantive offense's mental state). *See Wabaunsee*, 528 F.2d at 4.

Finally, the government's offer of *United States v. Rutherford*, 54 F.3d 370 (7th Cir. 1995), does not undermine Mr. Hutchins' argument. *Rutherford* simply states the uncontroversial proposition that the "attempted use of force requires an intentional act." 54 F.3d at 373. It does not speak to the permissibility of charging an attempt to commit an offense pleaded without the mental state necessary to establish that offense.

Counts Two and Six, as they are currently charged, fail to correctly allege the mental states required by the statutes at issue. Each, therefore, must be dismissed for their failure to satisfy what Rule 7(c) requires, along with their failure to honor Mr. Hutchins' rights under the Fifth and Sixth Amendments. In light of the accumulation of problems, they should be dismissed with prejudice.

3

DATED:  April 30, 2018				Respectfully submitted,

  /s/ Brian E. Klein
BRIAN E. KLEIN
Baker Marquart LLP
2029 Century Park E – Suite 1600
Los Angeles, CA  90067
Email: bklein@bakermarquart.com
Telephone: (424) 652-7800

  /s/ Daniel W. Stiller
DANIEL W. STILLER
DStillerLLC
Box 511130
Milwaukee, WI 53203
Email: dan@dstillerllc.com
Telephone: (414) 207-3190

  /s/ Marcia Hofmann
MARCIA HOFMANN
Zeitgeist Law PC
25 Taylor Street
San Francisco, CA 94102
Email: marcia@zeitgeist.law
Telephone: (415) 830-6664

*Attorneys for Marcus Hutchins*

4