UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

MARCUS HUTCHINS,

        Defendant.

Case No. 17-CR-124

_____

**DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO DISMISS THE INDICTMENT
(IMPROPER EXTRATERRITORIAL APPLICATION OF LAW
AND VENUE) (DOC. NO. 57)**
_____

The government argues that this case involves a domestic application of law and proper venue, relying on allegations outside the indictment. The Court should deny the government's attempt to remedy the indictment's defects by reading in new allegations, and the indictment against Marcus Hutchins should be dismissed with prejudice.

   **1. The Government Looks Outside the Indictment to Attempt to Establish a Domestic Application of The Wiretap Act Charges**

The government appears to concede for purposes of this motion that Congress did not express any clear intention for the Wiretap Act to have extraterritorial application. (Gov't Response at 4 (Doc. No. 66).) This is correct. In any event, the government claims, the Wiretap Act charges in this case are

domestic in nature, not extraterritorial, because "Hutchins and his co-conspirator directed their conduct at the United States." Specifically, the government says Counts Three, Four, and Five are domestic because they involve "the sale and transmission of malware to an individual located in the Eastern District of Wisconsin. Not to mention Mr. Hutchins personally delivered the same to an individual in the State of California." (*Id.* at 5.)

But the government asks the Court to look outside the four corners of the indictment, which Federal Rule of Criminal Procedure 12(d) does not permit on a motion to dismiss. *United States v. Bryant*, 2013 WL 3423275, at **5-6 (E.D. Wis. July 8, 2013) (Joseph, M.J.). On its face, the indictment does not include either of the government's new allegations beyond a vague statement that each offense occurred "in the Eastern District of Wisconsin and elsewhere." Furthermore, the indictment alleges that Mr. Hutchins' co-defendant (not Mr. Hutchins) sold a version of Kronos. (*See* Indictment ¶ 4(f) (Doc. No. 6).) The indictment contains no allegation that either defendant sold Kronos to an individual specifically in the Eastern District of Wisconsin. And there is no allegation that Mr. Hutchins delivered Kronos to a person in California.

Turning to Count Two, the government says that Mr. Hutchins and his co-defendant used internet forums, including the U.S.-based internet video platform YouTube, to "advertise and promote" Kronos, that those advertisements and promotions were viewed in the Eastern District of Wisconsin, and that an

2

individual in the Eastern District of Wisconsin was directed to the YouTube video in particular. (Gov't Response at 6.) But these allegations are not in the indictment, and thus the Court should not consider them.

The indictment alleges that Mr. Hutchins' co-defendant (not Mr. Hutchins) advertised Kronos on AlphaBay and another unnamed internet forum, neither of which are alleged to have a connection to the United States. (Indictment ¶ 4(c) & (e).) The indictment further alleges that a "video showing the functionality of the 'Kronos Banking trojan' was posted to a publicly available website"—but it does not claim that Mr. Hutchins or his co-defendant posted it. (*Id.* ¶ 4(b).) According to the indictment, Mr. Hutchins' co-defendant (not Mr. Hutchins) "used the video to demonstrate how Kronos worked." (*Id.*) The indictment does not allege a demonstration was made to an individual in Eastern District of Wisconsin. And it does not allege that the forum was YouTube, or that the video was an advertisement. (*Id.*)

Even assuming for the sake of argument that a video demonstrating Kronos was posted on YouTube, the mere fact that YouTube is headquartered in the United States would not make Count Two a domestic application of United States law. Google, which owns YouTube, has servers located throughout the world.[1] The government does not even claim that the video demonstrating

---

[1] Google Data Centers, https://www.google.com/about/datacenters/inside/locations/index.html (last visited April 30, 2018).

Case 2:17-cr-00124-JPS-NJ   Filed 04/30/18   Page 3 of 9   Document 72

Kronos was hosted on a server in the United States.

Under the government's apparent theory, then, a foreign citizen who sends another person a link to a video can violate § 2512—even if the sender did not post the video, and even if the video is hosted on a server in another country—as long as the company that owns the server happens to be headquartered in the United States. The government's view of the statute's reach beyond the United States is remarkable, especially when it has conceded (correctly) that Congress did not express any intent for the Wiretap Act to have extraterritorial application. The government's view is not just remarkable, but it is also, more importantly, unsupported by the law.

In spite of the government's efforts to re-cast the allegations, the charges presented in the indictment are not a domestic application of the law, but extraterritorial. And the presumption against extraterritoriality has full force with respect to criminal statutes because it applies "in *all* cases." *Morrison v. National Australia Bank Ltd.*, 561 U.S. 247, 261 (2010) (emphasis added).

The government notes that the Seventh Circuit has treated civil and statutes differently for purposes of extraterritorial analysis. (Gov't Response at 2, citing *United States v. Leija-Sanchez*, 602 F.3d 797, 798-99 (7th Cir. 2010) & *United States v. Leija-Sanchez*, 820 F.3d 899, 900-01 (7th Cir. 2016).) But the Seventh Circuit has not concluded that the presumption against extraterritoriality does not apply in criminal cases. It has simply recognized that the case typically cited

4

for that proposition, *United States v. Bowman*, 260 U.S. 94 (1922), stands for the proposition that "judges must consider the language and function of the prohibition," and that it "does not hold that criminal statutes *always* apply extraterritorially." *Leija-Sanchez*, 602 F.3d at 799 (emphasis in original).

