UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                              Case No. 17-CR-124

MARCUS HUTCHINS,

        Defendant.
_____

## DEFENDANT MARCUS HUTCHINS'
## RENEWED MOTION TO COMPEL DISCOVERY
_____

Defendant Marcus Hutchins renews his request for the immediate disclosure of the actual identity of the government cooperator known pseudonymously as "Randy" and all discovery materials related to that witness' involvement in this case. The government recently cited "Randy's" presence in the United States as a basis for prosecuting Mr. Hutchins in this country. This confirms "Randy" is a much more central figure in this case, as the defense has asserted all along and the government has previously denied. As such, the Court should order the government to immediately make the requested disclosures.

# BACKGROUND

Within a broader motion to compel discovery filed in January, Mr. Hutchins asked the Court to order the government to disclose the identity of "Randy" and to otherwise produce withheld discovery regarding that witness. (Mot. to Compel at 10-13 (Dkt. No. 44).) The relevant landscape looks like this:

- Mr. Hutchins filed his motion to compel. (*Id.*)

- Opposing the relevant portion of Mr. Hutchins' motion, the government invoked the informant's privilege as a defense to disclosure. (Gov't Response at 8-10 (Dkt. No. 45).) "Randy" is a "mere tipster," the government argued. (*Id.* at 10.) And the government assured the Court that it would agree to disclose "Randy's" identity if and when it (unilaterally) makes a final decision that "Randy" will testify at trial. (*Id.*) Only then, the government proposed, would it make the relevant disclosures in connection with Judge Stadtmueller's final pretrial reporting process, a week or two ahead of trial. (*Id.* at 10-11.)

- Mr. Hutchins replied with all the reasons why the informant's privilege is inapplicable to "Randy," adding that an expansive application of the *Roviaro* informant's privilege would permit the government's ownership-by-concealment of fact witnesses in violation of a defendant's constitutional right to prepare a defense. (Reply at 7-9 (Dkt. No. 46).)

- In its ruling, the Court split the baby, so to speak. It described "Randy" as: "[N]ot exactly a tipster. Not exactly a transactional witness. But perhaps closer to a transactional witness[.]" (2/22/18 Tr. at 31.) On that basis, the Court ordered disclosure 30 days before trial. (Hearing Minutes (Dkt. No. 50).)

2

## ARGUMENT

Mr. Hutchins renews his motion to compel discovery concerning "Randy" because the government's recent response to his motion to dismiss for improper extraterritorial application of the law and venue enhances the reality that "Randy" is a transactional witness the government will certainly call at trial. In particular, the government offers "Randy" as a basis for Mr. Hutchins' prosecution in this country. (Gov't Resp. at 5 & 7 (Dkt. No. 66).) The government's reliance for jurisdictional purposes on the alleged interactions between Mr. Hutchins and "Randy" supplements (and strengthens) Mr. Hutchins' earlier claim for immediate disclosure of the relevant discovery by making "Randy" more relevant than ever to Mr. Hutchins' defense.

Twice in its response to Mr. Hutchins' motion to dismiss, the government states that Mr. Hutchins delivered Kronos to "Randy," who was allegedly located at the time in the United States:

> Not to mention [Mr.] Hutchins personally delivered the [Kronos malware] to an individual in the State of California.

(*Id.* at 5.)

> Additionally, as mentioned above, [Mr.] Hutchins compiled Kronos binaries and delivered them to an individual he knew was located in the United States.

(*Id.* at 7.)

3

Though the government does not use "Randy's" name, the individual the government described is "Randy." This is clear from the record: the government's response to Mr. Hutchins' motion to compel explained that Mr. Hutchins sent a copy of the Kronos malware to "Randy." (Gov't Resp. at 10 (Dkt. No. 45).)

Back then, the government characterized "Randy" as a mere tipster whose role in this case is so insignificant that the government might not even have to reveal "Randy's" true identity (or call him as a witness at trial). Now, though, the government argues that given "Randy's" involvement in this matter and his claimed presence in California, Mr. Hutchins has subjected himself to prosecution in this country. In doing so, the government establishes that "Randy" will be a (necessary) testifying witness.[1]

The informant's privilege does not reach "Randy" because disclosure regarding that witness "is relevant and helpful" to Mr. Hutchins' defense and "essential to a fair determination of a cause." *United States v. McDowell*, 687 F.3d 904, 911 (7th Cir. 2012) (quoting *Roviaro v. United States*, 353 U.S. 53, 60-61 (1957)).

"Randy" is not anything close to a "mere tipster," as the government has claimed. A "mere tipster," according to the Seventh Circuit, is "someone whose

---

[1] While "Randy" eventually became a cooperating witness, it is the defense's understanding that "Randy" did so only some time after his alleged acquisition of Kronos from Mr. Hutchins. To the extent jurisdiction in this case depends on "Randy" having done so while in the United States, "Randy" appears to be the sole witness to that material fact.

4

only role was to provide the police with the relevant information that served as the foundation to [, for instance,] obtaining a search warrant." *Id.* Tipsters differ from what the Seventh Circuit terms "transactional witnesses," individuals "who participated in the crime charged . . . or witnessed the event in question." *Id.*

With its latest filing, the government has conceded the facts necessary for the Court to find—conclusively so—that "Randy" is a transactional witness. "Randy's" role is that of one who, according to the government, acquired the relevant malware and upon whom the government rests its theory, in substantial part, about why Mr. Hutchins' acts subject him to prosecution in the United States. "Randy's" significant role in this matter makes the informant's privilege inapplicable.

"Randy's" true identity and open-file discovery under Criminal Local Rule 16(a) regarding him are necessary for Mr. Hutchins' defense, including the pending motion to dismiss and trial preparations. The defense has the right to investigate the government's claim that "Randy" was in California as a partial basis for the government's assertion of jurisdiction over Mr. Hutchins. To do so, the defense is entitled to receive discovery that purportedly supports that claimed location of "Randy."

The defense also has a right to more generally investigate "Randy." Without knowing even "Randy's" name, this is essentially impossible. And

waiting until 30 days before trial, as the status quo provides, substantially prejudices the defense in light of the witness' heightened importance given the government's reliance on him in its attempt to establish that Mr. Hutchins' prosecution in the United States is proper.

## CONCLUSION

Once the informant's privilege is deemed inapplicable, there's no basis for the government's deviation from what Criminal Local Rule 16(a) demands: open file discovery of "Randy," not the least of which is "Randy's" true identity. That discovery is (past) due and (immediately) owed. The Court should therefore order the government to disclose "Randy's" true identity and all discovery related to "Randy."

DATED: May 4, 2018					Respectfully submitted,

						 */s/ Brian E. Klein*
						BRIAN E. KLEIN
						Baker Marquart LLP
						2029 Century Park E – Suite 1600
						Los Angeles, CA  90067
						Email: bklein@bakermarquart.com
						Telephone: (424) 652-7800

						 */s/ Daniel W. Stiller*
						DANIEL W. STILLER
						DStillerLLC
						Box 511130
						Milwaukee, WI 53203
						Email: dan@dstillerllc.com
						Telephone: (414) 207-3190

6

   */s/ Marcia Hofmann*
MARCIA HOFMANN
Zeitgeist Law PC
25 Taylor Street
San Francisco, CA 94102
Email: marcia@zeitgeist.law
Telephone: (415) 830-6664

*Attorneys for Marcus Hutchins*