UNITED STATES OF AMERICA,

        Plaintiff,

        v.

Case No. 17-CR-124

MARCUS HUTCHINS,

        Defendant.

# UNITED STATES' RESPONSE TO DEFENDANT'S RENEWED MOTION TO COMPEL

The United States of America, by its attorneys, Matthew D. Krueger, United States Attorney for the Eastern District of Wisconsin, and Assistant U.S. Attorneys Michael Chmelar and Benjamin Proctor, files this response to defendant Marcus Hutchins's renewed motion to compel the government to provide him with the identity of a government informant. Doc. #73. As discussed below, Hutchins's (renewed) arguments are meritless and his motion should be denied.

## I. Introduction

On July 11, 2017, a grand jury in the Eastern District of Wisconsin returned an indictment charging Hutchins with one count of conspiracy to violate federal law, three counts of distributing and advertising an electronic communication interception device, one count of endeavoring to intercept electronic communications, and one count of aiding and abetting an attempt to access a computer without authorization. Doc. #6. Subsequently the government provided

discovery to Hutchins per its obligations under Federal Rule of Criminal Procedure 16, Criminal Local Rule 16(a), and other applicable law.

Some of the discovery related to a confidential source of information ("CS-1"). That discovery included the following: (1) A redacted proffer letter between the government and CS-1; (2) undercover chats between a government cooperator and CS-1 regarding the sale of stolen credit card numbers; (3) chats between CS-1 and Hutchins regarding Hutchins's involvement in creating the Kronos banking Trojan, among other criminal conduct; and (4) a redacted FBI 302 report memorializing a FBI interview of CS-1 regarding Hutchins and others. Doc. #45.

On January 5, 2018, Hutchins filed a motion to compel discovery. Doc. #44. In the motion to compel, Hutchins asked the Court to, among other things, order the government to provide Hutchins with CS-1's true identity. Doc. #44, p. 10. In response, the government described the role of CS-1, asserted that CS-1's identity was subject to the informant's privilege, asserted that CS-1's role was more like that of a "tipster" than a "transactional witness," and that in any event, Hutchins's had not shown that CS-1's identity is relevant and helpful to his defense under the circumstances. Doc. #45 at 7-10. But, the government agreed that if it determined that CS-1 would be a testifying witness, it would disclose CS-1's identity in accordance with Judge Stadtmueller's anticipated trial scheduling order. Doc. #45 at 10-11.

After receiving the parties' written submissions on the issue of CS-1's identity, the Court held a hearing and heard extensive argument from the parties

on the matter. Doc. #50. At the close of that hearing, the Court granted in part and denied in part Hutchins's motion to compel, determining that the government must disclose CS-1's identity to Hutchins no later than 30 days prior to trial. Doc. #50.

On May 4, 2018, Hutchins filed a renewed motion to compel the disclosure of CS-1's identity. Doc. #73. In this renewed motion to compel, Hutchins requests that the Court vacate its prior order and require the government to disclose CS-1's identity immediately. But Hutchins's renewed motion is simply a rehash of the arguments he presented in his original motion to compel combined with misrepresentations of government prior statements concerning CS-1 and discovery. Because Hutchins does not present any new information in his renewed motion to compel, there is no reason for the Court to alter its prior order concerning the disclosure of CS-1's identity.

## II. Argument

In support of his renewed motion to compel, Hutchins inaccurately argues that the government recently "confirmed" in its response to Hutchins's motion to dismiss based on alleged improper extraterritorial applicable of the law and venue (Doc. #57)[1] that CS-1 "is a much more central figure in this case" as Hutchins has "asserted all along and the government has previously denied." Doc. #73, p. 1. To support this argument, Hutchins notes that the government asserted in one of its

---

[1] On March 30, 2018, Hutchins filed several motions, Docs. #54-58, including a motion to dismiss the indictment based on alleged "improper extraterritorial application of law and venue." Doc. #57. The government responded to each of these motions. Docs. #59, 63-67. An evidentiary hearing on Hutchins's motion to suppress evidence, Doc. #55, was rescheduled at Hutchins's request, Docs. #61, 68.

motion responses that Hutchins had compiled a malware binary and "personally delivered [it] to an individual in the State of California" (CS-1). Doc. #66, pp. 5 and 7. The government also pointed out in its response that Hutchins knew that CS-1 was in the United States at that time. *Id.* at 7. But these are not "new" facts, and they do not in any way alter the government position regarding CS-1's role in the case or the Court's analysis regarding disclosure of CS-1's identity.

