UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

MARCUS HUTCHINS,

        Defendant.

Case No. 17-CR-124
_____

**DEFENDANT MARCUS HUTCHINS'**
**REPLY IN SUPPORT OF**
**RENEWED MOTION TO COMPEL DISCOVERY**
_____

The government's opposition to defendant Marcus Hutchins' renewed motion to compel discovery misses the point.

In its opposition, the government does not dispute, nor can it, that it recently cited "Randy's" presence in the United States as a basis for prosecuting Mr. Hutchins in this country in its response to Mr. Hutchins' motion to dismiss for improper extraterritorial application of the law and venue. (*See* Gov't Resp. to Mot. to Dismiss at 5 & 7 (Dkt. No. 66).) This is the new fact that forms the basis for Mr. Hutchins' renewed motion to compel, and it further strengthens the defense's prior position that the informant's privilege is not applicable to "Randy."

The government attempts to sidestep this issue by discussing the limited discovery it has provided about "Randy," as if that resolves the issue. It does not. The defense has the right to investigate the government's claim that "Randy" was in California as a basis for the government's assertion of jurisdiction over Mr. Hutchins. Not only is this an issue before the Court in the pending motion to dismiss, but the government will bear the burden of establishing jurisdiction at trial.

The defense should not have to rely on the limited discovery the government has produced to date. Rather, the government should be ordered to produce all discovery tied to "Randy" so the defense can fully investigate and challenge the government's claims. As it stands, the government is withholding relevant discovery. For example, the government has produced a heavily redacted copy of the memorandum of interview of "Randy." As another example, the government may have obtained documents from "Randy," whether consensually or through a search warrant, that speak to the issue of where he was when he allegedly communicated with Mr. Hutchins. Lastly, of course, the government still refuses to disclose even "Randy's" true identity.

Waiting until 30 days before trial to disclose only "Randy's" identity, as the government is currently required, will substantially prejudice Mr. Hutchins given "Randy's" new and heightened importance. Accordingly, the Court

2

should order the government to immediately disclose "Randy's" true identity and all discovery related to him.

DATED:  May 23, 2018                    Respectfully submitted,

   /s/ Brian E. Klein
BRIAN E. KLEIN
Baker Marquart LLP
2029 Century Park E – Suite 1600
Los Angeles, CA  90067
Email: bklein@bakermarquart.com
Telephone: (424) 652-7800

   /s/ Daniel W. Stiller
DANIEL W. STILLER
DStillerLLC
Box 511130
Milwaukee, WI 53203
Email: dan@dstillerllc.com
Telephone: (414) 207-3190

   /s/ Marcia Hofmann
MARCIA HOFMANN
Zeitgeist Law PC
25 Taylor Street
San Francisco, CA 94102
Email: marcia@zeitgeist.law
Telephone: (415) 830-6664

*Attorneys for Marcus Hutchins*

3