UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                Case No. 17-CR-124

MARCUS HUTCHINS,

    Defendant.

## PROPOSED BRIEFING SCHEDULE

The United States of America, by its attorneys, Matthew D. Krueger, United States Attorney for the Eastern District of Wisconsin, and Assistant U.S. Attorneys Michael Chmelar and Benjamin Proctor, and defendant Marcus Hutchins by his attorneys Brian Klein, Marcia Hofmann, and Daniel Stiller file this status of pending motions and proposed briefing schedule to address the newly charged allegations in the first superseding indictment.

**A. Government's Summary of Changes**

The Court asked the parties to identify the differences between the allegations in the original indictment and the first superseding indictment; and identify how the pending motions before the Court might be affected by those changes. The government provides the following summary:

In the first superseding indictment, Counts Three, Eight, Nine, and Ten are newly alleged counts that were not part of the original indictment. Count One in

the original indictment alleged a single-object conspiracy in violation of 18 U.S.C. § 371. Count One in the first superseding indictment alleges a multi-object conspiracy (the original object and two new objects), in violation of 18 U.S.C. § 371. As a result, Count One alleges additional overt acts and relevant terms not alleged in the original indictment. Additionally, some of the counts alleged in the original indictment were re-alleged in the first superseding indictment, but they be labeled as a different count. The table below shows the relationship between counts in the original indictment and superseding indictment:

| Original Indictment | Superseding Indictment |
|---|---|
| Count One | Count One (revised to multi-objective conspiracy) |
| Count Two | Count Two |
|  | Count Three (new) |
| Count Three | Count Four |
| Count Four | Count Five |
| Count Five | Count Six |
| Count Six | Count Seven |
|  | Count Eight (new) |
|  | Count Nine (new) |
|  | Count Ten (New) |

### B. Motion to Suppress, Doc. #55

The parties agree that the first superseding indictment does not affect the defendant's pending motion to suppress his post-arrest statement. Doc. #55.

### C. Bill of Particulars, Doc. #54

<u>Government's Position</u>

The first superseding indictment does not affect the defendant's pending motion for a bill of particulars (Doc. #54) as it applies to the object of Count One in original indictment (paragraph 2(a)) in the first superseding indictment) and Count Six (now Count Seven), but the defendant may file another motion for a bill of particulars concerning the new allegations in Counts One, Three, Eight, Nine, and Ten.

<u>Defense Position</u>

Count One of the first superseding indictment alleges a number of new facts; however, it does not fix the problem raised by this motion, nor does the first superseding indictment fix the problem with the former Count Six, which is now Count Seven. The defense intends update this motion (striking the previous motion), since new facts are alleged in Count One and the defense wishes to discuss them, and include in the updated motion a request that the government particularize the alleged false statement of Count Nine. An updated motion discussing everything in one place should also help minimize confusion and will permit the Court to review and consider only one defense motion seeking particulars, not two. The defense is also considering additional requests for particulars related to the new counts, which it would include in any updated motion.

## D. Motion to Dismiss (Failure to State Offense), Doc. #56

<u>Government's Position</u>

The defendant's motion to dismiss, Doc. #56, included three separate arguments:

1. Counts One and Six "fail to allege any facts that would show Mr. Hutchins had any intent to cause 'damage' to a protected computer" (Doc. #56, p. 1);
2. Counts Two through Five do not allege violations of the wiretap act because software is not covered by the statute; and
3. "Counts One, Five[,] and Six should be dismissed . . . [because] the indictment does not allege the necessary intent and causation to state those offenses." Doc. #56, p. 9.

With regard to the defendant's first argument, the revised Count One includes new allegations of fact that may affect this argument. Therefore the defendant may file a revised motion addressing the new allegations in Count One. There were no substantive changes to Count Six (now Seven).

With regard to the defendant's second argument, there were no substantive changes to Counts Two, Three (now Four), Four (now Five), and Five (now Six). Therefore, the current motion is not impacted, except as to the renumbering of counts.

