UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

UNITED STATES OF AMERICA,

        Plaintiff,

                                 Case No. 17-CR-124

    v.

MARCUS HUTCHINS,

        Defendant.

_____

**DEFENDANT'S UPDATED MOTION FOR A BILL OF PARTICULARS WITH RESPECT TO COUNTS ONE, SEVEN, AND EIGHT [REPLACING DKT. NO. 54]**

_____

Defendant Marcus Hutchins asks this Court to order the government to furnish a bill of particulars with respect to Counts One, Seven, and Eight of the first superseding indictment, each of which alleges a violation of the Computer Fraud and Abuse Act.

The government should be required to particularize:

- The purported "damage" the government intends to offer into evidence at trial in connection with the alleged violations of 18 U.S.C. § 1030(a)(5)(A) (Counts One and Seven).

- The alleged "10 or more protected computers" to which Mr. Hutchins allegedly conspired, caused, and aided and abetting another to attempt to cause "damage" in violation of 18 U.S.C. § 1030(a)(5)(A) (Counts One and Seven).

- The purported "computer(s)" that Mr. Hutchins allegedly conspired and aided and abetted another to intentionally access without authorization in violation of 18 U.S.C. § 1030(a)(2)(C) (Counts One and Eight).

Knowing these facts is necessary for Mr. Hutchins to prepare for trial, to minimize surprise at trial, and to avoid double jeopardy issues. As such, the Court should grant this motion.

***

This updated motion for a bill of particulars replaces the one the defense filed on March 30, 2018, Dkt. No. 54. The government filed a response on April 14, 2018, Dkt. No. 64, and the defense filed a reply on April 30, 2018, Dkt. No. 69. Per the Court's June 22, 2018 order, those filings should be stricken and not considered. (Dkt. No. 91 at 2.)

## BACKGROUND

Count One alleges that Mr. Hutchins conspired to violate 18 U.S.C. § 1030(a)(5)(A) in connection with two types of malware, UPAS Kit and Kronos. Count Seven alleges that he violated the same statute, but just with respect to Kronos. Section 1030(a)(5)(A) prohibits:

> knowingly caus[ing] the transmission of a program, information, code, or command, and as a result of such conduct, intentionally caus[ing] *damage* without authorization, to a *protected computer*[.]

2

(Emphasis added.) Largely consistent with § 1030(e)(2)(B), the first superseding indictment defines a "protected computer" as "a computer in or affecting interstate or foreign commerce or communications, including a computer located outside of the United States that is used in a manner that affects interstate or foreign commerce or communications of the United States." (First Superseding Indictment ("FSI") ¶ 1(c).) The term "damage" is defined as "any impairment to the availability or integrity of data, a program, a system, or information." 18 U.S.C. § 1030(e)(8). The first superseding indictment alleges Mr. Hutchins conspired and attempted to "cause damage without authorization, to 10 or more protected computers." But it does *not* specifically allege what "damage" he intended to cause, nor to which "protected computers."

Counts One and Eight allege that Mr. Hutchins conspired and aided and abetted another to violate another provision of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(2)(C). This statute prohibits "intentionally access[ing] a computer without authorization. . . and thereby obtaining information from any protected computer[.]" According to the first superseding indictment, Mr. Hutchins conspired and aided and abetted another person to do just that; however and importantly, it is *not* specifically alleged what "computer" or "computers" he or the other person purportedly accessed.

3

## LEGAL STANDARD

Although an indictment need not provide all the details regarding the way the offense may be proven, *United States v. Richardson*, 130 F.3d 765, 776 (7th Cir. 1997), a defendant is entitled to obtain "the factual proof supporting the charges, if vital to his defense, by a motion for a bill of particulars." *United States v. Mosley*, 786 F.2d 1330, 1335 (7th Cir. 1986); *see also* Fed. R. Crim. P. 7(f).

The purpose of a bill of particulars is to (1) minimize surprise, (2) enable a defendant to obtain facts needed to prepare a defense, and (3) permit a claim of double jeopardy should a subsequent prosecution be premised upon the same offense conduct. *Wong Tai v. United States*, 273 U.S. 77, 80-82 (1927). A court has broad discretion to order one. In considering whether to do so, the question is whether the indictment, as pleaded, "sufficiently apprises [a] defendant of the charges to enable him to prepare for trial." *United States v. Camino*, 949 F.2d 928, 949 (7th Cir. 1991).

