UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

MARCUS HUTCHINS,

        Defendant.

Case No. 17-CR-124
_____

**DEFENDANT'S RENEWED MOTION TO COMPEL DISCOVERY**
**[REPLACING DKT. NO. 73]**
_____

Defendant Marcus Hutchins renews his request for the immediate disclosure of the actual identity of the government cooperator known pseudonymously as "Randy"—now "Individual B" in the first superseding indictment—and all discovery materials related to "Randy's" involvement in this case. The original indictment made no mention of "Randy." But the new indictment includes a number of specific allegations concerning that individual, who is now referred to as "Individual B" in Count One and is an uncharged co-conspirator.

There can now be no doubt "Randy" is a central figure in this case: any fair reading of the indictment supports the conclusion that he's an alleged (but

uncharged) co-conspirator. Yet the government still conceals his identity and refuses to provide the requested materials. Given his centrality to this prosecution, the Court should order the government to immediately make the requested disclosures.

\*\*\*

This renewed motion to compel replaces the one the defense filed on May 4, 2018, Dkt. No. 73. The government filed a response on May 15, 2018, Dkt. No. 78, and the defense filed a reply on May 23, 2018, Dkt. No. 83. Per the Court's June 22, 2018 order, those filings should be stricken and not considered. (Dkt. No. 91 at 2.)

## BACKGROUND

Within a broader motion to compel discovery filed earlier this year, Mr. Hutchins asked the Court to order the government to disclose the identity of "Randy" and produce withheld discovery regarding that alleged co-conspirator. (Mot. to Compel at 10-13 (Dkt. No. 44).) The relevant landscape looks like this:

- On January 5, 2018, Mr. Hutchins filed his motion to compel. (*Id.*)

- Opposing the relevant portion of Mr. Hutchins' motion, the government invoked the informant's privilege as a defense to disclosure. (Gov't Response at 8-10 (Dkt. No. 45).) "Randy" is a "mere tipster," the government argued. (*Id.* at 10.) And the government assured the Court that it would agree to disclose

2

- "Randy's" identity if and when it (unilaterally) makes a final decision that "Randy" will testify at trial. (*Id.*) Only then, the government proposed, would it make the relevant disclosures in connection with Judge Stadtmueller's final pretrial reporting process, a week or two ahead of trial. (*Id.* at 10-11.)

- Mr. Hutchins replied with all the reasons why the informant's privilege is inapplicable to "Randy," adding that an expansive application of the *Roviaro* informant's privilege would permit the government's ownership-by-concealment of fact witnesses in violation of a defendant's constitutional right to prepare a defense. (Reply at 7-9 (Dkt. No. 46).)

- In its ruling, the Court split the baby, so to speak. It described "Randy" as: "[N]ot exactly a tipster. Not exactly a transactional witness. But perhaps closer to a transactional witness[.]" (2/22/18 Tr. at 31.) On that basis, the Court ordered disclosure 30 days before trial. (Hearing Minutes (Dkt. No. 50).)

- On May 4, 2018, the defense filed a renewed motion to compel because the government's response to Mr. Hutchins' motion to dismiss for improper extraterritorial application of the law and venue the government offered "Randy" as a basis for Mr. Hutchins' prosecution in this country. (Gov't Resp. at 5 & 7 (Dkt. No. 66).)

- Before the Court could rule on the renewed motion to compel, on June 5, 2018, the grand jury returned a first superseding indictment, which incorporates specific allegations regarding "Randy" into Count One, which charges a conspiracy. The previous indictment contained no allegations concerning "Randy."

3

# ARGUMENT

Mr. Hutchins renews his motion to compel discovery concerning "Randy" because the allegations concerning "Randy" in Count One confirm that he is a transactional witness the government will call at trial. Specifically, the first superseding indictment alleges in paragraphs 4(i) and (j):

> In or around February 2015, defendant Marcus Hutchins and Individual A, updated Kronos. On February 9, 2015, in a chat with Individual B, Hutchins described the update. Individual B asked, '[D]id you guys just happen to make a (sic) update?' Hutchins responded, '[W]e made a few fixes to both the panel and bot.' Individual B replied, 'ah okay yeah read something that vinny posted was curious on what it was exactly.'

> In or around February 2015, defendant Marcus Hutchins distributed Kronos to Individual B, who was located in the State of California. At that time, Hutchins knew Individual B was involved in the various cyber-based criminal enterprises including the unauthorized access of point-of-sale systems and the unauthorized access of ATMs.

