UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                  Case No. 17-CR-124

MARCUS HUTCHINS,

        Defendant.

## UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO DISMISS COUNT SEVEN (DOC. #92)

The United States of America, by its attorneys, Matthew D. Krueger, United States Attorney for the Eastern District of Wisconsin, and Assistant U.S. Attorneys Michael Chmelar and Benjamin Proctor, files this response to defendant Marcus Hutchins's motion to dismiss Count Seven of the first superseding indictment. Doc. #92.

In his motion (Doc. # 92), Hutchins continues to argue that Count Seven should be dismissed because it misstates the *mens rea* for the alleged offense. *See also* Doc. #58. Hutchins calls this a "grand jury defect." For the reasons stated below, and as explained in our original response to the defendant's original motion to dismiss Count Seven, (Doc. # 67), this argument has no merit and the defendant's motion to dismiss Count Seven should be denied.[1]

---

[1] Hutchins demands that the count be dismissed "with prejudice." Doc. #92 at 1. Hutchins offers no support for such a sanction, even if his motion had some measure of merit (which it does not).

Under Federal Rules of Criminal Procedure 7(c), "[a] valid indictment must (i) state each element of the alleged offense, (ii) provide the defendant with information adequate for the preparation of his defense, and (iii) provide sufficient basis for a judgment that would bar any subsequent prosecution for the same offense." *United States v. Hausmann*, 345 F.3d 952, 955 (7th Cir. 2003) (citing Fed. R. Crim. P. 7(c)). Accordingly, "[t]he test for validity is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." *Id.* (quoting *United States v. Allender*, 62 F.3d 909, 914 (7th Cir. 1995)). Consequently, when determining the sufficiency of an indictment, courts "look at the contents of the subject indictment 'on a practical basis and in its entirety, rather than in a hypertechnical manner.'" *United States v. McLeczynsky*, 296 F.3d 634, 636 (7th Cir. 2002) (quoting *United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000)).

Similarly, "[when] determining whether an essential element of the crime has been omitted from the charge, courts will not insist that any particular word or phrase be used. The element may be alleged in any form which substantially states it." *United States v. Franklin*, 547 F.3d 726, 730-31 (7th Cir. 2008) (quoting *United States v. Weatherspoon*, 581 F.2d 595, 600 (7th Cir. 1978). In other words, "[i]t is not necessary to spell out each element, but each element must be present in context." *United States v. Smith*, 223 F.3d 554, 571 (7th Cir. 2000) (citing *United States v. Olson*, 846 F.2d 1103, 1115–16 (7th Cir. 1988)).

As to Count Seven of the first superseding indictment, Hutchins complains that the count "fails to allege an essential element of the offense" because it "is pleaded without

reference to the intentional causing of damages." Doc. #92 at 5. This is the same argument that Hutchins made in first motion to dismiss Count Seven (then Count Six). Doc. #58. Hutchins's argument, however, wholly ignores the fact that he is charged with an *attempt* and aiding and abetting an *attempt* to violate section 1030(a)(5)(A). Doc. # 86. According to Seventh Circuit jury instructions, an attempt means to take a substantial step towards committing the offense, with the "*intent* to commit the offense." (emphasis added) Because Count Seven is charged as an attempt to violate section 1030, including the word "intentionally" before "attempted" (which Hutchins believes to be necessary) would be unnecessary and redundant. *See United States v. Rutherford*, 54 F.3d 370, 373 (7th Cir. 1995) (stating attempts are intentional acts; and under common law, "an attempt includes the specific intent to commit an unlawful act").

Because Count Seven states all the essential elements of an attempt to violate section 1030, and because Hutchins's alleged defect in the indictment misunderstands the nature of the charge, Hutchins's motion to dismiss Count Seven should be denied.

        Respectfully submitted,

        MATTHEW D. KRUEGER
        United States Attorney

By:   *s/Michael J. Chmelar*
       MICHAEL J. CHMELAR
       BENJAMIN W. PROCTOR
       Assistant United States Attorneys
       Michael Chmelar Bar No.: 6277248
       Office of the United States Attorney
       Eastern District of Wisconsin
       517 E. Wisconsin Ave. Suite 530
       Milwaukee, Wisconsin 53202
       Tel: (414) 297-1700

Page **3** of **4**
Case 2:17-cr-00124-JPS-NJ   Filed 07/27/18   Page 3 of 4   Document 97

Email: michael.chmelar@usdoj.gov
Email: benjamin.proctor@usdoj.gov