UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                        Case No. 17-CR-124

MARCUS HUTCHINS,

        Defendant.

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION
FOR A BILL OF PARTICULARS (DOC # 93)**

The United States of America, by its attorneys, Matthew D. Krueger, United States Attorney for the Eastern District of Wisconsin, and Assistant U.S. Attorneys Michael Chmelar and Benjamin Proctor, file this response to defendant Marcus Hutchins's motion for a bill of particulars. Doc. #93. As explained below, Hutchins's request amounts to a preview of how the government will prove its case at trial, which is not the intent of a bill of particulars. Because Hutchins is not entitled to a preview of the government's case at trial, and the government is following its open-file policy, his motion should be denied.

## I.    Standard of Review

Federal Rule of Criminal Procedure 7(f) authorizes the court to order the filing of a bill of particulars where the charges in the indictment are so general that they do not instruct a defendant of the specific act he is accused of committing. *United States v. Canino*, 949 F.3d 928, 949 (7th Cir. 1991). But a bill of particular

is not designed to provide the defendant with details of the government's witnesses, legal theories, or evidentiary detail. *See Wong Tai v. United States*, 273 U.S. 77, 82 (1927). And the government does not need to disclose the details of how it will prove its case. *United States v. Blanchard*, 542 F.3d 113, 1140 (7th Cir. 2008).

The test for determining whether a bill of particulars should be granted is similar to the test for determining the general sufficiency of the indictment, namely, "whether the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial." *United States v. Fassnacht*, 332 F.3d 440, 446 (7th Cir. 2003) (quoting *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981)); *Canino*, 949 F.2d at 949. An indictment that includes each of the elements of the offense charged, the time and place of the accused's conduct which constituted a violation, and a citation to the statute or statutes violated is sufficient to pass this test. *Kendall*, 665 F.2d at 134.

In addition, when a defendant can obtain information necessary for his defense through "some other satisfactory form," a bill of particulars is not required. *Canino*, 949 F.2d at 949. Courts have generally held that the government's "open-file policy" is "an adequate satisfactory form" that makes a bill of particulars unnecessary. *Id.*; *United States v. Musgrave*, 845 F. Supp. 2d 932, 942-943 (E.D. Wis. 2011) (adopting recommendation of Joseph, M.J., that denied the defendant's request for bill of particulars where defendant had "ample access to the factual information necessary to prepare his defense" in part because "the government is

Page **2** of **7**

Case 2:17-cr-00124-JPS-NJ   Filed 07/27/18   Page 2 of 7   Document 98

is not designed to provide the defendant with details of the government's witnesses, legal theories, or evidentiary detail. *See Wong Tai v. United States*, 273 U.S. 77, 82 (1927). And the government does not need to disclose the details of how it will prove its case. *United States v. Blanchard*, 542 F.3d 113, 1140 (7th Cir. 2008).

The test for determining whether a bill of particulars should be granted is similar to the test for determining the general sufficiency of the indictment, namely, "whether the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial." *United States v. Fassnacht*, 332 F.3d 440, 446 (7th Cir. 2003) (quoting *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981)); *Canino*, 949 F.2d at 949. An indictment that includes each of the elements of the offense charged, the time and place of the accused's conduct which constituted a violation, and a citation to the statute or statutes violated is sufficient to pass this test. *Kendall*, 665 F.2d at 134.

In addition, when a defendant can obtain information necessary for his defense through "some other satisfactory form," a bill of particulars is not required. *Canino*, 949 F.2d at 949. Courts have generally held that the government's "open-file policy" is "an adequate satisfactory form" that makes a bill of particulars unnecessary. *Id.*; *United States v. Musgrave*, 845 F. Supp. 2d 932, 942-943 (E.D. Wis. 2011) (adopting recommendation of Joseph, M.J., that denied the defendant's request for bill of particulars where defendant had "ample access to the factual information necessary to prepare his defense" in part because "the government is

complying with its open file policy and has provided the defendant with pretrial discovery" (citing *Fassnacht*, 332 F.3d at 447 n.2 and *Canino*, 949 F.3d at 949)).

## II. Analysis

In his motion, Hutchins asks the Court to order the government to furnish a bill of particulars with respect to Counts One, Seven, and Eight of the first superseding indictment. Doc. #93. More specifically, Hutchins asks the Court to order the government to particularize (1) "[t]he purported 'damage' the government intends to offer into evidence at trial" in connection with Counts One and Seven; (2) "the '10 or more protected computers' to which Mr. Hutchins allegedly conspired, caused, and aided and abetted another to attempt to cause damage" in connection to referenced in Counts One and Seven; and (3) "'the computer(s)' that Mr. Hutchins allegedly conspired and aided and abetted another to intentionally access without authorization" in connection with Counts One and Eight. *Id.* at 1-2.

