UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

UNITED STATES OF AMERICA,

          Plaintiff,

                                        Case No. 17-CR-124

    v.

MARCUS HUTCHINS,

          Defendant.
_____

**DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO DISMISS COUNT SEVEN
(GRAND JURY DEFECTS) (DOC. NO. 92)**
_____

      Responding to defendant Marcus Hutchins' motion to dismiss Count Seven, the government sticks to its previously drawn guns in arguing that because attempts are inherently intentional, an indictment charging an attempted crime need not plead the *mens rea* necessary to proving the substantive offense. Contrary to the government's continued belief, Mr. Hutchins' does not contend, and never has contended, that the count's flaw is its failure to state "the word 'intentionally' before [the word] attempted." (Gov't Response at 2 (Doc. No 97).)) The argument here focuses on the placement—or, more accurately, omission—of the word "intentionally" elsewhere within Count Seven.

      The Count Seven error Mr. Hutchins asserts targets the manner in which the superseding indictment alleges the substantive crime—the violation of

§ 1030(a)(5)(A)—he supposedly attempted and aided and abetted another to attempt. To attempt a crime, a person must intend that crime's occurrence and take a substantial step towards its commission. *United States v. Barnes*, 230 F.3d 311, 314 (7th Cir. 2000). A crime, of course, is defined by its statutory elements, and so an attempt to commit a crime necessarily requires an intent to carry out acts that satisfy each element of the relevant crime. *United States v. Morris*, 827 F.3d 696, 699 (7th Cir. 2016) (Hamilton, J., concurring). If a substantive crime has *x, y,* and *z* as its elements, then an attempt to commit that crime "*necessarily* includes an attempt" to complete elements *x, y,* and *z*. *Id.* (emphasis in original).

Similarly, a person can be liable for aiding and abetting only if he makes an affirmative act in furtherance of one element of an offense with the intent to facilitate the commission of the whole offense. *Rosemond v. United States*, 134 S. Ct. 1240, 1245, 1248-49 (2014). The requisite intent "must go to the *specific and entire* crime charged." *Id.* at 1248 (emphasis added).

With these principles in mind, Count Seven of the superseding indictment is not deficient for failing to allege attempt and aiding and abetting, themselves, as intentional. Instead, the count omits the mental state accompanying an element of the offense Mr. Hutchins allegedly attempted and aided and abetted another to attempt. The question is not one of *whether* Mr. Hutchins attempted something, intentionally or otherwise; it is *what* he allegedly attempted.

To violate § 1030(a)(5)(A), one must *intentionally* cause damage to a protected computer. By extension, attempting a violation of that statute requires the intent to

2

intentionally cause damage. *See Morris* at 699 (Hamilton, J., concurring). But that is not what Count Seven accuses Mr. Hutchins of doing.

Instead, it describes the offense Mr. Hutchins attempted—as a principal and as an aider-and-abettor—as "caus[ing] damage to . . . protected computers[.]" Missing is the mental state attached by statute to the causing of damage: *intentionally*. That omission—the failure to allege the mental state accompanying the substantive crime allegedly attempted—is a fatal defect. *See United States v. Wabaunsee*, 528 F.2d 1, 4 (7th Cir. 1975).

Moreover, the government's offer of *United States v. Rutherford*, 54 F.3d 370 (7th Cir. 1995), does not undermine Mr. Hutchins' position. (Gov't Response at 3.) *Rutherford* simply states the uncontroversial proposition that the "attempted use of force requires an intentional act." 54 F.3d at 373. It does not speak to the issue Mr. Hutchins raises: the permissibility of charging an attempt to commit an offense without pleading the mental state necessary to establish that offense.

As an inchoate offense, an attempt represents an incomplete crime. The relevant incompleteness, however, pertains only to the intended outcome: we fully intended to commit the crime (and took some substantial step in that direction), but some external circumstance prevented our intended outcome. *See United States v. Iribe*, 564 F.3d 1155, 1160 (9th Cir. 2009) (describing attempt as an inchoate crime that does "not require completion of the criminal objective"). The government's defense of Count Seven rests on a different theory of incompleteness, one where liability for attempt can rest on less than all of the substantive offense's elemental requirements.

3

For all these reasons, Count Seven should be dismissed with prejudice.


DATED:  August 3, 2018                    Respectfully submitted,

                                                     */s/ Brian E. Klein*
BRIAN E. KLEIN
Baker Marquart LLP
2029 Century Park E – Suite 1600
Los Angeles, CA  90067
Email: bklein@bakermarquart.com
Telephone: (424) 652-7800

                                                     */s/ Daniel W. Stiller*
DANIEL W. STILLER
DStillerLLC
Box 511130
Milwaukee, WI 53203
Email: dan@dstillerllc.com
Telephone: (414) 207-3190

                                                     */s/ Marcia Hofmann*
MARCIA HOFMANN
Zeitgeist Law PC
25 Taylor Street
San Francisco, CA 94102
Email: marcia@zeitgeist.law
Telephone: (415) 830-6664

*Attorneys for Marcus Hutchins*