UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                                    Case No. 17-CR-124

MARCUS HUTCHINS,

        Defendant.
_____

**DEFENDANT'S REPLY IN SUPPORT OF RENEWED MOTION
TO COMPEL DISCOVERY (DOC. NO. 94)**
_____

The government's failure to provide any additional discovery related to "Randy" now that he is included in the first superseding indictment is surprising and disappointing. The government should be required to disclose immediately "Randy's" actual identity (rather than 30 days before trial as it stands now) and all other materials related to him that are discoverable under Rule 16, the Constitution, and this District's open-file policy.

The government first argues that including "Randy" in the superseding indictment does not alter "the role [he] played in the investigation," which the government contends undermines the defense's renewed discovery request. (Gov't Response at 1 (Doc. No. 99).) But that argument misses the point entirely. The inclusion of "Randy" in the superseding indictment makes him a more

important figure than ever at Mr. Hutchins' pending trial, since "Randy" is now a prominent figure in the conspiracy allegations.

Moreover, the government's characterization of "Randy" as nothing more than a "customer and acquaintance" of Mr. Hutchins—not a co-conspirator—should be enforced at trial. (*See id.* at 4.) The government should not be able to dodge its discovery obligations by labeling a trial witness one way, then changing that artificial label at trial.

The government's argument that "Randy's" inclusion in the superseding indictment should not alter the Court's analysis because he is "no more a 'central figure' at this point of the case than he/she was when the Court issued its [original] order" (*id.* at 5), ignores reality. "Randy's" role in the superseding indictment makes it abundantly clear that he will surely testify at the upcoming trial, although the government is conspicuously silent on this point.

That is likely because in its opposition to the defense's original motion to compel, the government "agree[d] to disclose [Randy's] identify to the defense if it determines that [Randy] will be a testifying witness . . . at the time designated by U.S. District Court Judge Stadtmueller . . ." (Gov't Response at 10 (Doc. No. 45).) Thus, even the government, at least at one point is this case, recognized that when it determines a witness will testify at trial, its discovery obligations rachet up considerably.

2

The government goes on to devote several pages to discussing the discovery it has already provided about "Randy." But the discovery provided to date is very limited in scope, and it does not include such important items as "Randy's" actual identity.

In addition, the defense is not "pretending" what is in the superseding indictment is new information, as the government asserts. (*See* Gov't Response at 6 (Doc No. 99).) The renewed motion makes that clear. Rather, the defense's argument is premised on the indisputable fact that "Randy" is now a more central figure to this case as a result of new allegations in the superseding indictment. To say that those new allegations concerning "Randy" do not add "anything new about [his] role in this case" overlooks the fact that the government itself has explicitly made this individual an integral aspect of the allegations against Mr. Hutchins. (*See id.* at 7.)

Next, the government argues that even if "Randy" is now a transactional witness, which he clearly is, that does not require immediate disclosure of his actual identity. (*See id.*) First, this argument glosses over the fact that the defense is owed much more than just a name. There are other materials related to "Randy" that have not been produced or have been heavily redacted, like the proffer statements. Second, the defense has established the importance of knowing "Randy's" identity, despite the government's claims to the contrary.

3

(*See id.* at 7-8.) The defense needs time to investigate "Randy," who is described in the superseding indictment as "involved in various cyber-based criminal enterprises including the unauthorized access of point-of-sale systems and the unauthorized access of ATMs." (First Superseding Indictment ¶ 4(j) (Doc. No. 86).) The defense seeks to gather evidence to impeach "Randy" at trial. Knowing "Randy's" true identity, as well as the other discovery requested, is essential for such investigative work, which can be time consuming.

The government ends by claiming to fear reprisal against "Randy" based on two alleged tweets of Mr. Hutchins. (Gov't Response at 8-9.) That Mr. Hutchins may have generally complained about informants does not alter the reality that he and his alleged crimes do not implicate "snitches get stitches" sorts of concerns that, in other cases, might weigh in favor of concealing witness identities.

Furthermore, the government's claimed concern about reprisal is simply baseless speculation. The tweets only show Mr. Hutchins would not choose to cooperate with the government against his friends, which is a view many members of the public share. There are no threats of retaliation against "Randy." Throughout the bond and pre-trial release hearings in this District, the government also has not claimed Mr. Hutchins is a danger to the community

4

(they have only claimed he is a flight risk). Finally, to the extent there are any concerns (not that there should be), there is a protective order in this case.

For all the reasons discussed above and in the underlying renewed motion to compel, the Court should order the government to disclose immediately "Randy's" true identity and all discovery related to him

DATED: August 3, 2018                Respectfully submitted,

   */s/ Brian E. Klein*
BRIAN E. KLEIN
Baker Marquart LLP
2029 Century Park E – Suite 1600
Los Angeles, CA  90067
Email: bklein@bakermarquart.com
Telephone: (424) 652-7800

   */s/ Daniel W. Stiller*
DANIEL W. STILLER
DStillerLLC
Box 511130
Milwaukee, WI 53203
Email: dan@dstillerllc.com
Telephone: (414) 207-3190

   */s/ Marcia Hofmann*
MARCIA HOFMANN
Zeitgeist Law PC
25 Taylor Street
San Francisco, CA 94102
Email: marcia@zeitgeist.law
Telephone: (415) 830-6664

*Attorneys for Marcus Hutchins*

5