# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

                                Case No. 17-CR-124

    v.

MARCUS HUTCHINS,

        Defendant.

---

## DEFENDANT'S REPLY IN SUPPORT OF UPDATED MOTION FOR A BILL OF PARTICULARS WITH RESPECT TO COUNTS ONE, SEVEN, AND EIGHT (DOC NO. 93)

---

In seeking a bill of particulars with respect to Counts One, Seven, and Eight, defendant Marcus Hutchins is not seeking an inappropriate "preview of the government's case at trial," as the government claims. (*See* Gov't Response at 1 (Doc. 98).) Rather, the requested particulars are essential for Mr. Hutchins to prepare for trial, to minimize surprise at trial, and to avoid double jeopardy issues. *Wong Tai v. United States*, 273 U.S. 77, 80-82 (1927). As such, the Court should order the government to particularize: (1) the purported "damage" tied to the alleged violations of 18 U.S.C. § 1030(a)(5)(A) (Counts One and Seven); (2) the purported "10 or more protected computers" referenced in the alleged violations of 18 U.S.C. § 1030(a)(5)(A) (Counts One and Seven); and (3) the purported

"computer(s)" allegedly accessed without authorization in violation of 18 U.S.C. § 1030(a)(2)(C) (Counts One and Eight).

The granting of a bill of particulars rests within the discretion of the trial court. *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981). Relevant factors are: (1) the complexity of the charged offenses; (2) the clarity of the indictment; and (3) the degree of discovery available to a defendant without the particulars. *Id.* at 135; *United States v. Lavin*, 504 F. Supp. 1356, 1361 (N.D. Ill. 1981). Here, the charges are complex; the first superseding indictment lacks specificity about what the defense is requesting; and the discovery produced so far does not provide notice of or otherwise elucidate what is sought here.

The government claims that the superseding indictment is sufficient because it provides barebones information. (Gov't Response at 3). Not so. Courts regularly order bills of particulars, even when an indictment tracks the elements of the charged offenses, includes statutory citations, and provides the date and place of the alleged conduct. *See, e.g.*, *United States v. Urbina*, 2007 WL 2220205 *2-3 (E.D. Wis. July 31, 2007) (motions for bill of particulars granted in part). This is a complex case—and the superseding indictment has a number of meaningful holes that, left unfilled, jeopardize Mr. Hutchins' constitutional rights in violation of *Wong Tai*.

The government contends that what Mr. Hutchins really wants are details about how the government intends to prove its case. Again, not so. The defense is not asking for a road map of the government's trial strategy or how it will present evidence. The requested particulars—only three—are very targeted. The defense is simply seeking to be fully apprised of certain necessary details relating to a few of the offenses charged.

With regard to the request for particulars about the purported "damage" alleged in Counts One and Seven, the government responds that it has provided that information in the definition of malware in paragraph 1(d) of the superseding indictment, which states "[m]alware deletes, creates, and modifies files on a computer and allows unauthorized access to a protected computer." (*See* Gov't Response at 5.)[1] That allegation does not mention the word "damage," nor is it cross-referenced or otherwise noted later in the superseding indictment when the pertinent charges are laid out in, for example, paragraph 2(a). But now that the government has specified the purported "damage," the Court should hold it to that position, order the government to submit a bill of particulars on that point, and not permit the government to try to present evidence or argument at trial that exceeds the scope of that definition. *See United States v. Spaeni*, 60 F.3d 313, 315 (7th Cir. 1995) (the Fifth Amendment's presentment clause is a bar

---

[1] The government's brief cites to paragraph 2(d), but it is in fact 1(d).

3

to the government, at trial, changing an essential or material element of the offense, as the grand jury charged it).

The government goes on to argue that to the extent the defense requests are for expert disclosure, that would be premature. (Gov't Response at 5.) But the defense is not asking for early expert disclosure. Asking what alleged "damage" was purportedly caused seeks only basic factual evidence, not expert evidence.

Next, the government contends that because Count One is a conspiracy charge, the government does not need to prove the specific ten or more computers Mr. Hutchins allegedly conspired to damage. (Gov't Response at 6.) If the government does not intend to try to offer any such evidence (*i.e.,* which protected computers the supposed conspirators intended to damage) at trial, the Court should hold the government to that position and order that the government is not permitted to offer such evidence at trial unless it offers the particulars now. Permitting the government to spring that evidence on the defense at trial would hinder the defense's ability to prepare to counter that evidence.

If the government does intend to attempt to introduce such evidence at trial (as would seem to be the case), the Court should order the government to particularize those details now, as well as produce any related discovery. The

4

government will likely try to offer such evidence: to engage in a conspiracy to violate a particular statute, a conspirator "must intend to further an endeavor which, if completed, would satisfy all of the elements of a substantive criminal offense[.]" *Salinas v. United States*, 522 U.S. 52, 65 (1997).

The government makes a similar argument with regard to Counts Seven and Eight, which charge attempt and aiding and abetting, as a reason to deny the request to particularize the specific computers allegedly damaged and accessed without authorization. (Gov't Response at 6.) As with Count One above, the Court should hold the government to this position at trial. The fact that the government next argues that these requests improperly seek to learn how it intends to prove its case at trial may very well mean the government does, in fact, intend to identify specific computers at trial. If so, it should be ordered to particularize them now to avoid unfair surprise and enable the defense to prepare for trial.

Overall, the superseding indictment does not "sufficiently apprise" Mr. Hutchins of the charges "to enable him to prepare for trial." *United States v. Camino*, 949 F.2d 928, 949 (7th Cir. 1991). The three requested particulars are narrowly drawn and necessary for Mr. Hutchins to make such preparations, to minimize surprise at trial, and to avoid double jeopardy issues. *See Wong Tai,* 273 U.S. at 80-92. At present, Mr. Hutchins is missing this fundamental

information.  For all the reasons above and in the underlying motion, the Court

should grant the requested bill of particulars.

DATED:  August 3, 2018               Respectfully submitted,

                                     */s/ Brian E. Klein*
BRIAN E. KLEIN
Baker Marquart LLP
2029 Century Park E – Suite 1600
Los Angeles, CA  90067
Email: bklein@bakermarquart.com
Telephone: (424) 652-7800

                                     */s/ Daniel W. Stiller*
DANIEL W. STILLER
DStillerLLC
Box 511130
Milwaukee, WI 53203
Email: dan@dstillerllc.com
Telephone: (414) 207-3190

                                     */s/ Marcia Hofmann*
MARCIA HOFMANN
Zeitgeist Law PC
25 Taylor Street
San Francisco, CA 94102
Email: marcia@zeitgeist.law
Telephone: (415) 830-6664

*Attorneys for Marcus Hutchins*