# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARCUS HUTCHINS,

    Defendant.

Case No. 17-CR-124-2-JPS

**AMENDED TRIAL SCHEDULING ORDER**

On July 11, 2017, this case was filed with the Court and was assigned to this branch for further proceedings. A trial was originally scheduled for October 23, 2017 (Docket #13), but was adjourned after the case was designated complex in order to ensure adequate time for discovery. Following the parties' submission of proposed trial dates (Docket #119), the Court now issues this amended trial scheduling order.

**IT IS HEREBY ORDERED** as follows:

The following proceedings in this case have been set and will be held before the Honorable J.P. Stadtmueller in the United States Courthouse, 517 East Wisconsin Avenue, Room 425, Milwaukee, Wisconsin 53202:

**FINAL PRETRIAL**
**CONFERENCE:**   Tuesday, July 2, 2019 at 8:30 AM

**JURY TRIAL:**   Monday, July 8, 2019 at 8:30 AM

In accordance with 18 U.S.C. § 3161(h)(7)(A), the Court finds that, pursuant to the joint recommendation of counsel as to trial dates, along with Defendant's agreement to same for reasons including to ensure the availability of his chosen defense counsel, *see* (Docket #119), the ends of justice outweigh the best interest of the public and the defendant in a

speedy trial; the Court further finds that the time between the issuance of this Order and the July 8, 2019 trial date is excludable from any applicable calculation under the Speedy Trial Act.

Counsel for the defendant are directed to notify their client of the date and time of the above scheduled court proceedings. It is the responsibility of the assigned Assistant U.S. Attorney, in consultation with the defendant's attorneys, pretrial services, U.S. Marshals Service, state authorities, and/or the Bureau of Prisons, to ascertain the custodial status of the defendant and take all appropriate measures, including timely application for a writ of habeas corpus, to ensure the defendant's presence.

To ensure adequate preparation of the case for trial,

**IT IS FURTHER ORDERED** that counsel who will actually try the case for the government and the defendant **must meet and confer in person**, and thereafter prepare and file a single joint final pretrial report, the principal burden for the preparation and filing of which rests with counsel for the government. In preparing the final pretrial report, counsel for the parties are expected to be fully conversant with not only the relevant facts, but more importantly, the applicable Federal Rules of Criminal Procedure, the Criminal Local Rules, and the Federal Rules of Evidence.

Consistent with the facts and law applicable to the case, the final pretrial report must fully address each of the following:

1. A brief summary of the charge(s) against the defendant, bearing in mind that this summary will be read verbatim to potential jurors to inform them of the identity of the defendant and the nature of the charges.
2. The anticipated length of the trial.
3. Stipulations of fact between the parties.

4. The name(s), occupation, and city of residence of all potential witnesses who may be called by the prosecution and/or defendant. Absent extraordinary circumstances and good cause shown, any witness not disclosed in the final pretrial report will not be permitted to testify at trial.

5. A narrative statement detailing the educational background, qualifications, and experience of each expert witness expected to be called to testify. Consistent with the requirements found in Federal Rule of Criminal Procedure 16(a)(1)(G) and 16(b)(1)(C), together with relevant Seventh Circuit case authority, the report must also include a written summary of all expert testimony that, pursuant to Federal Rules of Evidence 702, 703 and 705, the government and/or the defendant intends to rely upon at trial.

6. A complete list of all exhibits the parties expect will be offered in evidence or otherwise referenced during the trial. Absent extraordinary circumstances and good cause shown, any exhibit not disclosed in the final pretrial report will not be permitted to be used during the trial.

7. Any area of inquiry that the parties would like the Court to consider in questioning potential jurors on *voir dire*.

8. Proposed jury instructions—generally limited to the elements of the offense(s) or other subjects unique to the facts and/or law applicable to the case.

9. A proposed "Special Verdict," should the underlying facts, including sentencing considerations, so require.

In preparing the final pretrial report, counsel for the parties should be mindful of each of the following considerations:

1. This branch of the Court utilizes a single sequential numbering system for all exhibits. Therefore, counsel for the parties must jointly prepare a single exhibit list. This exhibit list should be prepared using the "Exhibit and Witness List" form (AO-187) found on this District's website on the "All Forms" page. The government's exhibits should be listed first, in numerical order, followed immediately by the defendant's exhibits, in numerical order, and thereafter followed by a listing of the parties' witnesses. The completed form should be e-mailed to the Court's proposed order mailbox at the time the pretrial report is electronically filed.

2. In designating an exhibit for trial, the designating party must have a good-faith basis to believe the exhibit will actually be necessary for use at trial.

