UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

MARCUS HUTCHINS,

        Defendant.

Case No. 17-CR-124-JPS
_____

**DEFENDANT MARCUS HUTCHINS' REPLY
IN SUPPORT OF RENEWED MOTION TO SUPPRESS**
_____

The government's opposition to defendant Marcus Hutchins' renewed suppression motion is unpersuasive for a variety of reasons.

At the outset, the government attempts to recast the renewed motion as one for reconsideration, then argues that the motion can be denied "summarily" because it fails to establish grounds for reconsideration. (Opp. at 1-2 (Dkt. No. 122.) But Mr. Hutchins is not seeking reconsideration. As the Court noted in its order denying the suppression motion, the defense did not raise the issue it now

raises with the Court, *i.e.,* the FBI agents' violation of Federal Rule of Criminal Procedure 4(c)(3)(A).¹ (Order at 16-17 n.4 (Dkt. No. 117).)

Further, the Court did not rule on this issue. Instead, the Court explicitly stated it was not considering the issue. (*Id.*) Despite arguing to the contrary in the body of its opposition, the government concedes as much in footnote 2, when it acknowledges "the issue was not previously briefed by the parties." The government's attempt to recast Mr. Hutchins' renewed motion as a request for reconsideration should be disregarded. Moreover, even if the Court were to evaluate the renewed motion as a motion to reconsider, the Court can reconsider any previous order, as the government concedes. (*See* Opp. 1.) The Court should do so here based on the importance of the previously un-raised issue.

The government next contends that since "the Court already considered the essence of [Mr.] Hutchins' revised argument" and rejected it, the Court should not entertain the renewed motion. (*Id.* at 2-3.) But the Court did not previously decide this issue, and it bears full consideration for the reasons set forth in the renewed motion.

---

¹ The reference to Rule 4 rather than Rule 9 is not "a bit off the mark," as the government claims in a footnote. (*See* Opp. at 2 n.1.) Rule 9(c)(1)(A) explicitly states that a "warrant must be executed or the summons served as provided in Rule 4(c)(1), (2), and (3)."

2

Next, the government argues that "whether Mr. Hutchins knew the precise facts underlying the investigation before agreeing to waive his rights is immaterial" to consideration of his Fifth Amendment waiver. (*Id.* at 3-4.) That, however, is not the defense's argument. Rather, it is that the agents' *improper delay* in showing Mr. Hutchins the arrest warrant compromised his exercise of his privilege against self-incrimination. That difference is important for all the reasons enumerated in the renewed motion.

The government then contends that Mr. Hutchins failed to "meet the minimum criteria necessary to move forward on his deception claim." (*Id.* at 4.) Not true. As his first order of business upon agreeing to speak with the agents, Mr. Hutchins wanted to know why he was being interrogated. The answer to that question, although it was not given at that time, was that a warrant for his arrest had issued upon an indictment returned in the Eastern District of Wisconsin that charged him with a variety of Kronos-related offenses.

At the moment Mr. Hutchins asked why he was being interrogated (again, at the very outset of his interrogation), presentation of the arrest warrant—which the agents had in their possession—was due and owed to Mr. Hutchins under Rule 4(c)(3)(A), as this Court's order denying Mr. Hutchins' suppression motion acknowledges. (Order at 16-17 n.4.) Compliance with that rule would have answered Mr. Hutchins' question by informing him why he was being

3

questioned, a matter fundamental and relevant to making an informed decision about whether to continue answering questions. But it was not until approximately 80 minutes into the interrogation that the agents answered Mr. Hutchins' critical initial question by complying in untimely fashion with the pertinent portion of Rule 4(c).

The government turns a blind eye towards this abuse of Mr. Hutchins' Fifth Amendment privilege, and also fails to give Mr. Hutchins the benefit of the doubt as required by *Brewer v. Williams*, 430 U.S. 387, 404 (1977). Specifically, Mr. Hutchins agreed to talk with agents to find out what was happening, Rule 4(c)(A)(3) demanded that he be given that answer promptly, and the agents unreasonably withheld that information for the extended period of time during which the majority of custodial interrogation occurred.

Lastly, the government claims that a violation of Rule 4(c)(3)(A) cannot be a ground for suppression. (Opp. at 6-9.) But this misses the defense's point, and also overlooks the Court's supervisory power over the admissibility of evidence. *Cf. United States v. Cortina*, 630 F.2d 1207, 1214 (7th Cir. 1980) (a district court can exercise its supervisory power to exclude evidence taken from a defendant by government agents who willfully disobey the law.) The defense's point is that the agents' failure to comply with Rule 4(c)(A)(3) demonstrates their deceptive

4

intent regarding Mr. Hutchins' Fifth Amendment privilege.  That is indisputably grounds for suppression.

For all the reasons above and in the underlying renewed motion, the Court should grant Mr. Hutchins' renewed motion to suppress.

DATED:  March 27, 2019                     Respectfully submitted,

  */s/ Brian E. Klein*
BRIAN E. KLEIN
Baker Marquart LLP
777 S. Figueroa Street, Suite 2850
Los Angeles, CA  90017
Email: bklein@bakermarquart.com
Telephone: (424) 652-7800

  */s/ Marcia Hofmann*
MARCIA HOFMANN
Zeitgeist Law PC
25 Taylor Street
San Francisco, CA 94102
Email: marcia@zeitgeist.law
Telephone: (415) 830-6664

  */s/ Daniel W. Stiller*
DANIEL W. STILLER
DStillerLLC
Box 511130
Milwaukee, WI 53203
Email: dan@dstillerllc.com
Telephone: (414) 207-3190

*Attorneys for Marcus Hutchins*