And when deciding *Leija-Sanchez*, the Seventh Circuit did not yet have the benefit of the Supreme Court's decision in *RJR Nabisco, Inc. v. European Community*, 136 S. Ct. 2090, 2100 (2016). In *RJR Nabisco*, the Supreme Court applied the presumption against extraterritoriality in an analysis involving the RICO statute which, like the Wiretap Act, has both criminal and civil applications. *See* 136 S. Ct. at 2101-2103. It did not suggest that the presumption would apply differently depending on whether a RICO claim was criminal or civil. That approach is consistent with the rule of lenity, which suggests that statutes with both criminal and civil applications should not be interpreted to treat criminal defendants more severely than civil defendants.

### 2. The Government Looks Outside the Indictment to Attempt to Establish a Nexus Sufficient for Due Process Purposes

The government next argues that the charges do not violate Mr. Hutchins' constitutional right to due process because "the allegations in the indictment present a sufficient nexus between Hutchins and the United States," again relying on its list of allegations that do not appear in the indictment. (Gov't Response at 7.) As discussed above, citing them now does not change the fact

5

that the indictment is deficient on its face. The Court should not look outside the four corners of the indictment to consider these new allegations.

The government also argues that "Hutchins is charged with a § 371 conspiracy in which [overt acts] in furtherance of the conspiracy were committed in the United States," which means "his prosecution in the United States is not 'arbitrary' or 'unfair.'" (Gov't Response at 7.) But the government conflates the substantive requirements of a conspiracy charge with the due process analysis. The fact that the government has charged conspiracy does not resolve the question of whether Mr. Hutchins' *own* connections to the United States are substantial enough to legitimize the United States' exercise of power over him.

Whether Mr. Hutchins has a sufficient nexus with this District to be haled into court here is a threshold matter "totally distinct" from the crimes charged. *United States v. Perlaza,* 439 F.3d 1149, 1168 (9th Cir. 2006). A sufficient nexus does not exist between Mr. Hutchins and this District just because the government has charged him with conspiracy based substantially on his co-defendant's alleged acts. "Conspiracy theory does not obviate the need to inquire into the defendant's purposeful connections with the forum—a central element of fairness in due process analysis." Lea Brilmayer & Charles Norchi, *Federal Extraterritoriality and Fifth Amendment Due Process*, 105 HARV. L. REV. 1217, 1259-60 (1992). The Court must make a determination the threshold due process

6

issue before it reaches any questions of substantive liability. *Perlaza*, 439 F.3d at 1168-69.

The government suggests Mr. Hutchins may have personal liability under *Pinkerton v. United States*, 328 U.S. 640 (1946), but this argument does not change the analysis. (*See* Gov't Response at 6.) *Pinkerton* liability is not a creature of statute; it is a judge-made rule that applies in instances of a properly charged conspiracy. Thus, *Pinkerton* liability itself cannot be relied on to properly charge conspiracy. And even *Pinkerton* liability can have due process limits. *See United States v. Walls*, 225 F.3d 858, 865 (7th Cir. 2000); *United States v. Alvarez*, 755 F.2d 830, 849 (11th Cir. 1985).

Mr. Hutchins does not have a sufficient nexus to this District, and his co-defendant's alleged contacts cannot be imputed to Mr. Hutchins for purposes of establishing one. "The nexus requirement serves the same purpose as the 'minimum contacts' test in personal jurisdiction." *United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1257 (9th Cir. 1998). And under the "minimum contacts" test, each defendant over whom a court exercises personal jurisdiction must independently have sufficient contacts with that forum. *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014) (personal jurisdiction depends on "contacts that the defendant himself creates with the forum State" (internal quotation marks omitted)); *Calder v. Jones*, 465 U.S. 783, 790 (1984) ("Each defendant's contacts with the forum State must be assessed individually.").

The government claims that Mr. Hutchins' theory of jurisdiction "would make him immune from prosecution everywhere." (Gov't Response at 8-9). Not so. If Mr. Hutchins' conduct violated United Kingdom law, he could certainly be prosecuted in his home country. And if Mr. Hutchins performed acts that would constitute a crime in this country and had a sufficient nexus to the United States, he could be prosecuted here. But the government has not presented such a case in the indictment—nor can it. Finally, and most of all: the government's fear that Mr. Hutchins might be "immune from prosecution everywhere" is not, on its own, a recognized basis for establishing federal jurisdiction over an extraterritorial offense.

3. **The Government's Venue Argument Suffers From the Same Flaws as Efforts to Show a Domestic Application of Law**

The defense agrees that venue is proper in a district in which an overt act in furtherance of a conspiracy is intended to have an effect. *United States v. Muhammad*, 502 F.3d 646, 655 (7th Cir. 2007). The government argues that venue is proper in the Eastern District of Wisconsin because Kronos was sold and delivered to an individual here. (Gov't Response at 10). Again, as described above, the indictment does not allege any of this. Thus, this government argument is meritless and should be rejected.

8

***

The Court should dismiss all counts with prejudice for their failure to adequately allege that the charges are subject to prosecution within this District and the United States.

DATED: April 30, 2018         Respectfully submitted,

  /s/ Marcia Hofmann
MARCIA HOFMANN
Zeitgeist Law PC
25 Taylor Street
San Francisco, CA  94102
Email: marcia@zeitgeist.law
Telephone: (415) 830-6664

  /s/ Brian E. Klein
BRIAN E. KLEIN
Baker Marquart LLP
2029 Century Park E – Suite 1600
Los Angeles, CA  90067
Email: bklein@bakermarquart.com
Telephone: (424) 652-7800

  /s/ Daniel W. Stiller
DANIEL W. STILLER
DStillerLLC
Box 511130
Milwaukee, WI  53203
Email: dan@dstillerllc.com
Telephone: (414) 207-3190

*Attorneys for Marcus Hutchins*