      First, the government addressed the relevant facts prior to the Court issuing its ruling on Hutchins's original motion to compel. For instance, in the government's response to Hutchins's original motion to compel, the government advised the Court that "Hutchins sent a copy of the Kronos malware to CS-1 in 2015, but CS-1 was not acting as an agent for the government at that time." Doc. #45, p. 10. Also, during the hearing on February 22, 2018, while arguing against the need to disclose CS-1's identity to Hutchins, the government stated, "We do note that he did have – on an occasion he [CS-1] received the Kronos malware from Mr. Hutchins, but that was before he [CS-1] was acting as a government source. And we produced the malware that was received [by CS-1] to the defense as well." Doc. # 53, p. 29-30. Thus, all of this was hashed out by the parties prior to the Court issuing its order regarding disclosure of CS-1's identity.

      Importantly, the information Hutchins claims is newly revealed information was part of discovery disclosed to Hutchins well before he filed his original motion to compel. For example, as part of discovery, the government turned over Hutchins's post-arrest statements to the FBI as well as recorded jail calls Hutchins made

following his arrest. During his post-arrest statement and in the recorded jail call Hutchins admitted that he compiled and sent a malware binary to someone. During one of the recorded jail calls, Hutchins stated, "They [the FBI] questioned me. They have some chat logs of me with some other guy. I don't know how they got them, but, they have some chat logs . . . the chat logs are completely undeniable." Later on during the call, Hutchins stated, "So, I wrote code for a guy a while back who incorporated it into a banking malware, so they have logs of that . . . and there were also some [chat] logs [showing] that I gave the compiled binary to someone . . . ." The other person on the call then asked, "You gave a complied binary to somebody on that chat log?" Hutchins responded, "To repay a debt, yeah." And during the post-arrest interview with the FBI, Hutchins reviewed the same chat logs and admitted that the chat logs showed that he complied and sent a malware binary to the other person on the chat: CS-1.

A quick review of the "undeniable" chat logs between CS-1 and Hutchins, which were also disclosed in discovery, reveals that Hutchins knew CS-1 lived in California when Hutchins delivered the compiled binary to CS-1. During the chats, CS-1 and Hutchins discuss Hutchins visiting CS-1 in California and they discuss the idea of Hutchins moving to California to work as a malware developer for CS-1 and another individual.

With this in mind, Hutchins's attempt to spin the government's response to his motion to dismiss based on venue "as conced[ing] the facts necessary for the Court to find—conclusively so—that [CS-1] is a transactional witness" is baseless.

The government has not "conceded" anything new about CS-1's role in this case. The government's statements regarding CS-1's role in the offense, CS-1's status as an informant subject to the informant's privilege, and whether CS-1 may be a testifying witness, all remain the same as when the Court originally ruled on the issue. Moreover, as described in the government's response to Hutchins's motion to dismiss based on venue, Hutchins is subject to prosecution in the United States and the Eastern District of Wisconsin because Hutchins and his co-conspirator committed multiple overt acts in the United States and in this district. Doc. #66, p. 7. Those acts were not limited to sending malware to CS-1. Doc. #66, p. 7.

### III. Conclusion

The disclosure that Hutchins delivered malware to CS-1 was known to government, the defense, and most importantly to this Court at the time the Court ordered the government to disclose the identity of CS-1 to Hutchins 30 days prior to the commencement of trial. Doc. # 50. Nothing in the government's response to Hutchins's motion to dismiss based on venue was "new" or inconsistent with its response to Hutchins's motion to compel disclosure of CS-1's identity. Hutchins's argument to the contrary is based on a misstatement of the record. Because Hutchins's renewed motion to compel presents nothing new for this Court to consider, that motion must be denied.

          Respectfully submitted,

          MATTHEW D. KRUEGER
          United States Attorney

By:   *s/Michael J. Chmelar*
      MICHAEL J. CHMELAR
      BENJAMIN W. PROCTOR
      Assistant United States Attorneys
      Benjamin Proctor Bar No.: IL 6277248
      Office of the United States Attorney
      Eastern District of Wisconsin
      517 E. Wisconsin Ave. Suite 530
      Milwaukee, Wisconsin 53202
      Tel: (414) 297-1700
      Email: michael.chmelar@usdoj.gov
      Email: benjamin.proctor@usdoj.gov