With regard to the defendant's third argument, the current motion is impacted only as to the new allegations in Count One. Counts Five (now Six) and

Six (now Seven) remain substantively the same. Therefore, the defendant may revise his argument as it applies to the new allegations in Count One.

Defense Position

The first superseding indictment alleges a number of new facts that affect arguments in this motion. The defense intends to file a new motion to update its positions in light of these new factual allegations, as well as extend these arguments to at least some new counts. An updated motion addressing everything in one place should also help minimize confusion and will permit the Court to review and consider only one defense motion.

### E. Motion to Dismiss (Improper Extraterritorial Application and Venue, Doc. # 57

Government's Position

In the defendant's motion to dismiss, Doc. #57, the defendant argued that

1. Counts Two through Five should be dismissed because they are in improper extraterritorial application of 18 U.S.C. §§ 2511 and 2512;

2. the entire indictment should be dismissed because it "violates [Hutchins's] constitutional right to Due Process;" and

3. the indictment should be dismissed because venue in the Eastern District of Wisconsin is "improper." Doc. #57, pp. 1-2.

With regard to the first argument, there were no substantive changes to the counts, so the motion should be decided as currently briefed (with updated count numbers)

With regard to the second argument, to the extent that the factual allegations in Count One are part of the defendant's argument, the defendant may update that argument to account for new the new allegations. Otherwise, the defendant's argument is not impacted by the superseding indictment.

With regard to the third argument, the defendant has agreed to voluntarily withdraw his challenge to venue in the Eastern District of Wisconsin.

Defense Position

The first superseding indictment alleges a number of new facts that affect the motion to dismiss for improper extraterritorial application of law that implicate its discussion of all the counts. The defense intends to file a new motion to update Sections 1 and 2 of that motion in light of these new factual allegations, as well as extend these arguments to at least some new counts. An updated motion addressing everything in one place should also help minimize confusion and will permit the Court to review and consider only one defense motion.

In light of new allegations in the first superseding indictment, the defense withdraws its motion to dismiss for improper venue (Section 3).

**F. Motion to Dismiss (Grand Jury Defects), Doc. #58**

Government's Position

In the defendant's motion to dismiss, Doc. #58, the defendant argued that Counts Two and Six should be dismissed because they misstate the *mens rea* for each offense. The parties agree that this motion is now moot with respect to Count Two. The superseding indictment does not affect the defendant's motion to dismiss

with respect to Count Six, which is alleged as Count Seven in the first superseding indictment.

Defense Position

Count Two of the first superseding indictment replicates Count Two of the original indictment, fixing the complaint raised by the defense's motion. The defense therefore withdraws this portion of the motion.

As noted above, Count Seven of the first superseding indictment is the former Count Six. Count Seven has the same flaw asserted by this motion. The Court might, therefore, treat the existing motion as a challenge to Count Seven. Alternately, the defense can move to strike this motion and file a motion to dismiss Count Seven that raises the same argument made in connection with Count Six of the original indictment.

**G. Additional Motions**

Government's Position

Per the Court's order at the most recent hearing, the defense may bring new challenges against new allegations only; it may not raise new arguments that could have been raised earlier

Defense Position

The defense is considering motions that raise new issues related to the first superseding indictment, although it has not decided on which, if any, it might file.

### H. Proposed Briefing Schedule

The parties recommend the following briefing schedule for that purpose. The defendant's motionsare due by the end of the day on July 13, 2018. The government's responses, if any, are due by the end of the day on July 27, 2018. Replies filed by the defendant are due by the end of the day on August 3, 2018.

        Respectfully submitted,

        MATTHEW D. KRUEGER
        United States Attorney

By:   *s/Michael J. Chmelar*
        MICHAEL J. CHMELAR
        BENJAMIN W. PROCTOR
        Assistant United States Attorneys
        Michael Chmelar Bar No.: 6277248
        Office of the United States Attorney
        Eastern District of Wisconsin
        517 E. Wisconsin Ave. Suite 530
        Milwaukee, Wisconsin 53202
        Tel: (414) 297-1700
        Email: michael.chmelar@usdoj.gov
        Email: benjamin.proctor@usdoj.gov