## DISCUSSION

The first superseding indictment does not properly apprise Mr. Hutchins of what alleged damage he purportedly caused, conspired to cause, and aided and abetted another to cause, nor to which protected computers. It also does not appropriately put him on notice of what alleged computers he purportedly conspired and aided and abetted another to intentionally access without

4

authorization. The way Counts One, Seven, and Eight are charged implicates each of the three concerns noted by the Supreme Court in *Wong Tai* as properly addressed by a bill of particulars.

No damage is specifically alleged in the first superseding indictment. Kronos is described as "a particular type of malware that recorded and exfiltrated user credentials and personal identifying information from protected computers," and that it "utilized a key logger, a form grabber, and web injects to intercept and collect personal information from a protected computer." (FSI ¶ 1(e).) UPAS Kit is similarly described as "allow[ing] for the unauthorized exfiltration of information from protected computers" by "us[ing] a form grabber and web injects to intercept and collect personal information from a protected computer." (*Id.* ¶ 1(f).)

In Mr. Hutchins' Motion to Dismiss the First Superseding Indictment (Failure to State Offenses and Multiplicity), filed concurrently with this motion, the defense argues that recording and exfiltrating information is not "damage" as defined in 18 U.S.C. § 1030(e)(8). If the claims in Counts One and Seven have some other basis, it is of the utmost importance for the defense to know what it is promptly.

It is expected that the government will oppose particularization of the alleged "damage" on the grounds that revealing such information would be

5

premature expert disclosure. Not so. No different from an alleged arsonist needing to know what structure he allegedly damaged, asking what alleged "damage" was caused seeks only basic factual evidence, not an expert's opinion.

Further, if the government argues that Mr. Hutchins knows how damage was caused, that misses the point of particularization. The defense is not seeking to learn *how* UPAS Kit or Kronos might allegedly harm a computer. Rather, it wants to learn *what* was allegedly the "damage," actual or intended, as it exists as an element of the offenses charged.

Turning now to the other two requests for particularization, the first superseding indictment does not identify the 10 or more protected computers to which Mr. Hutchins is accused of causing, conspiring and aiding and abetting another to cause damage. Nor does it identify the computers that Mr. Hutchins purportedly conspired and aided and abetted another to access without authorization. The government should be required to identify these computers so that the defense can investigate these claims.

Minimizing surprise is the first of the purposes served by a bill of particulars as discussed in *Wong Tai*. The government should be required to identify these factual details about its charged offenses so that the Mr. Hutchins can fully understand the basis of the alleged legal violations. To learn the basic

6

premise underlying these counts for the first time at trial will be a substantial unfair surprise.

Mr. Hutchins also needs this particularization so he can prepare for trial—the second of the *Wong Tai* concerns. The first superseding indictment's absolute lack of specificity as to what damage he allegedly intended to cause to particular computers and which computers were accessed leaves Mr. Hutchins incapable of knowing in advance of trial what case the government intends to present. Among other things, these omissions make it unnecessarily and inappropriately difficult to prepare for cross-examinations. And without particularization, the government's theory of prosecution can remain a moving target such that the indictment's vagueness also compromises Mr. Hutchins' ability to gather and present specific evidence in his defense, should he choose to do so.

Finally, the lack of specificity in Counts One, Seven, and Eight is particularly problematic with respect to the double jeopardy concerns noted in *Wong Tai*. If those counts were as specific as required, the conviction or acquittal of Mr. Hutchins would speak for itself in terms of the government's ability to later prosecute that same conduct against him. *See* U.S. Const. amend. V; *see also McCloud v. Deppisch*, 409 F.3d 869, 873 (7th Cir. 2005) (double jeopardy protects against multiple prosecutions for the same offense). Since, for example, Counts One and Seven shed no light on the damage Mr. Hutchins allegedly intended to

7

cause, nor the computers he allegedly intended to damage, these counts cannot preclude subsequent prosecutions that should actually be barred by the Fifth Amendment.

## CONCLUSION

For all the reasons above, the Court should grant the requested bill of particulars.

DATED: July 13, 2018      Respectfully submitted,

*/s/ Brian E. Klein*
BRIAN E. KLEIN
Baker Marquart LLP
2029 Century Park E – Suite 1600
Los Angeles, CA 90067
Email: bklein@bakermarquart.com
Telephone: (424) 652-7800

*/s/ Daniel W. Stiller*
DANIEL W. STILLER
DStillerLLC
Box 511130
Milwaukee, WI 53203
Email: dan@dstillerllc.com
Telephone: (414) 207-3190

*/s/ Marcia Hofmann*
MARCIA HOFMANN
Zeitgeist Law PC
25 Taylor Street
San Francisco, CA 94102
Email: marcia@zeitgeist.law
Telephone: (415) 830-6664

*Attorneys for Marcus Hutchins*

8