The inclusion of allegations concerning interactions between Mr. Hutchins and "Randy" supplements (and strengthens) Mr. Hutchins' earlier claim for immediate disclosure of discovery related to "Randy" because he is more relevant than ever to Mr. Hutchins' defense.[1]

The government has thus far characterized "Randy" as a mere tipster whose role in this case is so insignificant that the government might not even

---

[1] The "Individual B" referenced in the first superseding indictment is "Randy." This is clear from the record: the government's response to Mr. Hutchins' motion to compel explained that Mr. Hutchins sent a copy of the Kronos malware to "Randy." (Gov't Resp. at 10 (Dkt. No. 45).)

4

have to reveal "Randy's" true identity (or call him as a witness at trial). Now, though, the first superseding indictment relies on Mr. Hutchins' alleged dealings—direct dealings—with "Randy" in Count One. In doing so, the government establishes that "Randy" will be a (necessary) testifying witness.[2]

The informant's privilege does not reach "Randy" because disclosure regarding that uncharged co-conspirator "is relevant and helpful" to Mr. Hutchins' defense and "essential to a fair determination of a cause." *United States v. McDowell*, 687 F.3d 904, 911 (7th Cir. 2012) (quoting *Roviaro v. United States*, 353 U.S. 53, 60-61 (1957)).

"Randy" is not anything close to a "mere tipster," as the government has claimed. A "mere tipster," according to the Seventh Circuit, is "someone whose only role was to provide the police with the relevant information that served as the foundation to [, for instance,] obtaining a search warrant." *Id.* Tipsters differ from what the Seventh Circuit terms "transactional witnesses," individuals "who participated in the crime charged . . . or witnessed the event in question." *Id.*

"Randy's" inclusion in the superseding indictment increasingly supports the conclusion that "Randy" is a transactional witness. "Randy's" role is that of one who, according to the government, acquired the relevant malware and upon

---

[2] While "Randy" eventually became a cooperating witness, it is the defense's understanding that "Randy" did so only some time after his alleged acquisition of Kronos from Mr. Hutchins. To the extent jurisdiction in this case depends on "Randy" having done so while in the United States, "Randy" appears to be the sole witness to that material fact.

5

whom the government rests, at least in part, its theory of criminal liability under Count One. "Randy's" significant role in this matter makes the informant's privilege inapplicable.

"Randy's" true identity and open-file discovery under Criminal Local Rule 16(a) regarding him are necessary for Mr. Hutchins' defense, including trial preparations. The defense has the right to investigate, among other things, the first superseding indictment's claims that "Randy" was located in California for what is understood to be a partial basis for the government's assertion of jurisdiction over Mr. Hutchins. To investigate that allegation, the defense is entitled to the discovery that purportedly supports it.

The defense also has a right to more generally investigate "Randy." Without knowing even "Randy's" name, this is essentially impossible. Further, the defense has a right to all other materials related to "Randy" in the government's possession, which could include items seized from or provided to the government by him. And waiting until 30 days before trial, as the status quo provides, substantially prejudices the defense in light of the witness' heightened importance given the first superseding indictment's allegations.

## CONCLUSION

Once the informant's privilege is deemed inapplicable, there's no basis for the government's deviation from what Criminal Local Rule 16(a) demands: open

6

file discovery of the uncharged co-conspirator "Randy," not the least of which is "Randy's" true identity. That discovery is past due and immediately owed. The Court should therefore order the government to disclose "Randy's" true identity and all discovery related to him.

DATED: July 13, 2018                    Respectfully submitted,

                                                           */s/ Brian E. Klein*
BRIAN E. KLEIN
Baker Marquart LLP
2029 Century Park E – Suite 1600
Los Angeles, CA  90067
Email: bklein@bakermarquart.com
Telephone: (424) 652-7800

                                                           */s/ Daniel W. Stiller*
DANIEL W. STILLER
DStillerLLC
Box 511130
Milwaukee, WI 53203
Email: dan@dstillerllc.com
Telephone: (414) 207-3190

                                                           */s/ Marcia Hofmann*
MARCIA HOFMANN
Zeitgeist Law PC
25 Taylor Street
San Francisco, CA 94102
Email: marcia@zeitgeist.law
Telephone: (415) 830-6664

*Attorneys for Marcus Hutchins*

7