Hutchins's entire request for a bill of particular should be denied because the first superseding indictment includes each of the elements of the offenses charged, the date and place of the conduct that constitutes the violations, and the citation to the applicable statutes. *Kendall*, 665 F.2d at 134. Therefore, the superseding indictment sets forth the elements of the offense charged and sufficiently apprises Hutchins of the charges to enable him to prepare for trial. *Fassnacht*, 332 F.3d at 446; *Kendall*, 665 F.2d at 134; *Canino*, 949 F.2d at 949. As a result, Hutchins's request for a bill of particulars should be denied because the superseding

indictment passes the general sufficiency of the indictment test used to determine if a bill of particulars is warranted. *Id.*

Additionally, when the government is following its open-file policy, courts have routinely denied requests for a bill of particulars because the "open-file policy" is "an adequate satisfactory form" of information retrieval for the defense. *See Canino*, 949 F.2d at 949; *Musgrave*, 845 F. Supp. 2d at 942-43. The government is following the open-file policy in this matter, which moots Hutchins's request for a bill of particulars. *See Id.*

In seeking a bill of particulars, Hutchins simply wants the government to provided details of how it intends to prove its case. This is made clear by Hutchins's explicit request that the court order the government to identify the proof of "damage the government intends to offer into evidence at trial." Doc. #93 at 1. Such a request is beyond the scope of a bill of particulars, *see Wong Tai,* 273 U.S. at 82, and it is in direct conflict with Seventh Circuit precedent that states that the government does not need "to reveal the details of how it plans to prove its case." *United States v. Glecier*, 923 F.2d 496, 502 (7th Cir. 1991) (affirming district court's denial of defendant's motion for bill of particulars noting that the government is not required "to reveal the details of how it plans to prove its case.") (citing *Kendall*, 665 F.2d at 135)); *United States v. Johnson*, 504 F.2d 622, 628 (7th Cir. 1974) (stating that "[i]t is well settled that a bill of particulars cannot be used to obtain a list of the government's witnesses or evidentiary detail." (internal citations omitted)); *Blanchard*, 542 F.3d at 1140.

Hutchins attempts to salvage his request by claiming that "no damage is specifically alleged in the first superseding indictment." Doc. #93 at 5. This is false. Both Counts One and Seven allege Hutchins acted with the intent to cause "damage." *See* Doc. #86. The superseding indictment further defines the term malware as "computer code intended to damage a computer . . . [it] deletes, creates, and modifies files on a computer . . . ." Doc. # 86 at ¶2(d). While Hutchins may disagree about what constitutes "damage" under the statute, (*see* Doc. #93 at 5), whether certain malware does or could damage a computer is a question of fact for the jury upon receiving evidence presented at trial, including expert testimony.

Relatedly, to the extent this information will be covered in expert disclosures, the parties are required to make expert disclosure no later than 15 days before the commencement of trial under the Local Rules. The government intends to comply with the Local Rules concerning the timing of expert disclosures. To the extent his is asking the Court to order expert disclosures be made contrary to the schedule described in the local rules, that request must be denied.

Finally, Hutchins is asking for proof of something the government does not need to prove. Hutchins misunderstands the nature of the charges in Count One, Seven, and Eight, and the government's burden at trial. Count One alleges a conspiracy in violation of 18 U.S.C. § 371. Doc. #86. Conspiracy punishes an illegal agreement. *United States v. Read*, 658 F.2d 1225, 1240 (7th Cir. 1981) (describing liability for a conspiracy and mail fraud). And it is well established that under conspiracy law, the object of the conspiracy does not need to be achieved for liability

to attach. *United States v. Donner*, 497 F.2d 184, 190 (7th Cir. 1974). Therefore, the government only needs to prove Hutchins *conspired* to damage ten or more computers, not the ten specific computers he intended to damage or that they were damaged.

The same is true for Count Seven and Eight. Counts Seven and Eight charge an attempt and aiding and abetting an attempt to violate section 1030. Doc. # 86. An attempt is a substantial step towards completing the crime with the intent to complete the crime. *United States v. Sanchez*, 615 F.3d 836, 843-44 (7th Cir. 2010). As with Count One, the government does not have a burden to identify ten or more specific computers that were damaged in Count Seven or the specific computer he aided and abetted another to attempt to access without authorization in Count Eight.

Additionally, Hutchins's request for an order directing the government to identify the particular computers he conspired to damage or accessed without authorization should be denied because it is a request for an order directing the government to explain exactly how it intends to prove its case at trial. As discussed above, this type of information is beyond the scope of a bill of particulars. *See Blanchard*, 542 F.3d at 1140.

Because the first superseding indictment sets forth the elements of the offenses charged and sufficiently apprises Hutchins of the charges to enable him to prepare for trial, see *Fassnacht*, 332 F.3d at 446; *Kendall*, 665 F.2d at 134; *Canino*, 949 F.2d at 949, and because the government is following its open-file policy, Hutchins's motion for a bill of particulars should be denied.

Respectfully submitted,

MATTHEW D. KRUEGER
United States Attorney

By: *s/Michael J. Chmelar*
MICHAEL J. CHMELAR
BENJAMIN W. PROCTOR
Assistant United States Attorneys
Michael Chmelar Bar No.: 6277248
Office of the United States Attorney
Eastern District of Wisconsin
517 E. Wisconsin Ave. Suite 530
Milwaukee, Wisconsin 53202
Tel: (414) 297-1700
Email: michael.chmelar@usdoj.gov
Email: benjamin.proctor@usdoj.gov