3. Save for essential physical exhibits, all evidence is to be presented in an electronic format. The parties should be mindful of this requirement during the discovery process. Upon request, the Court's information technology staff is available to provide a tutorial on interfacing with the Court's electronic presentation system. The only printed copies of exhibits that should be brought to the courtroom for trial are: (a) those created for the parties' own use at counsel's table, and (b) as appropriate and necessary, a single copy of each exhibit for the Court to provide to the jury to consult during their deliberations.

4. All exhibits must be marked, numbered, and disclosed, either in paper or electronic format, to opposing counsel prior to the final pretrial conference. Given that the parties must produce their exhibits to the Court in electronic format, the Court encourages the parties to utilize electronic transfer for their own exchange.

5. The parties' proposed jury instructions and the "Special Verdict" (if required), must be tailored to the facts and law applicable to the case, and edited and formatted as the parties would expect the instructions and verdict form to be read to the jury. *References to form book instructions by number, without more, is wholly unacceptable*. The parties' proposed jury instructions and verdict form should be contained in a single jointly drafted document. For any disputed instruction, the parties should provide the instruction at the top of the page and, on the same page, offer each party's arguments concerning the instruction and, if required, an offer of proof, using additional pages if necessary. The Court contemplates that this joint drafting process will be conducted by counsel in person so that their differences on the instructions and verdict form may be fully and candidly discussed. Joint drafting also ensures that the parties will present concise arguments based on the actual, not anticipated, positions of their opponents.

6. Absent exceptional circumstances, motions *in limine* must be filed on or before **Friday, June 21, 2019**. Each motion should consist of a single jointly drafted document signed by counsel for both parties. The motion should begin with a statement of the issue presented and

a brief non-argumentative statement of the relevant facts. The movant should then offer its arguments in favor of the motion, followed by the non-movant's responses thereto. As with the jury instructions and verdict form, the Court expects that the parties will confer in person prior to the filing of motions in limine and fully explore their respective positions, so that the motions themselves will focus only on the precise areas of disagreement.

7. All *Daubert* motions must be filed on or before **Wednesday, June 19, 2019**. Each motion should be accompanied by a brief supporting memorandum of law. Responses to any such motions must be filed within seven (7) days. No reply briefs are permitted. As with the motions *in limine*, the Court expects that the parties will confer in person prior to the filing of *Daubert* motions and fully explore their respective positions, so that the motions themselves will focus only on the precise areas of disagreement.

8. As officers of the court, counsel have an obligation to discuss the anticipated filing of trial-related motions directly with opposing counsel, as more often than not such matters are best resolved informally with open communications between counsel without the necessity of court intervention. The Court notes that to discuss requires actual conversation with suggestions for genuine compromise, as opposed to mere e-mail wars of words between opposing counsel. Therefore, when filed, all trial-related motions must include a separate certification[1] prepared by movant's counsel stating that, after personal consultation with counsel for the party opposed to the motion, and sincere attempts to resolve their differences, the parties are unable to reach an accord. The certification must also recite the dates and times of such conferences and the names of all participants. To be clear, the Court expects the parties to confer several times and document those conferences before raising a trial-related motion before the Court. The failure to comply with the letter or the spirit of this rule will be sufficient grounds to deny the motion.

---

[1] The certification that must be filed with a pretrial motion must be docketed as a separate docket entry and should not be hidden within a motion or a brief.

Page 5 of 7

Case 2:17-cr-00124-JPS   Filed 03/01/19   Page 5 of 7   Document 120

The final pretrial report must be electronically filed with the Court not later than **2:00 PM on Wednesday, June 26, 2019**. In addition, a hard copy of the report bearing the original inked signatures of counsel who will actually try the case must be delivered to the Court's chambers, along with three (3) USB thumb drives, each containing a complete, consolidated set of the parties' exhibits, including all documents and a photograph of each physical exhibit. The documents included on the thumb drives must be text-searchable. The signed pretrial report and thumb drives must be simultaneously delivered to the Court's chambers on **Wednesday, June 26, 2019**.

Should the defendant wish to resolve this case short of trial and remain eligible for acceptance of responsibility credit under applicable United States Sentencing Guidelines, while at the same time obviating the necessity of the parties preparing and filing a final pretrial report, counsel for the defendant must notify the Court of such intention, including the filing of a written plea agreement, not later than the close of business on **Monday, June 17, 2019**. Upon filing a plea agreement, counsel for the defendant remains obliged to contact the assigned Magistrate Judge to schedule a change of plea hearing which will be held no later than ten (10) days after the scheduled date and time of the Final Pretrial Conference.

Finally, the Court readily acknowledges and well appreciates the fact that in this branch preparation of the final pretrial report requires a substantial commitment of time and resources, and the parties ought not treat the Court's directives lightly for in the final analysis adequate preparation remains the hallmark of an effective advocate, and while every litigant is entitled to their day in court, they are not entitled to intrude upon someone else's day in court.

Dated at Milwaukee, Wisconsin, this 1st day of March, 2019.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge